FILED

APR 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
100 Mich. Ave. N.E.  Suite A-11
Washington DC 20017
202/986-2264

(Plaintiff)

vs.

Horning Brothers Management
1350 Conn. Ave.  Suite 800
Washington D.C. 20036

The Cloisters
100 Mich. Ave. N.E.  Suite A-21
Washington D.C. 20017

Ms. Veda S. Brinkley
Assistant Property Manager,
Horning Brothers Management
1350 Conn. Ave. Suite 800

Ms. Connie Fletcher
Manager, The Cloisters
100 Mich. Ave. N.E.  Suite A-21

(Defendants)

Case: 1:07-cv-00757
Assigned To : Walton, Reggie B.
Assign. Date : 04/26/2007
Description: DESCRIPTION:CIVIL RIGHT-NON EMPLOY.

Filing Date: _____,2007

*DISABILITY DISCRIMINATION FILING*
*FAIR HOUSING VIOLATION*

( *THE CLOISTERS* )

REASONABLE ACCOMMODATIONS
UNDER THE FAIR HOUSING ACT

~ CIVIL RIGHTS ACT of 1968 ~

COMPLAINT

**COMES NOW THE PLAINTIFF**, Henry W. Geter II a 58 year old Black-American male renting an apartment unit at the complex - The Cloisters, and the Residential Management of the firm known as Horning Brothers. On March 28th 2003 a Lease Agreement was agreed to by Double H Housing Corporation ( Agent for the Owner of the real estate described) as party of the first part (**Landlord**)

RECEIVED

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pg 1

and Mr. Henry W. Geter II party of the second part (**Tenant**). In WITNESSETH to this lease both parties acknowledge that the Tenant hereby takes from Landlord the premises at 100 Michigan avenue NE known as Apartment No. A-11, in Washington DC 20017, to be occupied as a private dwelling for 1 persons and not otherwise for a term of 12 months, commencing for the same on the 1st day of April, 2003 and ending the 31st day of March, 2004 for a total minimum rental of $ 15,900.00 payable by check or money order, as specified by Landlord, payable in equal monthly installments of $ 1,325.00, in advance, without deduction, set off, or demand, <u>on the first day of each month</u> during said term, at the office of the Resident Manager.

After several months following his tenancy Mr. Geter became Disable. Due to his battle with diabetes

resulting in the amputation of both limbs (feet). In light of this physical impairment (disability) the tenant received a " Notice of Award " filing from the Social Security Administration ~ <u>acknowledging</u>

<u>the entitlement to monthly disability benefits beginning ...November 2003 and that these payments will be received on or about the second Wednesday of each month</u>. In receivership of this document the Tenant provided a copy of this material to the Management of The Cloisters - Ms. Connie Fletcher, on October 26th 2003, <u>asking that the monthly payment date governing his Lease Agreement, be adjusted to reflect the comments of the filing received from the Government, with the reassignment of the rent to $890.00.</u> *Now comes the 'Notice to Cure ~ Late Payments'. Here! The Defendants conduct was a substantial factor in bringing about the claims; the alleged violation ~ establish the liability raised, which was foreseeable upon the law.*

### JURISDICTION AND VENUE

1. That the court has jurisdiction over the parties and the subject matter of this action, pursuant to

28 U.S.C. Section's 1331, 1343, and 2201.

2. That venue is proper in this court the United States District Court for the District of Columbia, as the conduct out of which this action arose occurred in this district. 28 U.S.C. Section 1391 (a), (b), and (c).

3. That all claims for relief set forth in this complaint arise from a common nucleus of operative facts,

are brought pursuant to the Fourteenth amendment to the constitution of the United States, 42 U.S.C. Section's 1983, 1985 and 1986, and the Fair Housing Act ... 42 U.S.C. 3601 et seq.

4. That this action constitutes a single case which should be heard in a single judicial proceeding.

### NATURE OF THE CASE

5. On October 16th, 2007, the Tenant received a ***NOTICE TO CURE VIOLATION OR VACATE***,

stating: In accordance with the District of Columbia Rental Housing Act of 1985, D.C. Law 45 D.C. Section 2551(b) (1986) you are hereby given notice that you are violating the terms and conditions of your tenancy/lease in the following manner:

**By continually and habitually paying your rent late. According to your lease, the rent is due and payable on or before the first day of the rental period without notice or demand for the same.**

You are hereby given notice to cure this violation. Please be advised that this violation may be cured as follow:

**By paying the full amount of the rent due on or before the first day of the rental period commencing immediately after the expiration of this notice and every rental period thereafter. This notice will expire 30 days from the beginning of the next rental period after you received this notice. <u>This notice will expire on March 31, 2007.</u>**

You must either correct the violation as provided herein or vacate the premises on or before the day after this notice expires. If you fail to correct this violation or vacate the premises, Horning Brothers Management will initiate an action for possession in the landlord and Tenant Branch of the Superior court the District of Columbia. You will be required to pay rent and all outstanding charges during the period of your occupancy ...*see attachment A*.

