IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
100 Mich. Ave. N.E.  Suite A-11
Washington DC  20017
202/986-2264

(Plaintiff)

vs.

Horning Brothers ~~et al~~
1350 Conn. Ave. N.W. Suite 800
Washington D.C. 20036

The Cloisters
100 Mich. Ave. N.E.  Suite A-21
Washington D.C.  20017

Ms. Veda S. Brinkley
Assistant Property Manager
Trinity Community LLP
1350 Conn. Ave. N.W. Suite 800

Ms. Connie Fletcher
Manager the Cloisters
100 Mich. Ave. N.E.  Suite A-21

(Defendants)

Case File No:  07-CV-0757   RBW

Filing Date June 5th, 2007

~ *DEFAULT* ~

*DISABILITY DISCRIMINATION FILING*
FAIR HOUSING VIOLATION

*(THE CLOISTERS)*

REASONABLE ACCOMMODATION
*UNDER THE FAIR HOUSING ACT*

~ CIVIL RIGHTS ACT of 1968 ~
AS AMENDED

MOTION FOR ENTRY OF DEFAULT
FINAL JUDGEMENT

Plaintiff moves for Entry of Default by the Clerk against Defendant(s)[1] who has failed to serve any paper(s) on the undesigned or to file any paper(s) required by law, and for entry of judgement in favor of the plaintiff. This motion is based on the facts the defendants has

Pg 1

---

[1]. 27 Fed Proc, L Ed ~ Section 62:189. Generally  ... interoffice confusion resulting from multi-office corporate enterprises and  intercorporate agreements does  not automatically excuse failure to meet the 20-day requirement of FRCP 12(a) for service of the answer. [ Robinson v. Bantam Books, Inc. 49 FRD 139, 14 FR Serv 2d 284]

been duly served with a summons and copy of the complaint in the above-entitled action ( via the U.S. Marshals Office ) and has failed to answer, move, appear, or otherwise please within the time set forth in the summons. That the request given hereto mentioned is not placed to one who is an infant or incompetent, and are not members of the military service.

## PRAYER

WHERE FORTH, plaintiff prays that this court enter a judgment of default against defendants, and that defendants be jointly and severally held to the exemplary damages ( relief ) sought by the plaintiff as set forth in the attached affidavit, and restrained from further violations to his tenancy of the apartment unit A-11 currently held by him at the Cloisters.

## AFFIDAVIT

I, Henry W Geter II, do hereby certify that the statements and allegations set forth in the foregoing motion and the accompany memorandum are true and accurate to the best of my knowledge and belief. That all facts plead thereto the complaint are herein incorporated.

Respectfully Submitted

Date this 5th day of June 2007

_____
Plaintiff

TO THE CLERK OF THE CIRCUIT COURT

## CERTIFICATE – By CLERK – ENTRY OF DEFAULT
### In District of Columbia [FRCP 55(a)]

**27 Fed. Proc, L Ed ~ Section 62:189. Generally**   Unless a different time is prescribed by federal statue, a defendant must serve an answer within 20 days after the service of the summons and complaint upon the defendant, etc.  Caution: The plaintiff should not fail to object to a late answer, since such failure may result in the waiver of the plaintiff's right under FRCP 12 to a timely answer. [2]

It appearing from the records in the above-entitled action that summons executed on May 12th & 14th, 2007 ~ issue by US Marshals , Complaint Constitutional and Statute Violations ~ 42 U.S.C. Section 1983, Civil Rights Act of 1968; as amended, and the Fair Housing Act has been regularly served upon each of the Defendants hereinafter named; and it appearing from the affidavit proffer from Plaintiff ( Pro Se ) and the records herein that each of said Defendants has failed to plead or otherwise defend in said action as required by said summons and provided by the Federal Rule of Civil Procedure.

Pg 2

---

[2]. De Vargas v. Brownell (1958, CA5 Tex) 251 F2d 869;  Boudreau v United States (1957), CA9 Cal)   250 F2d 209 ( it is the plaintiff's duty to expedite the case to its final determination, and if he or she allows delay in the filing of the answer he or she cannot complain of it ).

