# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Henry W Geter II**
100 Mich. Ave. N.E.   Suite A-11
Washington DC  20017
202/986-2264

**(Plaintiff)**

**vs.**

**Horning Brothers**
1350 Conn. Ave.  N.W. Suite 800
Washington D.C. 20036

**The Cloisters**
100 Mich. Ave. N.E.   Suite A-21
Washington D.C.  20017

**Ms. Veda S. Brinkley**
Assistant Property Manager
Trinity Community LLP
1350 Conn. Ave.  N.W. Suite 800

**Ms. Connie Fletcher**
Manager the Cloisters
100 Mich. Ave. N.E.   Suite A-21

**(Defendants)**

**Case File No:  07-CV-0757    RBW**

**Filing  Date  June 11th 2007**

*OPPOSITION TO VACATE*

*DISABILITY DISCRIMINATION FILING*
**FAIR HOUSING VIOLATION**

*(THE CLOISTERS)*

**REASONABLE ACCOMMODATION**
*UNDER THE FAIR HOUSING ACT*

**~ CIVIL RIGHTS ACT of 1968 ~**
AS AMENDED

## MEMORANDUM OF LAW AS EVIDENTIARY PROFFER THERETO ANY DEFENSE MOTION TO VACATE DEFAULT JUDGMENT

This Memorandum analyzing the Default Judgment standing upon this case ONLY; providing a concern, based upon the facts and the law; as applies to *Procedural Rights* matters. _PLEADINGS AND MOTION_ ~ ss62:189. Generally   Unless a different time is prescribed by federal statute, a defendant must serve an answer within 20 days after the service of the summons and complaint upon the defendants, except when service of the summons is timely waived on request under FRCP 4(d).

RECEIVED

JUN 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**NOW COMES THE PLAINTIFF**,  Henry W. Geter II memorandum of the law, fully addressing

his rights in opposition to the '**Motion to Vacate Default Judgment**.' Establishing the fact before

this court, that the filed Complaint is held to federal law, and in particularly federal statutes,

in violations by the defendants. As such!  any and all elements of a defense against the complaint
must

be held to those governing cases and annotations ( federal laws) placed before the Courts.


Unto this matter the complaint is established upon the ***substantive rights*** of the Plaintiff, however
this

motion is contingent to the ***procedure rights*** due the plaintiff;  again here, the defendants have

further establish by their efforts ~ an inactions, which duly violate the management standings of the

Court and their administrative action to impose  the law (federal laws).  This administrative standing

is clearly recognize by they ( lawyers) to whom are legal representative of the legal system.


Unto the ***procedure   rights***, defendants are encourage to seek the legal advice of a lawyer,

whom  would  be  well  knowledge  upon  the  matters  holding  to  the  issues  raised  to  the

complaint filed before the Court.   This failure has no standing before the law[1].


As a Pro Se litigant I am too! bound before the Administrative guidelines[2] of this court.  The Court

have clearly held before all to present before their authority, that there is a compliance due, to which

**Pg 1**

---

[1]. Mo.App. - Houston W.D. 2000.  Persons  are conclusively  presumed  to  know  the  law. –  In re Estate
of Pittman, 16 S.W.3d 639, rehearing, transfer denied, and transfer denied.

[2]. Under Rule 8,  complaint must  allege sufficient  facts  to  fairly  apprise defendant of nature and basis
of asserted claim and relief request.  United States v  Wagner Milk Products, Inc.  (1945, DC Ill) 61 F. Supp 635.

shall be fully enforce. This compliance[3] is well establish within the records of many Courts. Should this court grant an Order to Vacate, **would establish an exemption upon the defendants** due to their failure to obtain legal assistance to address the issues governing the filed complaint.

The Court having no " Entry of Appearance" filed unto its records, therewith the clerk's office, establishes that the defendants ( individual ) have sought to bring representation before the Court as **Pro Se Defendants** - unto this choice, the court should not relax or disregard the rules of evidence, procedure protocol for the defendants, and that the defendants will be bound by and have to conduct himself / herself within the same rules as an attorney.

In conducting one's actively as an attorney, the **excusable neglect [4] rules** are well defined by law. Here the key issues before the Court is underlined and seeded to a **meritorious defense [5]**. This element is a grounds by which the Court holds great review. The Defendants have no legal standing to score this element. Where the defendants may claim of the time needed to address the complaint was insufficence, this Court review to the filed complaint, establishes that the substantive rights, upon which the defendants have violated, was brought to the defendant attention of February

**Pg 2**

---

[3]. E.D.N.Y. 1999. A plaintiff's pro se status does not exempt him from the complaince with relevant rules of procedure and substantive law or the burden of proving the facts on which his claim is based. – Jedrejcic v. Croatian Olympic committee, 190 F.R.D. 60.

