IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
100 Mich. Ave. N.E.   Suite A-11
Washington DC  20017
202/986-2264

      (Plaintiff)

      vs.

Horning Brothers
1350 Conn. Ave. N.W. Suite 800
Washington D.C. 20036

The Cloisters
100 Mich. Ave. N.E.   Suite A-21
Washington D.C.  20017

Ms. Veda S. Brinkley
Assistant Property Manager
Trinity Community LLP
1350 Conn. Ave. N.W. Suite 800

Ms. Connie Fletcher
Manager the Cloisters
100 Mich. Ave. N.E.  Suite A-21

      (Defendants)

Case File No:   07-CV-0757   RBW

Filing Date June 27th 2007

*OPPOSITION TO DISMISS*

<u>DISABILITY DISCRIMINATION FILING</u>
FAIR HOUSING VIOLATION

*(THE CLOISTERS)*

REASONABLE ACCOMMODATION
*UNDER THE FAIR HOUSING ACT*

~ CIVIL RIGHTS ACT of 1968 ~
AS AMENDED

<u>MEMORANDUM OPPOSITION
THERETO DEFENDANT MOTION
FOR ENTRY DEFAULT</u>

<u>*PLEADINGS AND MOTION*</u> ~ ss62:189. Generally  Unless a different time is prescribed by federal statute, a defendant must serve an answer within 20 days after the service of the summons and complaint upon the defendants, except when service of the summons is timely waived on request under FRCP 4(d).

Noted: The clerk is authorized by Rule 4(a) to make service of the summons only in those actions commenced by a summon, i.e. actions described in 28 U.S.C. section 1581 (a) or (b)...

RECEIVED
JUN 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COME THE DEFENDANTS, filing of the " Opposition To Motion For Entry of Default " In The U.S. District Court for The District of Columbia.

**Defendants States:** 3. Apparently, the Plaintiff sent a request for waiver of service form to the various Defendants which notice did not contain the require upon action should be taken. The notices were apparently received, and the mail receipt signed, by unidentified third parties.

*Unto this statement by counsel [1] ... it is a false statement ~ for no " Waiver of Service " was ever submitted to any Defendants. And no 'consent statement' was ever acknowledge via any communication form, upon any Defendants also. Burden of proof here is required.*

**Defendants States:** 4. No proper attempt at service has been made upon any of the individuals either personally or at their places of abode. The non-individual Defendants are not legal entities and are without the capacity to sue or be sued.

*Unto this statement by counsel ... it is a false statement ~ for the Plaintiff is a Pro Se Litigant, and as such, the service of the summons and the complaint was service upon the Defendants via the U.S. Marshals. As held to Rule 4(a) mentioned above.*

Any improper servicing of the Summons and the Complaint, and any mislabeling of the documents filed upon the "*Records of the Court.*" is not held at fault of the Plaintiff Pro Se, whom has been Granted to Proceed in Forma Pauperis. Where serving was placed upon the U.S. Marshall Office.

Respectfully submitted

Henry W. Geter II

Dated JUNE 27, 2007

Pg 1

---

[1]. Arguments of counsel are not evidence. Flentje v. First Nat. Bank of Wynne, 11 S.W. 3d 531, 340 Ark. 563