IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
100 Mich. Ave. N.E.  Suite A-11
Washington DC  20017
202/986-2264

    (Plaintiff)                       Case File No:  07-CV-0757   RBW

    vs.

                                       Filing Date  July 2 nd 2007

Horning Brothers
1350 Conn. Ave.  N.W. Suite 800
Washington D.C. 20036

                                       *RECORDS OF THE COURT ANALYSIS*

The Cloisters
100 Mich. Ave. N.E.  Suite A-21
Washington D.C.  20017

                                       ***DISABILITY DISCRIMINATION FILING***

Ms. Veda S. Brinkley                          **FAIR HOUSING VIOLATION**
Assistant Property Manager
Trinity Community LLP
1350 Conn. Ave.  N.W. Suite 800                        *(THE CLOISTERS)*

                                       **REASONABLE ACCOMMODATION**
Ms. Connie Fletcher                           *UNDER THE FAIR HOUSING ACT*
Manager the Cloisters
100 Mich. Ave. N.E.  Suite A-21                        ~ **CIVIL RIGHTS ACT of 1968** ~
                                                    AS AMENDED

    (Defendants)

## MEMORANDUM ANALYSIS
## THERETO RECORDS OF THE COURT
## FACTS HELD TO COMPLAINT DOCUMENTS

***PLEADINGS AND MOTION*** ~ ss62:189. Generally   Unless a different time is prescribed by federal statute, a defendant must serve an answer within 20 days after the service of the summons and complaint upon the defendants, except when service of the summons is timely waived on request under FRCP 4(d).

RECEIVED

JUL - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PURSUANT TO THE RECORDS OF THE COURT** the Plaintiff Henry W. Geter II submit the following ' Memorandum Analysis ', it! lending support to the Procedure Rights via material evidence upon the current issues *N*ow in review of this court.[1] This evidence is place upon the actions and arguments of counsel to undermine this establish rights of the Plaintiff to the Entry of Default and Final Default actions.

Before this court it is stated and posture a standard of review... the Court noting:

1) To affirm on the basis of rule 12(b)(6) motion, the complaint must fail to state any set of facts which would entitle plaintiff to relief.  **Ladd v. Estate of Kellenberger, 314 N.C. 477, 481, 334 S.E.2d 751, 755.**

2) In considering the sufficiency of the complaint under Rule 12(b)(6), a court must accept as true the facts alleged therein.  **Smith v. Ford Motor Co., 289 N.C. 71, 80, 221 S.E.2d 282, 288.**

**NOW COMES THE PLAINTIFF EVIDENCE** ... noting Facts: *Attachment A ~ Notice to cure Violation Of Tenancy or Vacate,* this initial document bring forth this law suit having its origin from the *business entity* named: ***Horning Brothers! whom address is 1350 Connecticut Avenue NW, suite 800 Washington DC 20036 phone number 202-659-0700***. *Given fact to the sender is Ms. Veda S. Brinkley ~ Assistant Property Manager with Horning Brothers. Content of this letter acknowledges 1) ... 'According to your lease, ie.' and 2)... 'Horning Brothers Management*[2] *will initiate an action for possession ie.'  Attachment B ~ this initial document bring forth a copy of the Rules and Regulations upon the tenant as place and managed by again **Horning Brothers.***

**MATTER BEFORE THE COURT** ... Counsel for the defendants states ~ MOTION to dismiss, for the Court is without personal jurisdiction Fed. R. Civ. P. 12(b). Yet the documents submitted to

Pg 1

---

[1]. In general, a judge may take judicial notice of the contents of court records. In re J.M.C. 741 A. 2d 418

[2]. If Horning Brothers Management can initiate a suit, it too can be sued.

the Plaintiff speaks both of **Horning Brothers and Horning Brothers Management**. Here duly establishing both *as one in the same*. Further the courts have cited here to this matter! The universal rule is that courts in a state have personal jurisdiction over all people or businesses that are citizens of or do business in that state. Mr. Geter [Plaintiff] is a citizen of DC [borne here], where he was doing business with Horning Brothers in the leasing of an Apartment Unit, within the District of Columbia.

**APPLICABILITY OF THE RECORDS OF THE COURT...**

Unto Matter: The mere signing of a contract / **Lease** gives evidence of its [Horning Brothers] corporate standing ... *for the existent of a contract, gives raise to a corporation status and standing before the law.* Tenants can not sign an agreement, in leasing of a Unit, where the agreement [contract] is not tries to a Corporation, Registered within the District of Columbia. For the signing of such a document would be seen as an action held to *Fraud*, by any Managing Company and the property Owner. And further! the trade name and or marketing name held to a business, lends liability to the Business Entity label to its ownership before the general public. *Here the Name: The Cloisters* ~ is imputed thereto its Owners ... **Trinity Community LLP.**, both **HUD** and **OHR** has acknowledge this fact. [See Determination Letter] *The Cloisters* establishes the legal grounds for the suite, and can be seen as a defendant. Which does not spoil the rule of personal jurisdiction as reference above.

Respectfully Submitted                                    Dated: 7/2/, 2007

_____
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC, 20017

Pg 2

## CERTIFICATE OF SERVICE

I  Henry W. Geter II    HEREBY CERTIFY on this _2ND_ day of _July_, 2007, that a copy of the foregoing Memorandum was mailed to the Defendants:

        Horning Brothers
        The Cloisters
        Ms. Veda S. Brinkley
        Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: Schuman & Felts, CHTD, 4804 Moorland Lane Bethesda, MD 20814, Attn: Phillip L. Felts, Esquire. by first-class mail. *[Noting: Entry of Appearance ~ not received until June 26th, 2007.]*

_/s/ Henry W. Geter_
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017