UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HENRY W. GETER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-0757 (RBW) |
| | ) | |
| HORNING BROTHERS | ) | |
| MANAGEMENT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

This action, brought *pro se* under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (2007), against four defendants, is before the Court on the motion of two of the defendants to dismiss. In addition, plaintiff has moved for entry of a default judgment.[1] Upon consideration of the parties' submissions, the Court will grant the movants' motion to dismiss and deny plaintiff's motion for a default judgment.

Plaintiff rents an apartment at a complex named "The Cloisters," which is located on Michigan Avenue, N.E., in the District of Columbia. He accuses his landlord of discriminating against him by failing to provide reasonable accommodations for his disability resulting from diabetes. Compl. at 1-2. Plaintiff names as defendants Horning Brothers Management, The Cloisters, Assistant Property Manager Veda S. Brinkley and Manager Connie Fletcher. In their motion to dismiss, Horning Brothers Management and The Cloisters claim that the Court lacks personal jurisdiction because neither is a suable entity.[2] *See* Mot. ¶¶ 1-2. In a document titled "Memorandum Analysis Thereto Records of the Court Facts Held to

---

[1] The Clerk has not entered defaults pursuant to Fed. R. Civ. P. 55(a).

[2] Defendants' counsel informs that two similarly named entities are incorporated within the District of Columbia, *i.e.*, Horning Brothers Corporation and Horning Brothers-Group Ministry Joint Venture Limited Partnership. Motion to Dismiss ¶ 4.

Complaint Documents," [Dkt. No. 14], plaintiff refers to "Attachment A-Notice to Cure Violation of Tenancy or Vacate," as evidence of the existence of Horning Brothers Management as a legal entity, *id*. at 2, but no such document appears in the record. The motion to dismiss the complaint against the non-individual defendants will therefore be granted. Plaintiff is not foreclosed at this stage of the proceedings from moving to amend the complaint to add a suable entity.[3]

In response to plaintiff's motion for entry of a default judgment, the individual defendants rightly assert that they cannot be in default because the docket does not reflect proper service of process upon them.[4] *See* Fed. R. Civ. P. 55(a) (authorizing the Clerk to enter a party's default upon failure "to plead or otherwise defend as provided by these rules"); Fed. R. Civ. P. 12(a) (requiring a private defendant to serve an answer "within 20 days after being served with the summons and complaint"). The Marshals Service attempted service by certified, registered mail. *See* Dkt. Nos. 4, 5. The returns of service show that a third-party individual signed for the deliveries, *id.*, but there is no indication that the signer was authorized to receive service on behalf of the named defendants. In the absence of proof that the individual defendants were properly served with process, no basis exists for entering defaults and granting plaintiff's motion for a default judgment.[5]

```
               _____s/_____
               Reggie B. Walton
Date: August 21, 2007    United States District Judge
```

---

[3] Because plaintiff is proceeding *in forma pauperis*, the court officers are responsible for effecting service of process based on information plaintiff provides. *See* 28 U.S.C. § 1915(d); LCvR 5.1(e). Plaintiff is advised that the Court will grant such a motion only if he provides the address of the entity's registered agent or someone duly authorized to accept service of process for the entity.

[4] Defendants have now waived service and, pursuant to Fed. R. Civ. P. 4(d)(3), "will answer or otherwise respond to the Amended Complaint within sixty days." Opposition to Motion for Entry of Default ¶ 5.

[5] A separate Order accompanies this Memorandum Opinion.