IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENRY W GETER II
(PLAINTIFF)

vs.

HORNING BROTHERS
THE CLOISTERS
Ms. VEDA S. BRINKLEY
Ms. CONNIE FLETCHER

CASE FILE No: 07-CV-0757
RBW

Plaintiff Motion For
Reconsideration

FACTS

August 21, 2007 Court issue 'Memorandum Opinion' stating Plaintiff mention as evidence the existence of Horning Brothers Management as a legal entity ... But no such document appears in the Record. Thus the motion to dismiss the complaint against the non-individual defendants will therefore be granted.

Plaintiff is not foreclosed at this stage of the proceedings from moving to amend the complaint to add a suable entity    SEE ATTACHED WITH ✓ MARK

Analysis of Records

Records shows the evidence of document noted hereto as file; the Amended Complaint as Attachment A (dated May 1st 2007) Further the Amended Complaint shows the defendant Horning Brothers Management, has been change to Horning Brothers et al (addressing Horning Brothers Corporation).

RECEIVED
AUG 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Conclusion

It is clear that the full "Records of the Court" was not properly brought before the Judge whom decision was placed on Court Records. Unto this matter an injustice has been recorded unto an order to dismiss - do to this failure to review the Records.

Records showing the "Cloisters" and or its owners with discrimination. That Horning Brothers and its staff are not removed from liability.

Unto this motion, Plaintiff ask for reconsideration, and the full legal ownership of the court rulings be placed into review.

Respectfully Submitted

Henry W Gefen II
100 Mich. Ave. N.E. Apt. 11
Washington DC 20017

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENRY W. GETER, II,             )
                                )
          Plaintiff,            )
                                )
     v.                         )   Civ. Action No. 07-0757 (RBW)
                                )
HORNING BROTHERS                )
MANAGEMENT et al.,              )
                                )
          Defendants.           )
_____)

MEMORANDUM OPINION

This action, brought *pro se* under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (2007), against four defendants, is before the Court on the motion of two of the defendants to dismiss. In addition, plaintiff has moved for entry of a default judgment.[1] Upon consideration of the parties' submissions, the Court will grant the movants' motion to dismiss and deny plaintiff's motion for a default judgment.

Plaintiff rents an apartment at a complex named "The Cloisters," which is located on Michigan Avenue, N.E., in the District of Columbia. He accuses his landlord of discriminating against him by failing to provide reasonable accommodations for his disability resulting from diabetes. Compl. at 1-2. Plaintiff names as defendants Horning Brothers Management, The Cloisters, Assistant Property Manager Veda S. Brinkley and Manager Connie Fletcher. In their motion to dismiss, Horning Brothers Management and The Cloisters claim that the Court lacks personal jurisdiction because neither is a suable entity.[2] *See* Mot. ¶¶ 1-2. In a document titled "Memorandum Analysis Thereto Records of the Court Facts Held to

---

[1] The Clerk has not entered defaults pursuant to Fed. R. Civ. P. 55(a).

[2] Defendants' counsel informs that two similarly named entities are incorporated within the District of Columbia, *i.e.*, Horning Brothers Corporation and Horning Brothers-Group Ministry Joint Venture Limited Partnership. Motion to Dismiss ¶ 4.

Complaint Documents," [Dkt. No. 14], plaintiff refers to "Attachment A-Notice to Cure Violation of Tenancy or Vacate," as evidence of the existence of Horning Brothers Management as a legal entity, *id.* at 2, but no such document appears in the record. The motion to dismiss the complaint against the non-individual defendants will therefore be granted. Plaintiff is not foreclosed at this stage of the proceedings from moving to amend the complaint to add a suable entity.[3]

In response to plaintiff's motion for entry of a default judgment, the individual defendants rightly assert that they cannot be in default because the docket does not reflect proper service of process upon them.[4] *See* Fed. R. Civ. P. 55(a) (authorizing the Clerk to enter a party's default upon failure "to plead or otherwise defend as provided by these rules"); Fed. R. Civ. P. 12(a) (requiring a private defendant to serve an answer "within 20 days after being served with the summons and complaint"). The Marshals Service attempted service by certified, registered mail. *See* Dkt. Nos. 4, 5. The returns of service show that a third-party individual signed for the deliveries, *id.*, but there is no indication that the signer was authorized to receive service on behalf of the named defendants. In the absence of proof that the individual defendants were properly served with process, no basis exists for entering defaults and granting plaintiff's motion for a default judgment.[5]

```
              s/
         Reggie B. Walton
Date: August 21, 2007          United States District Judge
```

---

[3] Because plaintiff is proceeding *in forma pauperis*, the court officers are responsible for effecting service of process based on information plaintiff provides. *See* 28 U.S.C. § 1915(d); LCvR 5.1(e). Plaintiff is advised that the Court will grant such a motion only if he provides the address of the entity's registered agent or someone duly authorized to accept service of process for the entity.

