RECEIVED

AUG 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Henry W Geier II

(Plaintiff)

vs.

Horning Brothers
The Cloisters
Ms. Veda S. Brinkley
Ms. Connie Fletcher

(Defendants)

Case File No:  07-CV-0757   RBW

Filing Date August 27 th , 2007

## PLAINTIFF's CROSS MEMORANDUM OF
## LAW HELD TO ENTRY OF DEFAULT

### FACTS

The Court served the Complaint ( summons issued) upon the Defendants ... Horning Brothers
Management, Cloisters, Veda S. Brinkley, and Connie Fletcher, on May 11th, 2007. Return of
Service/Affidavit of Summons and Complaint was executed upon all Defendants. Unto the
Defendants the Cloister and Ms. Connie Fletcher records shows served on May 12th, 2007, answer
due June 1st, 2007; unto the Defendants Horning Brothers Management and Ms. Veda S. Brinkley
records shows served on May 5th, 2007, answer due June 4th, 2007. Moving defendants failed to
answer the complaint on a timely basis. On June 5th, 2007, the Plaintiff filed a Motion for Entry of
Default Final Judgement.

Pg 1

## *ANALYSIS*

Subsequent to the Entry of Default against the moving Defendants, comes on June 22th, 2007, the moving Defendants first appearance with counsel. They proceeded then to file the instant Motion to Dismiss by Horning Brothers Management, Cloisters. Defendant's Response to Plaintiff Motion for entry of Default. Claiming Jurisdiction and violations of the law pursuant Fed. R. Civ. P. 12(b) standing.

### **Standing for Default Judgement Final**

We now turn to the real issue, whether the court should exercise its discretion to dismiss the entry of default motion. Both Plaintiff and Defendants agree that standard in the District Court for deciding a motion under rule 60(b) to address default is based on " three factors: (1) whether the default was willful, (2) demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, dismissing the default will cause the non-defaulting party prejudice." This, however, is where the agreement ends.

#### **(i) Willful Default**

Defendants assert that they did not " willfully " default in the Adversary Proceeding. They do not argue that their failure to answer was due to negligence or carelessness on their part, but rather because of an alleged inability of the court to follow procedures. They have not, however, cited any authority that substantiates the proposition that a default is deemed " not willful" when the defaulting party simply asserts a lack of the administration of the court to properly serve a complaint and summons can dismiss of the Motion of the Plaintiff request for Entry of Default. Moreover,

Pg 2

Defendants have also failed to explain their ability to now retain counsel. Indeed, in the period of time when the compliant was serve, they had the ability to retain counsel to pursue their ***legal obligation*** to answer the complaint. The first obligation would be a failure not to response to the complaint file, " just to show the court that there were an interest and to address that interest thereto a legal present. This fact would be **well known** to a Property Management firm / Landlord.

" to establish willfulness, plaintiff need not show bad faith on the part of his adversary, but must show more than mere negligence or carelessness." RC Entm'r v. Rodriquez, 1999 WL 777903 at *2 (S.D.N.Y. Sept. 29, 1999) In RC Entm't, the court held that the default was willful since the defendants were properly served but not timely answer. Similarly, the Defendants here were properly served according to court records but chose not to answer. Indeed, Defendants never sought to appear *pro se.* , and thus should have retain legal counsel long before the appearance of the attorney notice.   See also S.E.C.   v. Breed, 2004 WL 1824358, at *8 (S.D.N.Y. Aug 13, 2004), where the court found that defendants' failure to respond to a complaint after a court-imposed deadline is sufficient in and of itself to demonstrate willfulness.

In Kingvision Pay-Per-View Ltd.   v. Brito, 2005 WL 1765710 at *2 (S.D.N.Y. July 25, 2005), the court found a default to be "willfull" where a defendant understood his ***obligation to answer the complaint*** and his potential liability but failed to answer until receiving notice that a default judgement was entered. Here, there is record evidence that Defendants understood their obligation to answer and were aware of the potential consequences of a failure to do so. In fact, in Defendants' Response' Defendants give a recount of how they were improperly serve by the court.

Pg 3

Actions not held to the hand of the Plaintiff. This lack of legal ownership has placed before the court, the review of those activities being spoken upon, with or without counsel apparently transpiring while the Defendants were defaulting here. This confirms knowledge and implies that Defendants may have decided to stay out of these proceedings to facilitate an advantage in their absent of proper legal response due the complaint. Defendants deliberate and none answers upon the complaint, was a willful default.

