UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY W. GETER, II, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:07-cv-00757 (RBW) |
| HORNING BROTHERS, *et al.*, | * | |
| Defendants. | * | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
AND MEMORANDUM REGARDING DEFAULT**

Defendants, Horning Brothers, "The Cloisters", Veda S. Brinkley and Connie Fletcher, by and through their undersigned counsel, hereby respectfully oppose Plaintiff's Motion For Reconsideration and Motion regarding Default.

INTRODUCTION

This is a purported action for relief raising issues under the Fair Housing Act (42 U.S.C. §§ 3601, *et seq.*). Plaintiff alleges that the failure to accommodate the timing of his rental payments somehow constitutes a violation of federal law and gives rise to other bases for tort relief. To the extent that this case proceeds, Defendants intend to demonstrate that, as a matter of law, Mr. Geter has no viable claims since he cannot show that his requested accommodation (*e.g.*, making his rent payments at a particular time of the month) is necessary to ensure an equal opportunity to use the rental space. See Douglas v. Kriegsfeld Corporation, 884 A.2d 1109, 1129 (D.C. 2005) (*en banc*) (citations omitted). If Plaintiff simply saved his Social Security income in order to make timely payments as he agreed to in his lease, there would be no issue.

Having the landlord change the due date for the payment of a lease payment obligation is not the type of accommodation which can give rise to a claim for relief.

At this juncture, however, Plaintiff appears to seek reconsideration of this Court's Memorandum Opinion and Order of August 21, 2007 in which the Plaintiff's Motion For A Default Judgment was denied and the Motion To Dismiss as against Defendants Horning Brothers and "The Cloisters" was granted.

Plaintiff has offered no analysis or rationale to demonstrate any error of law or reasoning in this Court's determinations and, therefore, the Motion For Reconsideration should be denied.

## ARGUMENT

A motion for reconsideration is not to be used to reargue facts or legal theories upon which the Court has already ruled. Black v. Tomlinson, 235 FRD 532, 533 (D.D.C. 2006) (quotations omitted). Further, Plaintiff has not demonstrated a manifest error of law or fact and has not pointed to any new evidence which would require this Court to reconsider its earlier rulings. See Ranseur v. Barreto, 213 FRD 79, 81 (D.D.C. 2003) (quotations omitted).

With respect to this Court's dismissal of the claims against Horning Brothers Management and "The Cloisters", Plaintiff has not pointed to any new fact or legal principle which undercuts this Court's analysis and decision. The fact that correspondence may have referred to "Horning Brothers Management" does nothing to demonstrate the existence of a legal entity subject to suit. If Plaintiff has a basis to do so, he can move to amend the Complaint to properly name a "sue-able entity". See Memorandum Opinion (August 21, 2007) at 2.

In addition, there has been no showing that this Court's determination that the individual who purportedly signed the certified, registered mail receipts was duly authorized to receive service on behalf of the named Defendants. Therefore, there would be no basis for this Court to reconsider its denial of the request for the entry of defaults.

Defendants also incorporate, by reference, their prior arguments in the Motion To Dismiss and in the Opposition To Motion For Entry Of Default previously filed and served on June 22, 2007.

## CONCLUSION

For all of the foregoing reasons, as well as those previously set forth in the record herein, Defendants respectfully request that Plaintiff's Motion For Reconsideration be denied.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____
David P. Durbin
Bar #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.durbin@jocs-law.com

Counsel for Defendants, Horning Brothers, Veda S. Brinkley and Connie Fletcher

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition To Plaintiff's Motion For Reconsideration And Memorandum Regarding Default was mailed, first class and postage prepaid, this ___10th___ day of September, 2007 to:

>Mr. Henry W. Geter, II
>Suite A-11
>100 Michigan Avenue, NE
>Washington, DC  20017

and was served electronically this ___10th___ day of September, 2007 upon:

>Phillip Lynn Felts, Esquire
>SCHUMAN & FELTS, CHARTERED
>4808 Moorland Lane
>Bethesda, MD  20814

_____
David P. Durbin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY W. GETER, II, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:07-cv-00757 (RBW) |
| HORNING BROTHERS, *et al.*, | * | |
| Defendants. | * | |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Upon consideration of Plaintiff's Motion For Reconsideration, the Opposition thereto and the entire record herein, it is, by this Court, this _____ day of September, 2007

ORDERED, that Plaintiff's Motion For Reconsideration be, and the same hereby is DENIED.

_____
UNITED STATES DISTRICT JUDGE

Copies To:

Pro Se Plaintiff
Counsel of Record