**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

AUG 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Henry W Geter II**
100 Mich. Ave. N.E.  Suite A-11
Washington DC 20017
202/986-2264
    **(Plaintiff)**

    vs.

**Horning Brothers Corporation**
1350 Conn. Ave.  Suite 800
Washington D.C. 20036

**Trinity LP**
100 Mich. Ave. N.E..  Suite A-21
Washington D.C. 20017

**Ms. Veda S. Brinkley**
Assistant Property Manager,
1350 Conn. Ave. Suite 800
Washington D.C. 20036

**Ms. Connie Fletcher**
Manager, The Cloisters
100 Mich. Ave. N.E.  Suite A-21
Washington D.C. 20017
    **(Defendants)**

**Case File No: 07-0757 (RWB)**

FILE COPY

**_DISABILITY DISCRIMINATION FILING_**
**_FAIR HOUSING VIOLATION_**

**( THE CLOISTERS )**

**REASONABLE ACCOMMODATIONS
UNDER THE FAIR HOUSING ACT**

**~ CIVIL RIGHTS ACT of 1968 ~**

**AMENDED COMPLAINT ~ with SUABLE ENTITIES**
Entities Agent Joseph Horning Jr.

**COMES NOW THE PLAINTIFF,** Henry W. Geter II a 58 year old Black-American male renting

an apartment unit at the complex - The Cloisters, and the Residential Management of the firm known

as Horning Brothers.  On March 28th 2003 a Lease Agreement was agreed to by Double H Housing

Corporation ( Agent for the Owner of the real estate described) as party of the first part (**Landlord**)

**Pg 1**

and Mr. Henry W. Geter II party of the second part (**Tenant**).   In WITNESSETH to this lease both parties acknowledge that the Tenant hereby takes from Landlord the premises at 100 Michigan avenue NE known as Apartment No. A-11, in Washington DC 20017, to be occupied as a private dwelling for 1 persons and not otherwise for a term of 12 months, commencing for the same on the 1st day of April, 2003 and ending the 31st day of March, 2004 for a total minimum rental of $ 15,900.00  payable by check or money order, as specified by Landlord, payable in equal monthly installments of $ 1,325.00, in advance, without deduction, set off, or demand, _on the first day of each month_ during said term, at the office of the Resident Manager.

After several months following his tenancy Mr. Geter became Disable. Due to his battle with Diabetes resulting in the amputation of both limbs (feet). In light of this physical impairment (disability) the tenant received a " Notice of Award " filing from the Social Security Administration ~ acknowledging the entitlement to monthly disability benefits beginning ...November 2003 and that these payments will be received on or about the second Wednesday of each month. In receivership of this document the Tenant provided  a  copy  of  this  material  to  the  Management of The Cloisters - Ms. Connie Fletcher, on October 26th 2003,  asking that the monthly payment date Governing his Lease Agreement, be adjusted to reflect the comments of the filing received from the Government, with the reassignment of the rent to $890.00.  *Now comes the 'Notice to Cure ~ Late Payments' Here! The Defendants conduct was a substantial factor in bringing about the claims; the alleged violation ~ establish the liability raised, which was foreseeable upon the law.*

## JURISDICTION AND VENUE

1. That the court has jurisdiction over the parties and the subject matter of this action, pursuant to

28 U.S.C. Section's 1331, 1343, and 2201.

2. That venue is proper in this court the United States District Court for the District of Columbia, as the conduct out of which this action arose occurred in this district. 28 U.S.C. Section 1391 (a), (b), and (c).

3. That all claims for relief set forth in this complaint arise from a common nucleus of operative facts, are brought pursuant to the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. Section's 1983, 1985 and 1986, Title VIII of the Civil Rights Act of 1968; as amended, and the Fair Housing Act ... 42 U.S.C. 3601 et seq.

