IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)
      vs.
Horning Brothers Corporation
Trinity LP
Veda S. Brinkley
Connie Fletchers
   (Defendant)

Case File No:   07-CV-0757   RBW

MEMORANDUM AND CLARIFICATION
REGARDING DISCRIMINATORY ACTS; POLICY
WITHIN THE DISTRICT OF COLUMBIA
[*HELD TO PLAINTIFF MOTION TO DISMISS*]

     The information of this Memorandum bring further clarification of the Options placed upon the Plaintiff. It is given to the Letters [1] received via HUD and OHR. Where the documents received by the plaintiff, gives a direction of law, upon the actions filed with HUD.

Pursuant to DC Code ss 2-1403.16 ... the Office of Human Rights closed its case upon: **Mr. Henry W Geter II v. Trinity Community LP, et al** due to the fact, that the complainant filed a similar action in the U.S. District Court For The District Of Columbia.

According to law of the District of Columbia, a citizen within its jurisdiction [ meaning the Office of Human Rights ~ OHR ] has no legal rights, to pursue a violation of federal law upon one's Constitutional Rights in suit ... against any other person and or corporation, where after its investigation and finding of **discrimination**; having been establish within its jurisdiction, *probable cause* to the violation of federal law. Plaintiff believes this to be a constitutional violation of law.

Pg 1

RECEIVED
NOV 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1]. On a motion to dismiss the court may consider documents described in, but not attached to, a complaint. See Branch v. Tunnell, 14 F.3d 449, 454 (9th cir. 1994); In Re Culpine Corp. sec. Litig., 288 F. Supp. 2d 1054, 1076 ( N.D. Cal. 2003)

**Federal Law Citing:** *Title 42 U.S.C. Section 1983* [ Overview ] <u>***Every person***</u> who, under color of any statute... subjects... any citizen of the United States... to the deprivation on any rights, privileges... secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity... etc.

...

While federal law prohibits ' Discriminatory Acts ' on the basis of one's disability. The Government of the District of Columbia by its enforcement actions upon there ruling, has established that its ruling ***supersede,*** the federal law rights due the plaintiff as mentioned hereto the above. Thus to address the comments of clarification raised by this Court, **this Memorandum** is placed to render upon the Court Order, the Plaintiff action, forced upon him to filed a ' Motion To Dismiss '.

As indicated, the actions of OHR, is not! I believe to test the authority of my legal rights within US District Court For The District of Columbia. But to allow its administrative adherence to policies, that would bring full enforcement of the law upon the Federal Violation stated... ***Discrimination.*** It is their belief! OHR ... that by the Plaintiff action to file a " Motion to Dismiss ", will offer a more effective response of the government to the establish violation. <u>*Y*</u>et it removes ***my rights*** to suit in Federal court.

Let the records confirm that my intention was to dismiss the complaint against " Trinity LP " <u>***only***</u>; *leaving the other defendants in suit, giving to the full counts filed... **due to the fact*** ~ OHR case is not given to a statute violation of these defendants as capture in their case number ...07-176-H; HUD case number 03-07-0283-8, cited above. *However!* OHR has determine that all defendants must be removed. *However!* should the municipality of Washington DC ruling violate ***my rights***, it giving foundation to the Plaintiff 'Motion To Dismiss', the appellate court has render a legal option unto this <u>*municipality failure*</u> .[2]

Plaintiff ***NOW ASK*** of this court, to fully address the applicability of DC Code ss 2-1403.16 to his "Motion To Dismiss." Yet ask too! Does the actions of OHR have legal standing to remove the

Pg 2

---

[2].S.D.N.Y. 2001. Pursuant to ss 1983, a municipality can be held liable for damages and either injunctive or declaratory relief, but liability is not predicated on the theory of respondeat superior; rather, the plaintiff must show that use deprivation of his constitutional right, result of a policy statement, ordinance, regulation adopted and promulgated by the municipality's officers or by the municipality's custom or policy. 42 U.S,C.A. ss 1983. – Lyde v. New York City, 145 F.Supp.2d 350.

complaint[3] filed in <u>US District Court For The District of Columbia?</u>; in its entirety, preventing a citizen of the United States to pursue his or her constitution rights, held to Title 42 U.S.C. Section 42. **D**id the District of Columbia apply the Code Section 2-1403.16 wrongly? ***Should!*** the applicability of the DC Code have legal standing ... ***Plaintiff ask for the Dismissal of his Case, in its entirety*** ; so that justice may be served. Otherwise... Plaintiff will continue to pursuit this case in Federal Court. Asking that a **scheduling order** be placed upon the parties thereto.

