UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. GETER, II, | * |
| Plaintiff, | * |
| v. | *   Case No.: 1:07-cv-00757 (RBW) |
| HORNING BROTHERS, *et al.*, | * |
| Defendants. | * |

## **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher (hereinafter "Defendants"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(c), hereby respectfully move this Honorable Court for the entry of an Order granting judgment in their favor.[1]

The April 30, 2007 Amended Complaint states five claims. None of these claims is viable as a matter of law. The first claim, a violation of the Fair Housing Act, fails to show a discriminatory action by the Defendants. The Plaintiff's count two (misrepresentation) and count three (negligence) do not lay out any of the required elements for these claims. Count four (discrimination) and count five (exemplary damages) are not actual torts that the Plaintiff can bring in a lawsuit.

WHEREFORE, Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, respectfully pray that their Motion For Judgment On The Pleadings will

---

[1] In this Court's Order of October 24, 2007, it is noted that "Trinity LP" is not a defendant. In addition, Horning Brothers Corporation has not been properly served but is included in this Motion without waiving its defenses so as to facilitate judicial economy.

be granted. Additional grounds are set forth in the accompanying Memorandum Of Points And Authorities.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____
David P. Durbin
Bar #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
(202) 496-2804
Fax: (202) 496-2800
E-mail: d.durbin@jocs-law.com

Counsel for Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion For Judgment On The Pleadings Of Defendants, Veda S. Brinkley and Connie Fletcher, together with its accompanying Memorandum Of Points And Authorities and proposed Order was mailed, first class and postage prepaid, this 20TH day of November, 2007 to:

Mr. Henry W. Geter, II
Suite A-11
100 Michigan Avenue, NE
Washington, DC 20017

_____
David P. Durbin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY W. GETER, II, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:07-cv-00757 (RBW) |
| HORNING BROTHERS, *et al.*, | * | |
| Defendants. | * | |

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF THE MOTION FOR
# <u>JUDGMENT ON THE PLEADINGS</u>

Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, (hereinafter "Defendants"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(c), hereby respectfully move this Honorable Court for the entry of an Order granting judgment in their favor.

## I. <u>SUMMARY OF UNDISPUTED FACTS</u>

Solely for the purposes of this Motion, the Defendants adopt the Plaintiff's version of the facts stated in the Plaintiff's Amended Complaint which was filed on April 30, 2007. The Plaintiff entered into a lease agreement with Horning Brothers Corp., to rent an apartment at The Cloisters, 100 Michigan Ave. NE, Washington, DC. The agreement, commencing on April 1, 2003, was for the Plaintiff to pay equal monthly installments of $1,325.00 on the first of every month as rent. <u>See Plaintiff's Amended Complaint</u> at 2. After several months following his tenancy, the Plaintiff became disabled. Due to his diabetes, both of Plaintiff's feet had to be amputated. *Id.* In light

of his disability, the Plaintiff began to receive disability benefits from the Social Security Administration. These payments are received by the Plaintiff on or about the second Wednesday of each month. Id.

On October 26, 2003, the Plaintiff made a request for accommodations to the management of The Cloisters. He asked that his rent be reduced to $890.00 and that payment be due after the second Wednesday of each month. Id.

During 2007, the Plaintiff's rent had increased, pursuant to his lease, to $1418.00, and it was still due the first of each month. On February 17, 2007, the Plaintiff received a notice to cure violation or vacate the premises from the Defendants. This notice was sent because the Plaintiff was continually and habitually paying his rent late. Id. at 3. On February 24, 2007, the Plaintiff made another request for accommodations mirroring his October 26, 2003 request of reducing his rent to $890.00 and being allowed to pay rent after the second Wednesday of each month.

## II. ARGUMENT

A.    Plaintiff's First Claim - Fair Housing Act Violation

Under the Fair Housing Act, it is unlawful for a housing provider to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a covered person equal opportunity to use and enjoy a dwelling. 42 USC § 3604(f)(3)(B). In order to prevail on a claim under the Act, a tenant is required to demonstrate that, but for the accommodation, he would likely be denied an equal opportunity to benefit from the housing of their choice. See

Douglas v. Kriegsfeld, 884 A. 2d 1129 (D.C. 2005). If the Complainant satisfies his burden, he raises a rebuttable presumption that the Respondent's conduct is unlawful discrimination. See Arthur Young & Co. V. Sutherland, 631 A. 2d 361 (D.C. 1993). After this rebuttable presumption is raised, the Respondent must then articulate some legitimate, nondiscriminatory reason for its action. Once the Respondent satisfies its burden of producing a nondiscriminatory reason for its action, the Complainant must show both that the reason was false and that discrimination was the real reason for the action. Judgment as a matter of law would be appropriate for the Respondents (1) "if the record conclusively revealed some other, nondiscriminatory reason for the Respondents' decision, " or (2) the Plaintiff's factual challenge to the Respondents' articulated reasons was "weak" and there was "abundant and uncontroverted" independent evidence that no discrimination had occurred. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (U.S. 2000).

 A tenant who seeks accommodation of a disability must show that the requested accommodation "may be necessary" to assure "equal opportunity to use and enjoy a dwelling." See Good Shepherd Manor Found, Inc. V. City of Momence, 323 F. 3d 557, 561-62 (7th Cir. 2003). In other words, the tenant must show that the disability "has caused the need for the accommodation and that the accommodation requested would eliminate the problem." Douglas at 1133 (D.C. 2005).

 Here, the Plaintiff had the option of either paying his rent early, upon receipt of his disability payment, or saving those sums so that he could timely pay rent on the first of the month. The refusal to accommodate a lower rent and timing of payment has nothing to do with the existence of the Plaintiff's disability and, therefore, he cannot

meet the causation requirement to establish a violation under the Act.

