IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY W. GETER, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 1:07-cv-00757 (RBW) |
| | * | |
| HORNING BROTHERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, (hereinafter "Defendants"), by and through the undersigned counsel, hereby provide the following Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion For Judgment On The Pleadings, and Defendants' Opposition to Plaintiff's Motion for Summary Judgment.

SUMMARY OF UNDISPUTED FACTS

Defendants hereby incorporate by reference the Summary of Undisputed Facts as stated in their Memorandum of Points and Authorities in Support of the Motion for Judgment on the Pleadings.

ARGUMENT

Even though the majority of Plaintiff's arguments are unintelligible, the Defendants believe the Plaintiff's arguments are identical to those made in his Amended Complaint. None of

these claims is viable as a matter of law.

    A.    Plaintiff's Fair Housing Act Argument

The Plaintiff is alleging that the Defendants were obligated to honor his request for accommodation because the Fair Housing Act makes this kind of request mandatory on a landlord. This is incorrect.

A tenant who seeks accommodation of a disability must show that the requested accommodation "may be necessary" to assure "equal opportunity to use and enjoy a dwelling." See Good Shepherd Manor Found, Inc. V. City of Momence, 323 F. 3d 557, 561-62 (7th Cir. 2003). In other words, the tenant must show that the disability "has caused the need for the accommodation and that the accommodation requested would eliminate the problem." Douglas at 1133 (D.C. 2005). "An accommodation will not be reasonable, and thus will not be required, if it would impose an undue financial and administrative burden on the landlord or would fundamentally alter the nature of the landlord's operation." Douglas at 1109 (D.C. 2005). An accommodation has been held not to encompass a requirement for a landlord to subsidize rent. See Rosenthal v. Hershman, 2005 U.S. Dist. LEXIS 2181 (E.D. Mo. 2005).

Thus, it would be facially unreasonable to ask the Defendants to alter the way they operate their business to allow the Plaintiff to continue to pay his rent late. It is also unreasonable to take an apartment that is currently being rented for over $1400.00 and force the Defendants to rent it for $890.00. The amount the Defendants charge for rent is based upon, interalia, the expenses of running the business. These decisions have nothing to do with the Plaintiff's disability. Instead, the decisions are based on the reasonable agreement in the lease signed by the Plaintiff to pay a fair rent on the first of every month. Because the Plaintiff cannot

meet the burden of proving that the Defendants' actions were discriminatory under the Act or, more importantly, that the requested accommodation had any nexus to his disability, the Defendants are entitled to judgment in their favor on Count One of the Amended Complaint.

B.   Plaintiff's Remaining Claims

Plaintiff's claims for intentional misrepresentation, negligence, discrimination, and exemplary damages are not viable in this matter. Defendants hereby incorporate by reference the Arguments B through E as stated in their Memorandum of Points and Authorities in Support of the Motion for Judgment on the Pleadings.

## CONCLUSION

WHEREFORE, Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, respectfully request that this Honorable Court grant their Motion For Judgment On The Pleadings.

Respectfully submitted,
JORDAN COYNE & SAVITS, L.L.P.

By: *[signature]*
David P. Durbin  #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2847

Counsel for Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Reply to Plaintiff's Memorandum In Opposition to Defendants' Motion For Judgment On The Pleadings was mailed, first class and postage prepaid, this ___3rd___ day of December, 2007 to:

Mr. Henry W. Geter, II
Suite A-11
100 Michigan Avenue, NE
Washington, DC 20017

_____
David P. Durbin