6. That the Plaintiff is a disable citizen of the United States and resident of the District of Columbia.

7. This complaint lawsuit is seeking declaratory, injunctive, and monetary relief against the Owner, Horning Brothers Management and its Assistant Property Manager, The Cloisters and its Manager, for their engagement in depriving Plaintiff of his Federal Constitutional and Statutory Rights, and unreasonable and unwarranted restrains upon the personal liberties of the Fair Housing Act ... 42 U.S.C. 3601 (et. Seq.) due thereto his disability, given to their actions and inactions.

8. That the Defendant, Horning Brothers Management is a private entity with its principle offices located at 1350 Connecticut Avenue NW, Suite 800 Washington, DC 20036 in the District of Columbia, vesture in the Management of Leasing of Rental Properties throughout the Metro DC Community.

9. That the Defendant, The Cloisters is a apartment complex under the management holding's of

Horning Brothers located at 100 Michigan Avenue NE Washington DC 20017 in the District of Columbia, vesture renting of Apartment Units to the general public.

10. That the Defendants, Horning Brothers and The Cloisters have established, implemented, and/or enforced illegal and unconstitutional policies and practices that have caused the injuries of the named plaintiff, and in doing so, the individual defendants evinced deliberate indifference to plaintiff legal rights were discriminating [42 U.S.C. Section 3604(f)(3)(B); Section 504 Rehabilitation Act 1973].

11. That the individual defendants, Veda S. Brinkley hold Assistant Property Manager position within the Horning Brothers Entity, directly or indirectly supervises Ms. Connie Fletcher hold Manager position of The Cloisters. Among other things the supervisory and manager defendants have implemented an unconstitutional policy allowing its administrative activities and actions, to violate the Disability Rights of the Plaintiff in private housing as govern to the Fair Housing

Act. Their failure to bring about the govern due process owed the disability showed a lack of care.

12. That at all times relevant hereto, the individual defendants as Professional Administrative Managers acted willfully and wantonly and with deliberate indifference; and intentionally misrepresented the rights and interests due the Plaintiff, under their concurrent negligence.

13. That at all times relevant hereto, the individual defendants acted in accordance with an established policy, practice, custom, and/or procedure which violated the Plaintiff Constitutional

Rights. Upon information and belief, the defendants acts were constructive inactions, and not in accordance with Federal Statutes, which prohibited such actions to Housing Providers (Landlords).

14. That, in the alternative, and during the administration of the tenancy of the Plaintiff, Defendants actions were illegal, and prohibited in accordance with the Plaintiff "Disability

Rights

in Private and Public Housing". Where such actions were in 'Discrimination' of the Plaintiff Rights.

15. That the Defendants were negligence unto the color of Federal law, and being acted upon as mere subjective impressions, breaching the rights and duty owed to the Plaintiff.

16. That as a result of the Defendants inactions placed upon the law, the Plaintiff incurred attorney fees; humiliation; emotion injuries; pain and suffering; past, present and future economic and non-economic damages; and, loss of enjoyment of life.

17. That the injuries, damages and losses suffered by the Plaintiff were suffered in the past and will continue into the future.

## FIRST CLAIM FOR RELIEF
## (FAIR HOUSING ACT VIOLATION)

18. That the Plaintiff hereby incorporates by reference paragraphs 1 through 17 above as though fully

set forth herein.

19. That the Defendants inactions constitute a willful and knowing violation and depravation of a right secured by the Constitution of the United States in violation of 42 U.S.C., Section 1984, specifically, the right to equal protection of the laws.

20. The Plaintiff provided Defendants with a letter *TENANT OFFICIAL RESPONSE* held to his disability, requesting 'reasonable accommodations' addressing his Disability Rights in Housing.

Upon receiving this document Defendants continuously and without reason, impose their policies, rules and regulations, it being a conscious indifference to the given law (Fair Housing Act).