NOW, therefore, on request of this action by Plaintiff, the DEFAULT, as aforesaid, of each of the following Defendants[3] <u>Horning Brothers et al, The Cloisters ~ Trinity Community LLP (Owners), Veda S. Brinkley and Connie Fletcher</u>
in the above-entitled action is hereby entered.[4]

Dated : _____, 2007          Nancy Mayer Whittington, Clerk
                                        By: _____
                                              Deputy Clerk

FRCP  4  (Service) ~ Summons issued 05/11/2007
FRCP 12  (Time)  ~ Court fixed deadline 20 days

### CERTIFICATION OF SERVICE

I certify that a copy of this document [ (X) one <u>Only</u> ] has been ... (X) mailed,
( ) faxed and mailed, ( ) hand delivered to the person(s) aforementioned
on { date } _____, 2007. ... via first class mail.[5]

( ) Other party or his/her Attorney:         (X) No " <u>Entry Of Appearance</u> " Rec.
Name: _____
Address: _____
City, State, Zip: _____

_____
Fax Number: _____
Dated: _____, 2007

Respectfully Submitted.
_(signature)_
Mr. Henry W Geter II
Tenant/Plaintiff                                          June 5th, 2007
100 Mich. Ave. N.E. Suite A-11
Washington DC  20017
202/986-2264

                                Pg 3

Attachments ... Short Title / White Paper

---

[3]. Judgments ss166(NC14th) -- Multiple Defendants – Joint and Several Liability – Default Judgment against on defendant: **Final Judgment** on the merits may be made separately against one defendant who is in default where there are multiple defendants who are alleged to be jointly and severally liable.

[4]. E.D.N.Y. 2000. Once default judgment is entered, defendant is deemed to have admitted all of well-pleaded allegations in complaint pertaining to liability. Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc., 193 F.R.D. 87.

[5]. N.D. Cal. 1999 There is evidentiary presumption that **properly posted letter** has been received by addressee. – Irwin v. Mascott, 96 F.Supp.2d 968.

[6]. **Section 62:188 ~ The responsive pleading**   FRCP 7 (a), which is discussed elsewhere, provides for the following types of responsive pleadings: <u>an answer to a complaint</u>, etc.

| SHORT TITLE: | CASE NUMBER : |
|---|---|
| *U.C.C. - Article 2A - Leases* | *07-CV-0757 RBW* |

## Exemplary Damages Attachment               Page **H**

Attachment To:  **x** Complaint  _____ Cross-complaint

Ex -1. As additional damages Defendant's ( *see complaint filing's* )
    Plaintiff alleges Defendants was guilty of
    [ ] malice
    [ x ] **fraud**   e.g.  a Tort ~ civil wrongs, the breach of a duty owed under - Statutory[1] Law
    [ ] oppression
    **'a deception made for personal gain'**, and Plaintiff should recover, in addition
    to actual damages, damages to make an example of and to punish Defendants.

Ex - 2. The facts supporting Plaintiff's claim are as follows:
    **Horning Brothers** is a corporation and can act only through its officers or employees. As to plaintiff's claim for compensatory damages against the **Individual Defendant's**, any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant corporation.

    As to **Plaintiff's** claim for punitive damages against the **Defendant's,** a different rule applies. Punitive damages may be awarded against Defendant's only ... (1) If you find in favor of **Plaintiff(s)** and against the **Defendant's** under court **I - IV** of the complaint, and  (2) If you find that, as to the act(s) or omission(s) giving rise to liability under count **I -IV**, [ **Amended Complaint** ] [ one or (more) (all) of the following conditions (is) (are) proved;]

    a) [ the corporation, through its management, authorized the doing and the manner of the act or omission ][; or]
    b) [ the employee responsible for the act or omission was unfit, and the corporation was reckless in employing him or her] [; or]
    c) [ the act or omission was that of a managerial employee who was acting in the scope of his or her employment] [; or]
    d) [ the corporation, through its management or a managerial employee, ratified or approved the act or omission]. This instruction is based on the requirements of *Restatement (Second) of Torts, Section 909* and the *Restatement (Second) of Agency, Section 217C.*

    Hereto! the embodiment of the " Corporate Complicity [2] " concept is in placed.