[4]. S.D.N.Y 2000. Court determines whether default judgment should be set aside for excusable neglect by assessing: (1) whether defendant's default was willful; (2) whether defendant has a meritorious defense; and (3) level of prejudice that non-defaulting party may suffer as a result of default being set aside. Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A . – Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting, 139 F.R.D. 112.

[5]. Bkrtcy.D.S.C. 2000  To show a meritorious defense, for purposes of the rule governing relief from judgment or order, a "proffer of evidence " requires more than a mere claim of a defense; rather, it involves the assertion of facts or law by testimony or affidavit, on which the defense is based. Fed.Rules Bankr. Pro.Rule 9024, 11 U.S.C.A.; Fed.Rules Civ. Proc.Rule 60(b), 28 U.S.C.A . – In re Air South Airlines, Inc. 249 B.R. 112.

22nd, 2007, *see ATTACHMENT B... Material Evidence. Upon pg 3 it is stated... " That management by its fail action - etc. bears a legal suit, to <u>any formal legal recovery action.</u>* Thus for four (4) month, *management wilfully denied* by their actions or inactions to address the *substantive rights* of the Plaintiff, finally resulting in this lawsuit, and any further[6] actions that may follow via the request of a lawyer; whom having ___ *no appearance* ___ upon the court records. Unto the *substantive rights* hereto recognized therewith the complaint, Plaintiff can bring a *tort action* in **federal court** if a **violation** of a **federal law** has occurred. Further! the court has establish that the relief [7] ask for; held to all the statutes [8] mentioned, can be joint to a single[9] amount. Here the *substantive rights* are placed unto a single violation of Title 42 USCA section 1983; the primary rights of the: Civil Rights Act of 1968, as amended, and the Fair Housing Act.

**In summary!** *<u>Obligation's of Federal Law [ as held to **procedural rights** ]</u>* bring before the Court, that where the material facts of the complaint and its claims [ as held to substantive rights ] are grounded to a statutory violation of the law ( 42 : s 1983 ) by direct evidence ( case law and citation ), any advancement of non violation by defendants must be in response, to the

**Pg 3**

---

[6]. A court will not set aside a judgment because of negligence or mistake of the attorney. Fonseca v. Hadaligo County, 527 S.W. 2d 474, Ref. n.r.e.

[7]. When determining amount of damages in event of default judgment, district court may simply rely on the detailed affidavits or documentary evidence in evaluating proposed sum. Fed.Rules Civ. Proc.Rule 55(b)(2), 28 U.S.C.A. – Oy Saimaa Lines Logistics Ltd. V. Mozaica-New York, Inc. 193 F.R.D. 87

[8]. Plaintiff's damages asserted in different claims can be aggregated in calculating the jurisdictional amount. 28 USCA s 1334 Roscor Corp. V. Itelco USA, inc. , F.Supp.2d 883.

[9]. When plaintiffs allege that the defendant's single wrongful act invaded two different primary rights, they state two causes of action, and this so even thought the two invasions are pleaded in a single count of the complaint. – Scripps Clinic v. Superior Court, 134 Cal.Rptr.2d 101, 108 Cal.App.4th 917.

language placed upon the filed complaint. When defendants have failed to file within the **Records of the Court**, defensive arguments attached to relevant evidence upon the complaint and claims, court review must be shown to existing common law.

Pursuant to the **Records of the Court** the Summons and Complaint were served by U.S. Marshals on the defendants: The Cloisters and Ms. Connie Fletcher on May 12th, 2007, answer due on June 1st, 2007; Horning Brother Management and Ms. Veda S. Brinkley on May 14th, 2007; thus by the procedure actions of the defendants ~ answers due and not denied on Complaint are deemed admitted. Plaintiff will not consent to an **'Extension of Time,'** further! asking the court to eny any forthcoming **'Motion to Vacate'** action of the Defendants, to undermined the **procedural rights** management[10] due the Plaintiff filing.

That the full documentation's placed into the **Records of the Court** by the defendants, be recognized as *the fortress* of any and all controversies brought unto its review.

**Four (4) Months... Twenty (20) Days** is more than enough time to address the issues raised to the ***substantive rights*** of the Plaintiff. Here one's timely appearance[11] shall governed Default.

And Finally! The complaint set forth a prima facie case for relief.

**Respectfully Submitted**

Mr. Henry W Geter II
Tenant/**Plaintiff**
100 Mich. Ave. NE  Suite A-11
Washington DC  20017

June 11th, 2007

**Pg 4**

---

[10]. In general, a judge may take judicial notice of the contents of court records. In re J.M.C. 741 A. 2d 418.

[11]. Plaintiff was entitled to Default Judgement against civil defendants who did not make timely appearances. Hooker v. Dunster, 704 P. 2d 515.