[4] Defendants have now waived service and, pursuant to Fed. R. Civ. P. 4(d)(3), "will answer or otherwise respond to the Amended Complaint within sixty days." Opposition to Motion for Entry of Default ¶ 5.

[5] A separate Order accompanies this Memorandum Opinion.

2

) CONNECTICUT AVENUE NW, SUITE 800



HORNING BROTHERS

WASHINGTON, DC 20036   202-659-0700

**ORIGINAL**

**FILE COPY**

RECEIVED
DATE: FEB 16th 07
BY: Henry W Geter II

February 16, 2007

Henry Geter II
100 Michigan Ave. NE
Apt. #A11
Washington, DC 20017

## NOTICE TO CURE VIOLATION OF TENANCY OR VACATE

In accordance with the District of Columbia Rental Housing Act of 1985, D.C. Law 45 D.C. Section 2551(b) (1986) you are hereby given notice that you are violating the terms and conditions of your tenancy/lease in the following manner:

> By continually and habitually paying your rent late. According to your lease, the rent is due and payable on or before the first day of the rental period without notice or demand for the same.

You are hereby given notice to cure this violation. Please be advised that this violation may be cured as follow:

> By paying the full amount of the rent due on or before the first day of the rental period commencing immediately after the expiration of this notice and every rental period thereafter. This notice will expire 30 days from the beginning of the next rental period after you received this notice. **This notice will expire on March 31, 2007**

You must either correct the violation as provided herein or vacate the premises on or before the day after this notice expires. If you fail to correct this violation or vacate the premises, Horning Brothers Management will initiate an action for possession in the Landlord and Tenant Branch of the Superior Court of the District of Columbia. You will be required to pay rent and all outstanding charges during the period of your occupancy.
Finally, a copy of this Notice will be filed with the local HUD office and to the Rent Administrator, Department of Consumer and Regulatory Affairs, Rental Accommodations and Conversion Division, at 614 H Street, N.W. Room 423, Washington, D.C. 20001.

Sincerely,

Veda S. Brinkley
Assistant Property Manager

Registration Number:
Exemption



Number:                                                                                   95943

*ATTACHMENT A ...    MATERIAL EVIDENCE*

| | | |
|---|---|---|
| 04/26/2007 | | SUMMONS Not Issued as to HORNING BROTHERS MANAGEMENT, CLOISTERS, VEDA S. BRINKLEY, CONNIE FLETCHER (jf, ) (Entered: 04/27/2007) |
| 04/26/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by HENRY W. GETER, II (jf, ) (Entered: 04/27/2007) |
| 04/26/2007 | | FIAT ORDER granting 2 Motion for Leave to Proceed in forma pauperis. Signed by Judge Emmet G. Sullivan on 04/06/07. (jf, ) (Entered: 04/27/2007) |
| 04/30/2007 | 3 | AMENDED COMPLAINT against HORNING BROTHERS MANAGEMENT, CLOISTERS, VEDA S. BRINKLEY, CONNIE FLETCHER filed by HENRY W. GETER, II. (Attachments: # 1 Attachments) (Paragraph 13 of Page 5 of attachments is missing text)(tg, ) (Entered: 05/01/2007) |
| 05/11/2007 | | Summons (4) Issued as to HORNING BROTHERS MANAGEMENT, CLOISTERS, VEDA S. BRINKLEY, CONNIE FLETCHER. (tg, ) (Entered: 05/11/2007) |
| 05/17/2007 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CLOISTERS served on 5/12/2007, answer due 6/1/2007; CONNIE FLETCHER served on 5/12/2007, answer due 6/1/2007 (lc, ) (Entered: 05/18/2007) |
| 05/21/2007 | | (Court only) ***Staff notes (ks, ) (Entered: 05/21/2007) |
| 05/22/2007 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. HORNING BROTHERS MANAGEMENT served on 5/14/2007, answer due 6/4/2007; VEDA S. BRINKLEY served on 5/14/2007, answer due 6/4/2007 (jf, ) (Entered: 05/23/2007) |
| 06/05/2007 | 6 | MOTION for Entry of Default Final Judgment by HENRY W. GETER, II. (jf, ) (Entered: 06/11/2007) |

## CERTIFICATE OF SERVICE

I  Henry W. Geter II    HEREBY CERTIFY on this __27th__ day of __August__, 2007, that a copy of the foregoing __MOTION__ was mailed to the Defendants:

> Horning Brothers
> The Cloisters
> Ms. Veda S. Brinkley
> Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: Schuman & Felts, CHTD, 4804 Moorland Lane Bethesda, MD 20814, Attn: Phillip L. Felts, Esquire. by first-class mail. *[Noting: Entry of Appearance – not received until June 26th, 2007.]*

_____
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017