### (ii) Meritorious Defense

None filed upon the Court by Defendants... a) Defendants have no **_prima facie evidence of a meritorious defense_**, and b) the Defendant's conduct is not excusable, but culpable. To be "culpable," the conduct leading to the Entry of Default must be willful or in bad faith. **Hritz v. Woma Corp., 732 F.2d 1182 (3rd cir. 1989).**

### (iii) Prejudice

Unto this present case, Defendants has not presented a meritorious defense and consequently, the threat of prejudice to Plaintiff is enhanced. Had defendants raised the inference of a meritorious defense on a merit that would have outweighed any asserted prejudice to Plaintiff. However, the fact that defendants failed to raise even a hint of a defense on the merits suggests to the court that no meritorious defense exist. **_Especially when the Department of Housing and Development (HUD) official Letter of Determination, as filed upon the Records of the Court give evidence to this fact._** Thus any dismissal of the Entry of Default would unduly prejudice Plaintiff, by forcing him to prosecute a case where Defendants has no meritorious defense; which Plaintiff can now bring before the court, as a witness, thereto the legal actions of the Government finding upon the merits.

Defendants Motion states… 'Vacate Notice' shows no evidence of the existence of Horning Brothers Management as a legal entity… and no document appears in the Records of the Court, is without foundation … see Attachment "A" **HORNING BROTHERS NOTICE**, thereto line 14 ~ ***Horning Brothers Management*** will initiate an action ~ ; upon which is ***capitalized*** as a business entity. As filed upon the **Records of the Court.** Complaint later amended to **HORNING BROTHERS et al.**

### In Conclusion

Although Defendants acted promptly *after receiving notice* of the Motion for Default and Default Judgment, defendants failed to present anything whatsoever as to a meritorious defense; which too also, its Response Petition as filed was untimely.

Unto **HUD** actions, the law is very clear, when a claim by a Plaintiff has support of the Government, to where an investigation of this matter was place and a charge of discrimination was ORDER; forwarded to the Department of Justice (**DOJ**) for further legal proceedings. The claims has legal recourse… Noting: ***Smedsrud v. Powell, 61 P.3d 891, 2002 OK 87***… "A plaintiff who states a claim and proves its facts is entitled to any relief affordable by law." *Plaintiff Cross-Memorandum hereto is seeded upon this legal guideline.* Court 'Order to Dismiss' would *Prejudice* that relief.

An **ORDER** ~ Granting Plaintiff of 'Motion for Entry of Default' in accordance with this ***Cross - Memorandum of Opinion*** is ask. As well as, Final Default upon the Defendants.

Respectfully Submitted;

Henry w Geter II
Plaintiff
100 Mich. Ave. N.E.  A-11
Washington DC 20017

**) CONNECTICUT AVENUE NW, SUITE 800**

**H**

**HORNING BROTHERS**

*ORIGINAL*

WASHINGTON, DC 20036    202-659-0700

**FILE COPY**

RECEIVED

DATE: *FEB 16 th 07*

BY: *HENRY W GETER II*

February 16, 2007

Henry Geter II
100 Michigan Ave. NE
Apt. #A11
Washington, DC 20017

## NOTICE TO CURE VIOLATION OF TENANCY OR VACATE

In accordance with the District of Columbia Rental Housing Act of 1985, D.C. Law 45 D.C. Section 2551(b) (1986) you are hereby given notice that you are violating the terms and conditions of your tenancy/lease in the following manner:

**By continually and habitually paying your rent late. According to your lease, the rent is due and payable on or before the first day of the rental period without notice or demand for the same.**

You are hereby given notice to cure this violation. Please be advised that this violation may be cured as follow:

**By paying the full amount of the rent due on or before the first day of the rental period commencing immediately after the expiration of this notice and every rental period thereafter. This notice will expire 30 days from the beginning of the next rental period after you received this notice. This notice will expire on March 31, 2007**

You must either correct the violation as provided herein or vacate the premises on or before the day after this notice expires. If you fail to correct this violation or vacate the premises, Horning Brothers Management will initiate an action for possession in the Landlord and Tenant Branch of the Superior Court of the District of Columbia. You will be required to pay rent and all outstanding charges during the period of your occupancy.

Finally, a copy of this Notice will be filed with the local HUD office and to the Rent Administrator, Department of Consumer and Regulatory Affairs, Rental Accommodations and Conversion Division, at 614 H Street, N.W. Room 423, Washington, D.C. 20001.

Sincerely,

Veda S. Binkley
Assistant Property Manager

Registration Number:
Exemption

Number:                                        95943

*ATTACHMENT A ...    MATERIAL EVIDENCE*

## CERTIFICATE OF SERVICE

I   Henry W. Geter II   HEREBY CERTIFY on this _27 th_ day of _August_, 2007, that a copy of the foregoing Memorandum was mailed to the Defendants:

Horning Brothers
The Cloisters
Ms. Veda S. Brinkley
Ms. Connie Fletcher

**_VIA ITS ASSIGNED ATTORNEYS_**: Schuman & Felts, CHTD, 4804 Moorland Lane Bethesda, MD 20814, Attn: Phillip L. Felts, Esquire. by first-class mail. _[Noting: Entry of Appearance ~ not received until June 26 th, 2007.]_

Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017