4. That this action constitutes a single case which should be heard in a single judicial proceeding.

## NATURE OF THE CASE

5. On October 16th, 2007, the Tenant received a ***NOTICE TO CURE VIOLATION OR VACATE***, stating: In accordance with the District of Columbia Rental Housing Act of 1985, D.C. Law 45 D.C. Section 2551(b) (1986) you are hereby given notice that you are violating the terms and conditions of your tenancy/lease in the following manner:

**By continually and habitually paying your rent late. According to your lease, the rent is due and payable on or before the first day of the rental period without notice or demand for the same.**

You are hereby given notice to cure this violation. Please be advised that this violation may be cured as follow:

**P 3**

**By paying the full amount of the rent due on or before the first day of the rental period commencing immediately after the expiration of this notice and every rental period thereafter. This notice will expire 30 days from the beginning of the next rental period after you received this notice. <u>This notice will expire on March 31, 2007.</u>**

You must either correct the violation as provided herein or vacate the premises on or before the day after this notice expires. If you fail to correct this violation or vacate the premises, Horning Brothers Management will initiate an action for possession in the landlord and Tenant Branch of the Superior court the District of Columbia. You will be required to pay rent and all outstanding charges during the period of your occupancy ...*see attachment A*.

6. That the Plaintiff is a disable citizen of the United States and resident of the District of Columbia.

7. This complaint lawsuit is seeking declaratory, injunctive, and monetary relief against the Owner, Horning Brothers Management and its Assistant Property Manager, The Cloisters and its Manager, for their engagement in depriving Plaintiff of his Federal Constitutional and Statutory Rights, and unreasonable and unwarranted restrains upon the personal liberties of the Fair Housing Act ... 42 U.S.C. 3601 (et. Seq.) due thereto his disability, given to their actions and inactions.

8. That the Defendant, Horning Brothers Management is a private entity with its principle offices located at 1350 Connecticut Avenue NW, Suite 800 Washington, DC 20036 in the District of Columbia, vesture in the Management of Leasing of Rental Properties throughout the Metro DC Community.

9. That the Defendant, The Cloisters is a apartment complex under the management holding's of

Horning Brothers located at 100 Michigan Avenue NE Washington DC 20017 in the District of Columbia, vesture renting of Apartment Units to the general public.

10. That the Defendants, Horning Brothers and The Cloisters have established, implemented, and/or enforced illegal and unconstitutional policies and practices that have caused the injuries of the named plaintiff, and in doing so, the individual defendants evinced deliberate indifference to plaintiff legal rights were discriminating [42 U.S.C. Section 3604(f)(3)(B); Section 504 Rehabilitation Act 1973].

11. That the individual defendants, Veda S. Brinkley hold Assistant Property Manager position within the Horning Brothers Entity, directly or indirectly supervises Ms. Connie Fletcher hold Manager position of The Cloisters. Among other things the supervisory and manager defendants have implemented an unconstitutional policy allowing its administrative activities and actions, to violate the Disability Rights of the Plaintiff in private housing as govern to the Fair Housing Act. Their failure to bring about the govern due process owed the disability showed a lack of care.

12. That at all times relevant hereto, the individual defendants as Professional Administrative Managers acted willfully and wantonly and with deliberate indifference; and intentionally misrepresented the rights and interests due the Plaintiff, under their concurrent negligence.

13. That at all times relevant hereto, the individual defendants acted in accordance with an established policy, practice, custom, and/or procedure which violated the Plaintiff Constitutional Rights. Upon information and belief, the defendants acts were constructive inactions, and not in accordance with Federal Statutes, which prohibited such actions to Housing Providers (Landlords).

14. That, in the alternative, and during the administration of the tenancy of the Plaintiff,

Pg 5

Defendants actions were illegal, and prohibited in accordance with the Plaintiff "Disability Rights in Private and Public Housing". Where such actions were in 'Discrimination' of the Plaintiff Rights.

15. That the Defendants were negligence unto the color of Federal law, and being acted upon as mere subjective impressions, breaching the rights and duty owed to the Plaintiff.

16. That as a result of the Defendants inactions placed upon the law, the Plaintiff incurred attorney fees; humiliation; emotion injuries; pain and suffering; past, present and future economic and non-economic damages; and, loss of enjoyment of life.