For the comments within the documents placed to the Plaintiff by OHR; duly establish the conduct of the Defendants[4] *are in violations of District Law, as well as, Federal Law.* The question now is, who has primary jurisdiction upon this issue? Plaintiff filing in this court is held to the Constitutional Violation of Federal Law, OHR argument is placed upon the Housing Violation within the District of Columbia. Federal Rights vs. State Rights... governs this matter here. ***Again the Plaintiff ask... is this a constitutional violation[5] of the law?***

Respectfully Submitted:

_____
Henry w Geter II ~ Plaintiff
100 Mich. Ave. NE.   A-11
Washington DC 20017

11/14/07

Attachments (2) ... Letters

Pg 3

---

[3]. Municipalities and counties are " persons " exposed to litigation under federal civil rights statutes, if the legal requisites are fulfilled. 42 U.S.C.A. ss 1983, 1988 – Scott v. Clay County, TN, 205 F.3d 867, 2000 Fed. App. 74P.

[4]. In the Second Circuit, personal involvement of defendants in the alleged constitutional deprivation is a prerequisite to an award of damages under ss 1983. 42 U.S.C.A. ss 1983. – Rivers v. O'Brien, 83 F.Supp.2d 328.

[5]. In a ss 1983 action, a municipally may only be held liable for constitutional violations which result from a policy or custom of the municipality. 42 U.S.C.A. ss 1983. – Yellow Horse v. Pennington County, 225 F.3d 923.

## CERTIFICATE OF SERVICE

I   Henry W. Geter II   HEREBY CERTIFY on this _14th_ day of _Nov._, 2007, that a copy of the foregoing MEMORANDUM was mailed to the Defendants:

Trinity Community LP

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1000 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_____
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

**AFFIDAVIT AND SUMMARY OF THE**
**LEGAL CONSIDERATION DUE THE COMPLAINANT**

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 OCT 15 AM 11:46

NANCY M. MAYER WHITTINGTON
CLERK

STATE OF: ~~Maryland~~ Washington

~ CONFIDENTIAL ~

COUNTY OF: Prince George's

**COMPLAINANT DISMISSAL BRIEF**

*Before Me*, the undersigned authority, on this day appeared __Henry W Geter II__ who position as the Tenant at the Residential Complex...The Cloisters, 100 Michigan Avenue N.E. Apt. A-11, Washington D.C. 20017: under the Management of the Horning Brothers and The Cloisters Staff; and Plaintiff [unto any future filings ~ Lawsuit, in Federal District Court] shown hereto below, being sworn, deposes and says that, this AFFIDAVIT bear upon the activities governing: **HUD's Title VIII Fair Housing Complaint Process;** held to those services given its *Investigation*, as seen to [Docket No. 07-176-H, Henry W. Geter v. Trinity Community LLP, et al, filed upon a complaint of discrimination with the U.S. Department of Housing and Urban Development (HUD); HUD Case No. 03-07-0283-8] those facts placed upon the Trinity Community LP; Respondent One, by action of the Complainant: Mr. Henry W. Geter II.

Below supportive facts *NOW* fully ... address this *Official Notice* placed before the Government.