"An accommodation will not be reasonable, and thus will not be required, if it would impose an undue financial and administrative burden on the landlord or would fundamentally alter the nature of the landlord's operation." Douglas at 1109 (D.C. 2005). An accommodation has been held not to encompass a requirement for a landlord to subsidize rent. See Rosenthal v. Hershman, 2005 U.S. Dist. LEXIS 2181 (E.D. Mo. 2005). Landlords are required to have flexibility in applying a rental policy, but the Housing Act does not require landlords to accommodate needs generated by the inability of a disabled person to generate income by working. Salute v. Strattford Greens Apartments, 136 F. 3d 293 (2nd Cir. 1998).

The Defendants' operation of their rental property consists of collecting rent on the first of every month in order to pay utilities, salaries, and other routine expenses of running a business. It is unreasonable to ask the Defendants to alter the way they operate their business to allow the Plaintiff to continue to pay his rent late. It is also unreasonable to take an apartment that is currently being rented for over $1400.00 and force the Defendants to rent it for $890.00. The amount the Defendants charge for rent is based upon the expenses of running the business. These decisions have nothing to do with the Plaintiff's disability. Instead, the decisions are based on the reasonable agreement of collecting a fair rent on the first of every month. Because the Plaintiff cannot meet the burden of proving that the Defendants' actions were discriminatory under the Act or that the requested accommodation had a nexus to his disability, the Defendants move for a judgment in their favor for Count one of the Amended Complaint.

B.  Plaintiff's Second Claim - Intentional Misrepresentation

A claim for misrepresentation has six essential elements, as follows: (1) that Defendant made a representation to the Plaintiff; (2) that the representation was false; (3) that the representation was known, or should have been known, by Defendant to be false when it was made; (4) the Plaintiff relied on the representation and was deceived by it; (5) the Plaintiff acted with ordinary prudence in relying on the representation; and (6) that the false representation was the proximate cause of injury to the Plaintiff. See Higgs v. Higgs, 472 A.2d 875, 876 (D.C. 1984).

Here, the Defendants have not made any misrepresentations to the Plaintiff. Indeed it is not clear from the Amended Complaint what misrepresentations the Plaintiff is claiming. The Complaint states that, "the Defendants misrepresentation created an unreasonable risk and a severely disabling emotional response upon the Plaintiff with removal of the Equal Protection Law given to his cure request [his tenancy now 5 yrs], which is shown via the Plaintiff 'Tenant Official Response' filing with the Defendants on February 22, 2007, whom having an actual knowledge of its failings." See Plaintiff's Amended Complaint at 7. Plaintiff's Amended Complaint does not state any facts that support a misrepresentation claim, nor could the Plaintiff state any such claim given that the contention is that the contractual relationship (e.g., the lease) should be altered. For these reasons, Defendants move for judgment in their favor for Count two of the Amended Complaint.

C.  Plaintiff's Third Claim - Negligence

Negligence is the doing of some act a reasonably prudent person would not do, or the failure to do something a reasonably prudent person would do, when prompted

5

by considerations that ordinarily regulate the conduct of human affairs. In other words, it is the failure to use ordinary care under the circumstances in the management of one's person or property, or of agencies under one's control. "Whether a defendant has acted as a reasonable man in the circumstances depends upon whether his conduct, act or omissions, created an unreasonable risk of harm toward plaintiff." See Becker v. Colonial Parking, Inc., 133 U.S. App. D.C. 213 (D.C. Cir. 1969).

The Defendants' decision to not allow the Plaintiff to pay a reduced rent in the middle of the month cannot be deemed negligence. A reasonably prudent landlord would act in the same manner as the Defendants. Any duties owed to the Plaintiff in this context arise solely from the lease contract, and do not sound in tort. The Defendants move for judgment in their favor for Count three of the Amended Complaint.

### D.     Plaintiff's Fourth Claim - Discrimination

The Defendants submit that 'discrimination' is not a viable, separate claim from the Plaintiff's first claim for violation of the Fair Housing Act. Therefore, the Defendants move for judgment in their favor on Count four of the Amended Complaint.

### E.     Plaintiff's Fifth Claim - Exemplary Damages

Count five, exemplary damages, fails as a matter of law since there is no intentional tort claim which could support such relief. The Defendants move for judgment in their favor for Count five of the Amended Complaint.

III. <u>CONCLUSION</u>

The Plaintiff's claims, as above stated, are not viable as a matter of law against these Defendants.

WHEREFORE, Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, respectfully request that this Honorable Court grant their Motion For Judgment On The Pleadings.

Respectfully submitted,
JORDAN COYNE & SAVITS, L.L.P.

By: /s/ David P. Durbin

David P. Durbin
Bar #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.durbin@jocs-law.com

Counsel for Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. GETER, II, | * |
| Plaintiff, | * |
| v. | *  Case No.: 1:07-cv-00757 (RBW) |
| HORNING BROTHERS, *et al.*, | * |
| Defendants. | * |

## ORDER

Upon consideration of the Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher's, Motion for Judgment on the Pleadings, any Opposition thereto and the record herein, it is, by this Court, this _____ day of

_____, 2007

ORDERED, that the Motion for Judgment on the Pleadings of Defendants be, and the same hereby is GRANTED; and, it is further

ORDERED, that all Counts of the Plaintiff's Amended Complaint are hereby DISMISSED, with prejudice and judgment is entered in favor of the Defendants.

_____
U.S. DISTRICT COURT JUDGE

Copies To:

David P. Durbin, Esquire
JORDAN COYNE & SAVITS, L.L.P.
Suite 600
1100 Connecticut Avenue, NW
Washington, DC  20036

Mr. Henry W. Geter, II
Suite A-11
100 Michigan Avenue, NE
Washington, DC  20017