Reflected hereto, the Defendants conduct were a deliberate indifference not to address the request fully placed to the protection of the laws, governing people with disabilities thereto the Fair Housing Act. This violation of the Defendants, by federal law is given to 'Discrimination'.

21. That the acts of all Defendants in violation of the Fair Housing Act and Tenant Rights; borne upon his disability, Plaintiff is justified an award of reasonable fees under 42 U.S.C., Section 1988; and, the Plaintiff is entitled to recover against all Defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint.

## SECOND CLAIM FOR RELIEF
## (INTENTIONAL MISREPRESENTATION)

22. That the Plaintiff hereby incorporate by reference paragraphs 1 through 21 above as though fully set forth herein.

23. That the Defendants misrepresentation created an unreasonable risk and a severely disabling emotional response upon the Plaintiff with removal of the Equal Protection Law given to his cure request [his tenancy now 5 yrs], which is shown via the Plaintiff <u>'TENANT OFFICIAL RESPONSE'</u> filing with the Defendants on February 22nd, 2007, whom having an actual knowledge of its failings.

24. That the defendants have directly and proximately caused, by way of their intentional actions, they having an actual knowledge of its duty of care to the Plaintiff disability rights, breach that duty; the injuries, damage and losses set forth herein; and, the Plaintiff is entitled to recover against the Defendants for damages and losses proximately caused by their conduct as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF

## (NEGLIGENCE)

25. That the Plaintiff hereby incorporate by reference paragraphs 1 through 24 above as though fully set forth herein.

26. That the above referenced acts and omissions of the Defendants were negligent (culpable).

27. That the negligent acts and omissions were a direct and proximate cause of the injuries, damages and losses to the Plaintiff; and, the Plaintiff is entitled to recover against the Defendants for damages caused by their negligence as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF
## (DISCRIMINATION)

28. That the Plaintiff hereby incorporate by reference paragraphs 1 through 27 above as though fully set forth herein.

29. That the Defendants acts of omission to the Plaintiff Rights ... Disability Discrimination Act

1995, deprived his Federal Right's and violated the Tenant; by this inaction Plaintiff suffered great humiliation, injury to reputation, potential harm, and damages as a result of Defendants violation of the law; he being falsely provided with notices of '*Complaint for Possession of Real Property*' and further '*Notice To Cure Violation Of Tenancy Or Vacate*' ... where violations were not placed upon a '*Reasonable Accommodation*' to the disable [ **see attachments B and C** ].

30. That the Defendants have caused damages to the Plaintiff by their Discrimination [ *a complaint has been filed with the Department of Housing and Urban Development ~ HUD*]; and Plaintiff is entitled to recover against the Defendants for injuries, damages and losses proximately caused by

their inactions as set forth in this complaint.

### FIFTH CLAIM FOR RELIEF
### (EXEMPLARY DAMAGES)

31. That the Plaintiff hereby incorporates by reference paragraphs 1 through 30 above as though fully set forth herein.

32. That the aforementioned acts, potential harm, omissions, and violations of the Defendants were attended by a wanton and willful disregard for the rights, and the good faith due to the Plaintiff, thus entitling the Plaintiff to the recovery of exemplary damages.

*WHEREFORE*, the Plaintiff respectfully requests of this Court

(a) Enter an Order of Judgment Pursuant to Claims I through V, in Plaintiff favor against the Defendants for exemplary, compensatory, and punitive damages in the amount of *__Two Million Five Hundred Thousand ($ 2,500,000.00) Dollars,__* which will adequately punish the Defendants for their actions and omissions; that to be determined at trial, against the Defendants, jointly and severally.

(b) Enter an Order of Judgment in Plaintiffs favor and against the Defendants for Administrative Costs, Attorneys Fees as a result of their violation of the Plaintiff Civil Rights under 42 U.S.C., Section's 1983 and 1988, including costs of this lawsuit, expert witness fees, witness fees, deposition costs and such other expenses and cost/damages, and further relief as the court

may deem just and proper.

*THE PLAINTIFF REQUEST A TRAIL ON ALL ISSUES TO A JURY.*

Respectfully Submitted,

*[signature]*
Henry W. Geter II
Tenant

**100 Mich. Ave. N.E.   Suite A-11
Washington, DC 20017**

202 / 986-2264

Pg 10

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Henry W. Geter, II

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (NP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
Horning Brothers Management, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00757
Assigned To : Walton, Reggie B.
Assign. Date : 04/26/2007
Description: DESCRIPTION:CIVIL RIGHT-NON EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☒ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2.5 million   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE                SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.