Ex - 3. The *amount of Exemplary Damages* sought is
    a. [ **x** ]  shown, pursuant to code of civil procedure section 425.10; Rule 54(d1)

    b. [ **x** ]  *$ 1,750,000.00*     Plus... [ Actual Damages Not Shown ]

---

[1].Ariz. 2000. Administrative regulation may form the basis for a standard of conduct even where it does not so provide. Restatement (Second) of Torts Section 285. Lombardo v. Albu, 14 P.3d 288

[2]. Punitive damages may be awarded against a corporate defendant for acts of its agents and employees under the "corporate complicity rule", if the acts or omissions which proximately caused the injury were authorized or participated in by a superior officer of the defendant corporation. Kemner v. Monsanto Co., 217 Ill. App.3d 188, 160 Ill. Dec. 192, 576 N.E. 2d 1146 (Ill. App. 1991)

**DAMAGES / RELIEF ANALYSIS...**                                    **WHITE PAPER**
Prepared by: *San-Dykes Law Group* - Washington DC

### <u>*JURISDICTIONAL RELIEF FACTORS*</u> : ' Section 1983 ' w Statutory Risk

D   is the relief amount due ( held to the standing **statute violation** )

a   is the actual ... economic loss placed to the governing statute

r   is the disability values $\underline{c}$ost... 28%  ( Equity Debt Loss ~ ***Total Relief Ask*** )

S   Section 1983 violation of the law ... k = 1.14  ( Efficiency Value Rate )

t   treble action assess value is 3   ( <u>***statute risk***</u> [**s**] )

v   number of Statute violations ( acts)

C   **compensatory value**   $D = [a(r+S)]` \underline{s}t \; [\, \underline{s} \ldots \exp t; \; D`$ to the third power ]

P   **punitive value**[1]   $C + (.40 \times C) \times v$  [ probative value upon evidence 40% ]

<u>*Defining Factor*</u>: The party who breaches the duty owed another party will be required to make the victim as well ( more than whole ) as the violation has placed to the injury underlining the conduct seen. It has been argued that any economically expectations governing a party loss, is to be fully granted where such loss is a ~ factual liability action; where establish to a section 1983 action.

Where *S* is a fault efficiency value held to those damages *D* [ of Section 1983 ] for 'Breach of Duty' owed; *it too!* is given to the fraudulent action of a party negligence, housed to a Statute of Law. A period of time is placed to the court proceedings, which required adjustment of cost value ( adj. cost time ), due to any continual violations. [ *P* is not fixed...but is seen as a starting point, ask upon the Jury ].

The 'Rule of Economic Efficiently' is value to a loss, in term of cash value ( dollars ) *due to a series of relief ~ **r*** [ generally $\pm 4$ ], where the unaccepted delivery of profits upon the faulting party, had a beneficial growth of capital, while removing the usage of earn capital from another party without their knowledge; and a material facts that this *equity debt loss* is not restricted under Federal Law.

Under the economic efficiently rule, damages for 'Breach of Duty' owed is just, and the compensation given to the above analysis for the expected damages, <u>*must be value to facts.*</u>

**Fact Finder by Law:** must bring into review, the results of damages raised calculated upon the ***marginal values*** given to the facts, as opposed to others non-defining alternatives.

---

[1]. Ariz.App. Div. 1 1996. Court should not diminish probative value of evidence on sole ground that it is circumstantial. – State ex rel. Fox v. New Phenix Auto Auction, Ltd., 916 P.2d 492, 185 Ariz. 302.

Properly Posted Evidence _1_ of _5_



USA 41

Henry W Geter II
100 Mich. Ave. N.E.   Apt. A-11
Washington D.C.  20017

Connie Fletcher, Residental Manager
The CLOISTERS
100 Mich. Ave. N.E.   Apt. A-21
Washington D.C. 20017

OFFICIAL DOCUMENTATION:

Properly Posted Evidence _2_ of _5_



USA 41

Henry W Geter II
100 Mich. Ave. N.E.   Apt. A-11
Washington D.C. 20017

Veda S. Brinkley, Assistant Property Manager
HORNING BROTHERS
1350 Connecticut Ave. N.W.  Suite 800
Washington D.C. 20026

OFFICIAL DOCUMENTATION:

Properly Posted Evidence 3 of 5



USA 41

Henry W Geter II
100 Mich. Ave. N.E.  Apt. A-11
Washington D.C. 20017

Trinity Community LP
c/o The CLOISTERS
100 Mich. Ave. N.E. Apt. A-21
Washington D.C. 20017

**OFFICIAL DOCUMENTATION:**

Properly Posted Evidence __4__ of __5__



USA 41

Chad Hill
HORNING BROTHERS
1350 Connecticut Ave. N.W. Suite 800
Washington D.C. 20026

OFFICIAL DOCUMENTATION:

Henry W Geter II
100 Mich. Ave. N.E. Apt. A-11
Washington D.C. 20017