17. That the injuries, damages and losses suffered by the Plaintiff were suffered in the past and will continue into the future.

## FIRST CLAIM FOR RELIEF
## (FAIR HOUSING ACT VIOLATION)

18. That the Plaintiff hereby incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

19. That the Defendants inactions constitute a willful and knowing violation and depravation of a right secured by the Constitution of the United States in violation of 42 U.S.C., Section 1983, specifically, Civil Action for Deprivation of Rights; the right to equal protection of the laws.

20. The Plaintiff provided Defendants with a letter *TENANT OFFICIAL RESPONSE* held to his disability, requesting 'reasonable accommodations' addressing his Disability Rights in Housing. Upon receiving this document Defendants continuously and without reason, impose their policies, rules and regulations, it being a conscious indifference to the given law ( Fair Housing Act).

**Pg 6**

Reflected hereto, the Defendants conduct were a deliberate indifference not to address the request fully placed to the protection of the laws, governing people with disabilities thereto the Fair Housing Act. This violation of the Defendants, by federal law is given to 'Discrimination'.

21. That the acts of all Defendants in violation of the Civil Rights Act of 1968; as amended, and the Fair Housing Act of 1988; borne upon his disability, Plaintiff is justified an award of reasonable fees under 42 U.S.C., Section 1988; and, the Plaintiff is entitled to recover against all Defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint.

### SECOND CLAIM FOR RELIEF
### (INTENTIONAL MISREPRESENTATION)

22. That the Plaintiff hereby incorporate by reference paragraphs 1 through 21 above as though fully set forth herein.

23. That the Defendants misrepresentation created an unreasonable risk and a severely disabling emotional response upon the Plaintiff with removal of the Equal Protection Law given to his cure request [his tenancy now 5 yrs], which is shown via the Plaintiff 'TENANT OFFICIAL RESPONSE' filing with the Defendants on February 22nd, 2007, whom having an actual knowledge of its failings.

24. That the defendants have directly and proximately caused, by way of their intentional actions, they having an actual knowledge of its duty of care to the Plaintiff disability rights, breach that duty; the injuries, damage and losses set forth herein; and, the Plaintiff is entitled to recover against the Defendants for damages and losses proximately caused by their conduct as set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### (NEGLIGENCE)

25. That the Plaintiff hereby incorporate by reference paragraphs 1 through 24 above as though fully set forth herein.

26. That the above referenced acts and omissions of the Defendants were negligent (culpable).

27. That the negligent acts and omissions were a direct and proximate cause of the injuries, damages and losses to the Plaintiff; and, the Plaintiff is entitled to recover against the Defendants for damages caused by their negligence as set forth in this Complaint.

### FOURTH CLAIM FOR RELIEF
### (DISCRIMINATION)

28. That the Plaintiff hereby incorporate by reference paragraphs 1 through 27 above as though fully set forth herein.

29. That the Defendants acts of omission to the Plaintiff Rights... Disability Discrimination, deprived his Federal Right's and violated his tenancy; by this inaction Plaintiff suffered great humiliation, injury to reputation, potential harm, and damages as a result of Defendants violation of the law; he being falsely provided with notices of '*Complaint for Possession of Real Property*' and further '*Notice To Cure Violation Of Tenancy Or Vacate*' ... where violations were not placed upon a '*Reasonable Accommodation*' to the disable [ *see attachments B and C* ].

30. That the Defendants have caused damages to the Plaintiff by their Discrimination [ *a complaint has been filed with the Department of Housing and Urban Development ~ HUD*]; and Plaintiff

**Pg 8**

is entitled to recover against the Defendants for injuries, damages and losses proximately caused by their inactions as set forth in this complaint.

## FIFTH CLAIM FOR RELIEF
### (EXEMPLARY DAMAGES)

31. That the Plaintiff hereby incorporates by reference paragraphs 1 through 30 above as though fully set forth herein.

32. That the aforementioned acts, potential harm, omissions, and violations of the Defendants were attended by a wanton and willful disregard for the rights, and the good faith due to the Plaintiff, thus entitling the Plaintiff to the recovery of exemplary damages.