**Case Law: S.D. 2000** *One who initiates civil proceedings against another has probable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based, and reasonably believes that under such facts the claim may be valid at common law or under existing statute. -- Manuel v. Wilka, 610 N.W.2d 458, 2000 SD 61.*

**Official Government Staff...**

**HUD Field Director:** _____Mr. Steven M. Paikin_____  (HUD Washington DC Field Office)

**Federal Violation Raised:** Housing Discrimination Complaint  (Fair Housing Violation)

**Investigation Officer:** ___Ms. Mandi W. Galloway Esq.___  (DC OHR)

**Mediation Officer:** _____Larry Harrison_____  (DC OHR)

**Special Assistant:** _____Ms. Barbara Delaney_____  (DC OHR)

Pg 1

Received 10/15/2007
by Julia Sarmiento

ATTACHMENT 4

*General Complaint Issues:*
    Discriminatory terms, conditions, privileges, or services and facilities.
    Failure to make reasonable accommodation

*Record of Complaint:*    Allegation constitute a violation of Section 804 of Title VIII of the Civil Rights Act of 1968 as amended and the Fair Housing Act of 1988

*as well as... Witnesseth ... Title 42 U.S.C. Section 1983*

*Facts in Support; including all known and relevant dates:*   *Complaint being timely filed*
    See ... *LETTER OF DETERMINATION*    Date June 18th, 2007
  *See ... US Depart of Housing and Urban Development ~ LETTER*    Date Oct. 3rd, 2007

*Noting:*   DCOHR continued to pursue your case, and is prepared to provide representation to you in a civil court action... etc. i.e. Barbara Delancy, Special Assistant for Fair Housing Programs at **DCOHR** has advised you the **DCOHR** stands ready to process with your matter... etc. i.e. should the administrative procedure not provide a successful resolution to your matter. *Page 2*

**Citing Violation:**   Fair Housing Act ~ Sec. 804 [42 U.S.C. 3604] f(3)(B)   *Discrimination In Sale or Rental of Housing and Other Prohibited Practices:* A refusal to make accommodation in rules, policies, or services when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling;   *See Governing Law* This violation is seen as a Special Protection placed to individuals whom are physically disable.

*Options available to you (complainant) with HUD:*

[x] If, after investigating you complaint, HUD finds reasonable cause to believe that discrimination occurred, it will inform you. Your case will be heard in an administrative hearing within 120 days, unless you or the respondent *want the case to be heard in Federal District Court.*

[x] If your case goes to an administrative hearing *HUD attorneys will litigate the case on your behalf.* An Administrative Law Judge (ALA) will consider evidence from you and the respondent. If the ALA decides that discrimination occurred, the respondent can be ordered:

   \* To compensate you for actual damages, including humiliation, pain and suffering.

[x] If you or the respondent choose to have you case decided in Federal District Court, *the Attorney General will file a suit and litigate it on your behalf.* Like the ALA, the District Court can order relief, and award actual damages, attorney's fees and cost. In addition, the Federal Court can award *punitive damages.*

***In Addition:***

[x ] You May File Suit: You may file suit, at your expense, in Federal District Court or State Court within two years of an alleged violation. Yes! *You may bring suit even after filing a complaint, if you have not signed [with HUD] a conciliation agreement and an Administrative Law Judge has not started a hearing.*


***Established Elements:***

***Conciliation Terms and Conditions:*** the approval of the Reasonable Accommodation request fully prior to the discussions of any forthcoming settlement action [ is hereby noted by the Claimant ] ... *Before*  i.e.   see below ~ settlement term
***Settlement Term and Conditions:***   any and all settlement amounts shall be forthcoming in full within Ten (10) Calendar Days from the Settlement Agreement signed document
*Settlement Amount raised by the Complainant is ... $ 840,000.00 ...+ Plus*
*Settlement Agreement is hereby attached*

***Governing Law***

*W.Va. 1999. A violation of a statute\* is prima facie evidence of negligence. – Shaffer v. Acme Limestone Co., Inc., 524 S.E.2d 688.  When a statute imposes a duty on a person for the protection of others it is public safety statue and a violation of such a statute is prima facie evidence of negligence unless the statute says otherwise. – Id.  A member of a class protected by a public safety statute has a claim against anyone who violates such a statute when the violation is a proximate cause of injury to the claimant. Id*

   *\* [Held to ... Civil Rights of Act of 1968, as amended , Fair Housing Act of 1988]*

*Note... A prima-facie case is a lawsuit that alleges facts adequate to prove the underlying conduct supporting the cause of action and thereby prevail. [ Hernandez v. New York, 500 US 352 (1991) ]*


***Litigation and Discovery***

[x ] Should the Complainant file suit against the Respondent, a complete review of the Business Records shall be ask of ~ placed to the Justice Department, to bring exposure to the past failures* held to the underlined complaint raised.