**WHEREFORE**, the Plaintiff respectfully requests of this Court

(a) Enter an Order of Judgment Pursuant to Claims I through V, in Plaintiff favor against the Defendants for exemplary, compensatory, and punitive damages in the amount of **_Two Million Five Hundred Thousand ($ 2,500,000.00) Dollars,_** which will adequately punish the Defendants for their actions and omissions; that to be determined at trial, against the Defendants, jointly and severally.

(b) Enter an Order of Judgment in Plaintiffs favor and against the Defendants for Administrative Costs, Attorneys Fees as a result of their violation of the Plaintiff Civil Rights under 42 U.S.C., Section's 1983 and 1988, including costs of this lawsuit, expert witness fees, witness fees,

deposition costs and such other expenses and cost/damages, and further relief as the court may deem just and proper.

**THE PLAINTIFF REQUEST A TRAIL ON ALL ISSUES TO A JURY.**

Respectfully Submitted,

Henry W. Geter II
Tenant

100 Mich. Ave. N.E.   Suite A-11
Washington, DC 20017

202 / 986-2264

Pg 10



**) CONNECTICUT AVENUE NW, SUITE 800**

HORNING
BROTHERS

*ORIGINAL*

WASHINGTON, DC 20036  202-659-0700

**FILE COPY**



RECEIVED
DATE: _FEB 16 th 07_
BY: _Henry W Geter II_

February 16, 2007

Henry Geter II
100 Michigan Ave. NE
Apt. #A11
Washington, DC 20017

### NOTICE TO CURE VIOLATION OF TENANCY OR VACATE

In accordance with the District of Columbia Rental Housing Act of 1985, D.C. Law 45 D.C. Section 2551(b) (1986) you are hereby given notice that you are violating the terms and conditions of your tenancy/lease in the following manner:

**By continually and habitually paying your rent late. According to your lease, the rent is due and payable on or before the first day of the rental period without notice or demand for the same.**

You are hereby given notice to cure this violation. Please be advised that this violation may be cured as follow:

**By paying the full amount of the rent due on or before the first day of the rental period commencing immediately after the expiration of this notice and every rental period thereafter. This notice will expire 30 days from the beginning of the next rental period after you received this notice. This notice will expire on March 31, 2007**

You must either correct the violation as provided herein or vacate the premises on or before the day after this notice expires. If you fail to correct this violation or vacate the premises, Horning Brothers Management will initiate an action for possession in the Landlord and Tenant Branch of the Superior Court of the District of Columbia. You will be required to pay rent and all outstanding charges during the period of your occupancy.

Finally, a copy of this Notice will be filed with the local HUD office and to the Rent Administrator, Department of Consumer and Regulatory Affairs, Rental Accommodations and Conversion Division, at 614 H Street, N.W. Room 423, Washington, D.C. 20001.

Sincerely,

Veda S. Binkley
Assistant Property Manager

Registration Number:
Exemption

Number:                                         95943

*ATTACHMENT A- ...    MATERIAL EVIDENCE*



Fax Mailing #: **Horning Brothers**    12026599489
                      The Cloisters          12029861215



February 22nd, 2007

Veda S. Brinkley
Assistant Property Manager
**HORNING BROTHERS**
1350 Conn. Ave. N.W.   Suite 800
Washington, D.C. 20036

<u>**TENANT OFFICIAL RESPONSE**</u>
[ a 30 day response is requested ]

Re: <u>*Notice To Cure Violation of Tenancy Or Vacate*</u>

Dear Ms. Brinkley:
Having reviewed this Notice! I agree fully to its intent under the Law; <u>*District of Columbia Rental*</u>
<u>*Housing Act of 1985, D.C. Law 45 D.C. Section 2551(b) (1985).*</u>   Addressing a violation of the
terms and conditions of my tenancy / lease, thereto the following manner... in stating:

**By continually and habitually paying your rent late. According to your lease, the rent is due
and payable on or before the first day of the rental without notice or demand for the same.**

Further you establish ... <u>*You must either correct the violation as provided herein or vacate the*</u>
<u>*premises on or before the day after this notice expires.*</u>   <u>*Expire Date: March 31st, 2007.*</u>

In review of this matter!  There are two key words ~ placed before your action [ hereto mentioned
by this Notice], ... habitually, and violations.
  **D**ef. Habitual ...
        Violation... Violate.   being such by force of **habit** ~ <u>*a customary practice*</u>
                            to break  or disregard (e.g., <u>*a law*</u>)

While you have brought to my attention this **violation of the law**, it would be most fitting to now
address another violation at this time; **Term:  Disability Rights in Housing**. Upon which you too
have violated *[See attached Rights]*.  For five (5) years management has denied my Rights. Why?

Here... <u>*Federal laws*</u> define a person with a disability as <u>" *Any person who has a physical*</u>
<u>*impairment that substantially limits one major life activities; has a record of such impairment;*</u>
<u>*or is regard as having an impairment.*</u>"    And further stating; Regardless of whether you live in
private or public housing, <u>*Federal laws provide the following rights to persons with disabilities:*</u>

* **Requires housing providers to make reasonable accommodations for persons with
disabilities**.

pg 1
<u>*ATTACHMENT B ...    MATERIAL EVIDENCE*</u>



*Here it is foundation by law!* *A reasonable accommodation* is a change in rules, policies, practices, or services so that a person with a disability will have an equal opportunity to use and enjoy a dwell unit or common space. ~ That! Reasonable accommodations may be necessary at all stages of the housing process, *including* application, tenancy, or *to prevent eviction.*

Please bring to your attention, as mentioned above... THAT! *Major life activities include walking, performing manual tasks, and care for oneself.* Activities that may be common to healthy people like yourself, without the invasion of a major illness upon them. *Yet are very, very difficult to me now.*

You see Ms. Brinkey! I have *diabetes mellitus*, as a result of this illness! my feet have been amputated ~ cut off, to save my life. While I had no choice of this hardship, the hardship of being force out upon the street, due to ... what you define as *habitual late payments*, being due on the 1st of the month, can be address. Your choice removes my federal protection... to seek reasonable accommodation via unlawful policies. Whereto a major source of my income [ disability checks ] are not received until after the ( 1st) first. The reason for the late payments. Even under this issue, **I have been duly providing all late fee's as required by the lease.** It is my hope that Horning Brothers will not make changes of their policies, in seeking to not ~ renew my lease in the future. [Note: My Monthly Rent is $1,449.00 ... yet you have received the following past payments ... starting in October 06 - $1,505.00, November - $1,500.00, December - $1,530.00, and January 07 - $1,500.00... and yet none of these payments required me to pay these amounts, *of which no credit was forwarded to the next month payment ...??? why ??? ] If so! This effort would be a *cause of action* on my behalf, to address any improper activity denying my equal opportunity to use and enjoy this dwelling unit A-11; as acknowledge to your *notice to vacate the premises.* In violation of my **Disability Rights.** *This content was placed unto the Cloisters records on October 26th, 2003.*

For the Record: *Illegal Retaliatory Evictions:*
*Q*   What kinds of conduct by the landlord does the law consider retaliatory?
*A*   Landlord - Tenant Laws define four actions as retaliatory: *eviction action or the threat of it, non-renewal of the lease, increasing of the rent, and decreasing of services*

I only ask! that as one who is disable ~ as mentioned by law ... *A housing provider may not impose different application or qualification criteria, rental fees or sales prices, and rental or sales terms or conditions than those required of or provided to persons who are not disable.* While I am not being ask to be treated differently, *I am asking you to respect my Federal Rights.*

One must be reminded, that on the date of my entering this housing unit, I was void of this illness. I will do my best to cure the violation noted. However! *NOW* I am seek the reasonable accommodation of the law, granted me, via the **Disability Rights in Housing.** *Law Citing: If you are renting property and you become disabled then your landlord has to make provisions for your disability.*

pg 2

*To cure this issue*... the following is offer!  While I can not change the delivery date of my disability checks *from the Federal Government*, *which is establish by law*.  Surely management can *reasonable accommodate* a change in my monthly payments from the first (1st) of the month, to the fifteen (15th) ~ while keeping the late payment to be due/added after the 20th of the month, to the *Too!*  Initiate the restoring of all payments legally due and bound, upon the disability, since Oct. 2003.  Reduce the rent amount to $890.00 per month; which would allow for payment of utilities. .