   * If the Respondent wish to revisit the elements held hereto in the future; being no more than 30 days from the *Signed Date* shown below, the claimant will be open to the offer made... *Plus* (+) a raised amount of 40% to be added to the settlement amount.

## CONCLUSION

Whereto the conciliation / settlement fails ! the Claimant is prepared to litigate the matter to Judgment, exposing the Respondent to full federal liabilities, as well as, punitive damages[1] for their failure to protect the *Equal Rights Due* the Claimant; upon which they must have known of and or must have realized, *their intent is* foreseen unto their actions and conduct, as raised to the violation [Complaint].

  Notes:
  [x]   Conciliation is blinding upon the Claimant Settlement Agreement.
  [x]   Settlement amount is non-negotiable [ fixed line item].
  [x]   In Settlement, *where agreed to*: **DCOHR** shall be authorized to review settlement, including all of the terms and conditions, and have all parties sign the documents before anyone leaves the conciliation conference room.
  [x]   Counsel in representation of Owner, shall have full Power of Attorney.

*Who Is Considered Disabled?*  The Federal Fair Housing Act and Fair Housing Amendments Act ( 42 U.S.C. Code A-subsections 3601 - 3619, 3631 ) prohibit discrimination against people who:

* have a physical or mental disability that substantially limits one or more major life activities – including but not limited to... mobility impairments, etc.

*Callous* ... one who is emotionally hardened; unfeeling; insensitive; unsympathetic; indifferent; uncaring; unconcerned..

*Defined Economic Damages !*   Economic damages are the amount of money that will fairly and adequately compensate [ Henry W. Geter II ] for measurable loses of money or property caused by [ Trinity Community LLP]'s faults ... violations of federal laws*.

* a) *42 U.S.C. section 3601, et. Seq.* ;   b) *Title VIII of the Civil Rights Act of 1968, as amended;*   and   c) *The Fair Hosing Act of 1988*

**NOW COME THE CLAIMANT** ... action to file thereto *US District of the District of Columbia* ... its **MOTION TO DISMISS WITHOUT PREJUDICE** upon the Respondent ... *Trinity LP.*

Pg 4

---

[1] .C.A.D.C. 1997  Punitive damages for violations of federal law are available where a civil rights defendant's conduct is motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights of others. – *Samaritan Inns, Inc. v. District of Columbia,* 114 F.3d 1227, 325 U.S. App. D.C. 19, *rehearing denied.*

As Filed in Federal Court ...    See Filing Stamp Date

Respectfully Submitted                Dated this __15th__ day of __Oct.__ 2007

Affiant / Claimant __HENRY W GETER__
                        Print

Affiant / Claimant __/s/ Henry W Geter/__
                        Signature

                                    Witness __Erica Quinlan__
                                                Print
                                    Witness __/s/ Erica Quinlan/__
                                                Signature

Attachments : Three (3)
    October 3rd, 2007 Letter from... Mr. S.M. Paikin
    Claimant Settlement Agreement    ... w/ attachments
    Motion To Dismiss... Plaintiff - *File Copy* : *US District Court DC*


FURTHER AFFIANT SAYETH NOT

Sworn to and described before me this __15th__ day of __October__ 2007.

NOTARY PUBLIC __/s/ Anne Stackhouse Hicks/__

STATE OF __Maryland__

My Commission expires __12/1/07__

ANNE STACKHOUSE HICKS
NOTARY PUBLIC STATE OF MARYLAND
MY COMMISSION EXPIRES
DECEMBER 1, 2007

                                        Seal

Pg 5



U.S. Department of Housing and Urban Development

Steven M. Paikin, Director
Office of Fair Housing and Equal Opportunity
District of Columbia Field Office
820 First Street, NE
Washington, DC 20002-4205
(202) 275-9200, ext. 3157
(202) 275-0793 (fax)

**FILE COPY**

*Sent via Certified Mail, Return Receipt Requested
and Regular First Class Mail*

October 3, 2007

Henry W. Geter, II
100 Michigan Avenue, NE
Apartment A-11
Washington, DC 200017

RECEIVED
DATE: OCT 12th 07
BY: HWG

Re: Geter v. Trinity Community LP, et al
    HUD Case No: 03-07-0283-8
    FHAP Case No: 07-176-H

Dear Mr. Geter:

    I am in receipt of the message you left on my telephone voice mail on Wednesday, September 19, 2007, the e-mails you have sent to various individuals, and our recent telephone conversation regarding the above-referenced case.