As a resident of *The Cloisters*, for the past five years,  I have had no failure unto its rules, regulations, and or policies.  It is my wishes to continue this share understanding.

**Federal Law**: It is held to the main parts of the ... Disability Discrimination Act 1995 *DDA – Part 3 - Provision of Goods, Facilities and Services*.  *Disposal or management of premises or land*.  *It requires service providers to "reasonable adjustments" for disabled people. A service provider is required to take reasonable steps to : Change a practice, policy or procedure which makes it impossible or unreasonably difficult for disabled people to make use of its services.*

Mr. HW Geter II
Tenant  A-11

**P.S.** *Allow the records to show that Ms. Connie Fletcher - Manager, The Cloisters, knew of this disability since October of 2003.  Thus knowing of this disability... Why did management deny the rights of this tenant which is required by law . By this sequestering action ~ the Tenant by law, Now has a legal right to recovery [ in court ], fully ...all expenses incurred upon his payment of late charges and legal fees, brought upon him by the management past actions.*

*That management by its fail action, must now cure this ' DISCRIMINATION ', restoring those monies... where the records [ held by the tenant ] can show the amount of the overpayments made to the renting office, which then support the monies due him bears a legal suit, to any formal legal recovery action.*

*The Court Citing: where the government disability claim approval was provided to service providers where  then  the actions follow, were against  the " reasonable adjustments " due the disability, this action defeated the purpose of the law, monies of recovery is deem lawfully due.*

Attachments (3) - *Disability Rights in Housing*
       Received Notice - Date February 16, 2007

cc - Rent Administrator **RADC**
    Room 7280
    941 N. Capital Street, N.E.
    Washington, D.C. 20002
    *[Pending] Superior Court of
    The District of Columbia*

pg 3

**HORNING BROTHERS**

DOUBLE H HOUSING CORPORATION

<u>RULES AND REGULATIONS</u>

A-11

🗀 **FILE**

1. ALL RENTS are due on the first of the month at <u>100 MICHIGAN AVE NE A-21</u>
Rents received after the FIFTH of the month are subject to a $15 LATE CHARGE. Rents
received after the TENTH of the month are subject to an additional $15 LATE CHARGE.
After the 15th of the month, any rents received are subject to a $50 LATE CHARGE.
$25 will be charged to any resident who is SUED for back rent or possession of
apartment and $30 will be charged for each returned check. NO PERSONAL CHECKS WILL
be accepted as payment of rent AFTER the FIFTH (5th) of the month.

2. Refer all questions, concerns, and requests for repairs or service to the Resident
Manager at <u>100 MICHIGAN AVE NE A-21</u>, telephone <u>2/382-9090</u>.

3. TRANSFERS: There is a transfer fee in the event you wish to transfer from one
apartment to another. In addition, you must sign a new lease and bring the security
deposit up to market rent.

4. PROPERTY DAMAGE: Any damage to the property such as cabinets, refrigerators,
garbage disposals, windows, caused by resident's negligence will be charged to the
resident, payable with the next month's rent after charges have been assessed.

5. NOTICE TO VACATE: Notice to vacate must be given in writing at least on or before
the first day of the month, 60 days prior to the date of vacating. The 60-day notice
is to expire on the last day of the month. Should the notice be improper, the resident
will be financially responsible for ANY AND ALL RENT WHICH MAY BE DUE in accordance
with the terms of the lease and WILL ALSO FORFEIT ALL SECURITY DEPOSIT. A form
explaining move-out procedures will be sent to you when the proper notice to vacate
is received.