    Apparently, there is some misinformation regarding the Department of Housing and Urban Development's (the Department) case processing and investigative procedures relative to an investigation conducted by a state or local enforcement agency, such as the District of Columbia Office of Human Rights (DCOHR). The Department enters into cooperative agreements with state and local jurisdictions that have fair housing or anti-discrimination laws that are substantially equivalent to the federal Fair Housing Act (the Act)(See: 42 U.S.C. 3610 (f) and 3616). The agreement the Department has with such agencies is that when a complaint is timely filed and meets the jurisdictional requirements of the state or local jurisdiction, it will be referred to that agency for processing and investigation. This agreement does not permit the Department to reopen or reinvestigate cases that have been sufficiently investigated by the agency that conducted the investigation. Clearly, your case was sufficiently investigated by DCOHR in that it has made a determination of reasonable cause. Therefore, your case will not be re-investigated or conciliated by the Department. Those duties remain with DCOHR if you requested that they reopen your complaint

ATTACHMENT B

DCOHR continued to pursue your case, and is prepared to provide representation to you in a civil court action once their administrative procedures are exhausted and there has been no favorable resolution to the discriminatory activity they determined to exist. However, as you are aware, the statute under which DCOHR operates prohibits DCOHR from continuing to process the complaint once a Complainant chooses to file a private civil action. You have made the choice to file such a private civil action. Neither the District's statute nor the federal Act provide for the government to provide representation to someone who chooses to file a private action.

The federal Act does provide for representation by one of the Department's attorneys in an administrative procedure, or by a Justice Department attorney in cases in which a party makes an election to pursue a civil action in federal District Court. However, the Act provides that the election occurs after the Department has issued a charge in cases that the Department has investigated (See: 42 U.S.C. 3610 and 3612). The government files those civil actions, not private citizens. The Department did not investigate your case, nor has it issued a charge. Your complaint was investigated by DCOHR pursuant to 42 U.S.C. 3610(f). That section of the Act at 42 U.S.C. 3610(f)(2) prohibits any further action by the Department with respect to your complaint except in three instances:

1. If the certified agency has failed to commence proceedings with respect to the complaint before the end of the 30th day after the date of referral;
2. the certified agency fails to proceed with reasonable promptness after it has commenced proceedings; or
3. the Secretary determines the certified agency no longer qualifies for certification.

None of those instances are present in your case. Therefore, the Department has no authority to proceed on your matter, which, as I previously stated, has been thoroughly and sufficiently investigated by DCOHR.

The Act provides for a private right of action for which an aggrieved person would have to obtain their own legal counsel. The Act also provides that the Court can appoint an attorney should an aggrieved person not be able to afford an attorney (See: 42 U.S.C. 3613(b)). Again, this is the path you have chosen, to proceed with your matter by filing a private civil action for which a government attorney is not available. Barbara Delaney, Special Assistant for Fair Housing Programs at DCOHR has advised you that DCOHR stands ready to proceed with your matter by completing their administrative procedure and providing representation to you in a civil action filed by DCOHR should the administrative procedure not provide a successful resolution to your matter. However, you would be required to withdraw the civil action you have filed for DCOHR to proceed.

      I hope that this clears-up the misunderstanding that has occurred in this matter. Should you have any further questions, please feel free to contact me at (202) 275-9200, extension 3157.

                               Sincerely,

                               Steven M. Paikin, Director
                               Office of Fair Housing and Equal Opportunity
                               District of Columbia Field Office

cc:  Wanda Nieves
      Debra McGhee
      Gustavo F. Velasquez