6. PEPCO MUST BE NOTIFIED and have meter placed in resident's name before moving into
the apartment.

7. APARTMENT OCCUPANCY: The following maximum occupancy is permitted in each apartment
size:

       o  ONE BEDROOM:      Two (2) Persons
       o  TWO BEDROOMS:     Three (3) Persons
       o  THREE BEDROOMS:   Four (4) Persons

8. LOCK OUTS: Lock outs occuring after normal office hours will be charged a $10
fee up to the reasonable hour of 9 pm; after 9 pm, persons locked out will be charged
$25. Payable in CASH at time of entry.

9. LOCKS: No resident shall ALTER any lock or INSTALL a new lock or knocker on any
door without the written consent of the Management. Management has the right to access
the premises in case of an emergency, routine maintenance, or bi-annual apartment
inspections.

10. PETS: NO pets of any type are allowed, without the written consent of Management.

11. ALTERATIONS: NO Alterations of any kind are permitted without the written consent
of the Management. (Paintings, unusual picture hangings, contact paper, mirrored tiles,
decals, peel and stick rugs or tiles, etc.)

12. CAR WASHING AND CAR REPAIRS OF ANY TYPE: NO car washing or car repairs of any type
are permitted on the premises or the area surrounding the buildings. Abondoned vehicles
or vehicles with dead tags will be towed away immediately, at the owner's risk and expense.

13. STORAGE ROOMS: If storage space is provided for your convenience, they must be locked
and uncluttered. However, Horning Brothers cannot be held responsible for

Mrs. Veda S Brinkley:

**Record Log 50000**

This **_Accounting Notice_** is reviewed to the Payment of Record... And! Is given to! the receivership of the **_TENANT OFFICIAL RESPONSE_** dated February 22nd 20007 upon which was faxed to the following number ... 12026599489 @ Horning Brothers to Mrs. Veda S. Brinkey , where to a copy was place to the Cloisters ... 12029861215.

**_ACCOUNT NOTICE_**... HW Geter II
Tenant A-11 Cloisters

**_OFFICIAL LOG RECORDS OF PAYMENTS_**
_Held to Tenant Log Records ... Xerox Copies_

**_The following Payments have been received ... Starting After October 6, 2003_**     **FILE COPY**

| _Mo/Yr  03 - 07_ | | _Payment Amounts_ | _Adjustments Due_ | _Amounts Due_ |
|---|---|---|---|---|
| November | 03 | 50754...$1325.00 | ... -  $890.00 | |
| December | 03 | 50755...$1375.00 | ... -  $890.00 | ... -  $435.00 |
| January | 04 | 50756...$1375.00 | ... -  $890.00 | ... -  $485.00 |
| February | 04 | 50757...$1405.00 | ... -  $890.00 | ... -  $485.00 |
| March | 04 | 50758...$1325.00 | ... -  $890.00 | ... -  $515.00 |
| April | 04 | 50759...$1352.00 | ... -  $890.00 | ... -  $435.00 |
| May | 04 | 50760...$1377.00 | ... -  $890.00 | ... -  $462.00 |
| June | 04 | 50761...$1422.00 | ... -  $890.00 | ... -  $487.00 |
| July | 04 | 50762...$1412.00 | ... -  $890.00 | ... -  $532.00 |
| August | 04 | 50763...$1383.00 | ... -  $890.00 | ... -  $522.00 |
| September | 04 | 50764...$1367.00 | ... -  $890.00 | ... -  $493.00 |
| October | 04 | 50765...$1367.00 | ... -  $890.00 | ... -  $477.00 |
| November | 04 | 50766...$1432.00 | ... -  $890.00 | ... -  $477.00 |
| December | 04 | 50767...$1504.00 | ... -  $890.00 | ... -  $542.00 |
| January | 05 | 50768...$1432.00 | ... -  $890.00 | ... -  $614.00 |
| February | 05 | 50769...$1432.00 | ... -  $890.00 | ... -  $542.00 |
| March | 05 | 50770...$1352.00 | ... -  $890.00 | ... -  $542.00 |
| April | 05 | 50771...$1550.00 | .. -  $890.00 | ... -  $462.00 |
| May | 05 | 50772...$1420.00 | ... -  $890.00 | ... -  $660.00 |
| June | 05 | 50773...$1615.00 | ... -  $890.00 | ... -  $530.00 |
| July | 05 | 50774...$1673.00 | .. -  $890.00 | ... -  $725.00 |
| August | 05 | 50775...$1366.37 | ... -  $890.00 | ... -  $783.00 |
| September | 05 | 50776...$1393.00 | ... -  $890.00 | ... -  $476.37 |
| October | 05 | 50777...$1393.00 | ... -  $890.00 | ... -  $503.00 |
| November | 05 | 50778...$1393.00 | ... -  $890.00 | ... -  $503.00 |
| December | 05 | 50779...$1393.00 | ... -  $890.00 | ... -  $503.00 |

**_ATTACHMENT C ...     MATERIAL EVIDENCE_**

**Mo/Yr  03 - 07**

| | | Payment Amounts | Adjustments Due | Amounts Due |
|---|---|---|---|---|
| January | 06 | 50780 ... $1453.00 | ... - $890.00 | ... - **$563.00** |
| February | 06 | 50781 ... $1453.00 | ... - $890.00 | ... - **$563.00** |
| March | 06 | 50782 ... $1318.00 | ... - $890.00 | ... - **$428.00** |
| April | 06 | 50873 ... $1500.00 | ... - $890.00 | ... - **$610.00** |
| May | 06 | 50874 ... $1500.00 | ... - $890.00 | ... - **$610.00** |
| June | 06 | 50875 ... $1420.00 | ... - $890.00 | ... - **$530.00** |
| July | 06 | 50876 ... $1479.00 | ... - $890.00 | ... - **$589.00** |
| August | 06 | 50877 ... $1500.00 | ... - $890.00 | ... - **$610.00** |
| September | 06 | 50878 ... $1495.00 | ... - $890.00 | ... - **$605.00** |
| October | 06 | 50879 ... $1505.00 | ... - $890.00 | ... - **$615.00** |
| November | 06 | 50880 ... $1500.00 | ... - $890.00 | ... - **$610.00** |
| December | 06 | 50881 ... $1530.00 | ... - $890.00 | ... - **$640.00** |
| January | 07 | 50882 ... $1500.00 | ... - $890.00 | ... - **$610.00** |
| February | 07 | 50883 ... $1530.00 | ... - $890.00 | ... - **$640.00** |

**Total Due Amount:**

**$21,916.37**

Allow this Fax... to establish my intention to go before the Courts to restore (make whole) to me, the Disability Payments removed ... via  the inactions  of Management of the Cloisters [Horning Brothers], to make "Reasonable Accommodations" given to my _D_isable as per the law ~ Disability Rights in Housing... duly states.  It is my hope that the _Total Due Amount_,  would be acknowledge and appropriate actions taken to address this fault of management unto a open manner [ _having no need for court actions_ ].

Mr. HW Geter II

_February 28th 2007_

**P.S.**  _Only  personal  from the 'Rent Administrator Office' will be given access to bring into review... the authenticity of  the  payment  records._

cc - Rent Administrator RADC
     Cloisters - Management

pg 2

## CERTIFICATE OF SERVICE

I    Henry W. Geter II    HEREBY CERTIFY on this _____ day of _____, 2007, that a copy of the foregoing AMENDED COMPLAINT was mailed to the Defendants:

> Horning Brothers
> The Cloisters
> Ms. Veda S. Brinkley
> Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***:  Schuman & Felts, CHTD, 4804 Moorland Lane Bethesda, MD 20814, Attn: Phillip L. Felts, Esquire. by first-class mail. *[Noting: Entry of Appearance ~ not received until June 26 th, 2007.]*

(

_____
Henry W. Geter II
100 Mich. Ave. N.E.  Suite A-11
Washington DC 20017