## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)
     vs.
Horning Brothers Corporation
[Trinity LP]
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

Case File No:  07-CV-0757   RBW

### PLAINTIFF SUPPLEMENT BRIEF IN
### SUPPORT OF MOTION FOR SUMMARY JUDGMENT
#### [Rule 8(a)(2) governs the pleadings... see foot note # 19 below]

*NOW COMES*, Plaintiff Pro Se Henry W. Geter II, *'Supplement Brief In Support' of Motion*

*For Summery Judgment*. Since Plaintiff's original brief was filed November 26th, 2007, the

following decisions are *too!* cited unto the issues of this case.  Plaintiff request that the Court

consider this analysis governing the pleadings; held thereto the Complaint, channel to federal

and statutory law.

  "**Pursuant to the law... the Federal Statute allegedly violated in this case ...**"

   **2)  The Fair Housing Act of 1988:**     [**Controlling Administrator ~ HUD**]
    Sec. 804 [ 42 U.S.C. 3604 ] Discrimination in Sale, or Rental of Housing
    And Other Prohibited Practices... (f)(3)(B)
    A refusal to make reasonable accommodations in rules, policies, practices, or
    services, when such accommodations may be necessary to afford such person
    equal opportunity to use and enjoy a dwelling;

is  placed  as  the  controlling  authority,  for  the  Federal  Agencies  entitled: *The Department of*

**Pg 1**

**RECEIVED**

DEC - 5 2007


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_Housing and Urban Department_... [**HUD**].   Whereto this agency with the assistance of _The Department of Justice_ ... [**DOJ**], are given the enforcement arms to bring litigation, of Fair Housing Violation's before the Courts, as well as, _a_ny parties to whom the violation has legal standing. [see attached article: **DOJ** - Memorandum For All United States Attorneys]

Accordingly **HUD! They** having no full knowledge of this action before the Court; agreed by their " Fact Finding Investigation", that the material facts placed before their review, establish PROBABLE CAUSE and a charge of DISCRIMINATION, upon the Owner ~ _**Trinity Community LP**_.   [see too!. attached article: Disability Rights Online News]

Bringing this material evidence[1] before this court, firmly establish the claims duly held in the complaint, too which, the _Defendant's Affirmative Defenses_, are in opposition. Defendant's Affirmative Defenses are inconsistent with both the text of law [ statutory law ] at issue and existing case law.  The defense raised by the Defendants has no standing before the law.[2]  _F_urther! placed before the court is _material evidence_ that the _d_iscrimination raised by the Plaintiff claim, this material fact is supported upon the attached article ...  Bias Against Vouchers Alleged; underlining the past business conduct[3] of the Defendant ~ Horning Brothers.

**Pg 2**

---

[1]. Evidence, to be admissible, must be both relevant and material. – Kelly Catering, Inc. v. Holman, 624 A.2d 1300, 96 Md.App. 256.  Evidence is "material" if it tends to establish a proposition that has legal significant to the litigation;  it is "relevant"  if it is sufficiently probative of a proposition that, if establish, would have legal significant to the litigation. – Id.

[2]. If the defense is insufficient as a matter of law, a court may strike it.  Kaiser Aluminum and Chemical Sales Inc. v Avondale Shipyards, 677 F.2d 1045, 1057 (5th 1982), Reh'g Denied, 683 F.2d 1372 (1982).

[3]. A plaintiff may prove a business conduct with habit evidence alone; direct evidence is not necessarily required under Louisiana Law. - Mobile Exploration and Producing U.S., Inc. v. Cajun Const. Services, Inc. 45 F.3d 96.

**Affirmative Defenses Placed:**[4]

1) **1st Defense** ... complaint fails to state any claim upon which relief may be granted.

2) **2nd Defense**... the relief sought... is barred... and lack of any statutory basis for any claims.

3) **3rd Defense**... no response is require... Defendants expressly deny all allegations of wrongdoing; ...**admit** ~ they had ***property management responsibilities*** etc.

4) 1st Claim for Relief (***Fair Housing Act Violation***)... denied

5) 2nd Claim for Relief (***Intentional Misrepresentation***)... denied

6) 3rd Claim for Relief (***Negligence***)... denied

7) 4th Claim for Relief (***Discrimination***)... denied

8) 5th Claim for Relief (***Exemplary Damages***)... denied

9) **4th Defense**... deny any averment of fact not explicitly admitted

10) **5th Defense**... any award of punitive damages ... violate the Due Process Clause of the United States Constitution.

11) **Pray that said Amended Complaint be dismissed...**

> ***Legal ruling:*** **Cavanaugh v. Skil Corp., 751 A.2d 564, 331 N.J. Super. 134...**
> When affirmative defense is raised in civil case, defendant normally has burden of proving[5] it.

Unto the violations raised to the Defendant's _c_onduct, their actions are govern to the _administrative standard_ [6] placed before **HUD**; this standard establishing the Statute legal rights, as given to the Fair Housing Act provide to all parties [unto its jurisdiction] an _o_bligation to implement its regulatory policies within the framework of its legislative intent.

**Pg 3**

---

[4]. A summary judgment movant may satisfy the burden to show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law by conclusively establishing all elements of affirmative defense. City of San Juan v. Gonzalez, 22 S.W. 3d 69.

[5]. When plaintiff uses summary judgment motion, in part, to challenges legal sufficiently of affirmative defense, on which defendant bears burden of proof at trial, plaintiff may satisfy its Rule 56 burden by showing that there is absence of evidence to support essential elements of nonmoving party's case. FDIC v. Giammettel, 34 F 3d 51.

[6]. Administrative regulation may form the basis for a standard of conduct even where it does not so provide. Restatement (Second) of Torts s 285. – Lombardo v. Albu, 14 P.3d 288.

### I. *Evidence Relied Upon ...*[7]
*Defendant's Affirmative Defenses... having no viability of proof before the law*

| | |
|---|---|
| *1st Defense:* | lacks sufficient evidence in facts... specificity |
| *2nd Defense:* | lacks sufficient evidence in facts... specificity. |
| *3rd Defense:* | wrongdoing substantiated by * **HUD**... has *Prima Facie* standing |
| *4th Defense:* | facts admitted to; substantiated [Ms. Brinkley]; ***HUD Letter*** |
| *5th Defense:* | lacks sufficient evidence in facts... specificity |
| | * *Probable Cause...charge of Discrimination* |

*Analysis*...

While an *Affirmative Defense* is placed before the records, the courts have established its ruling[8] upon the "material evidence" submitted which would have a bearing upon the facts underlining the claims [elements] of the complaint. The document provided to the Plaintiff by HUD having full controlling authority therewith the Statute [Federal Law], can be filed as the burden of proof given to the Defendants violation of the law. Its representation [ burden ] need not be independent of either parties, for plaintiff can, too! bring upon the Court evidence of the non-moving party lack of material evidence to support its affirmative, it having *probable value* to the claims. Unto the **HUD Letter** .. the administrative agency defining this document .. is value

**Pg 4**

---

[7]. In a motion for summary decision, the moving party has the initial burden of identifying those portions of the complaint " that it believes demonstrates the absence of genuine issues of material fact." United States v. Davis Nursery, Inc. OCAHO at 8 (1994) citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 - 325 (1985). Once the moving party has carried its burden, the non-moving party must demonstrative specific facts showing there is a genuine issue for trial. Id.

[8]. "Material" evidence is evidence that relates to matter in dispute or has reasonable bearing on issue to be decided in given case. – Matter of Arbitration Between Town of Silver City and Silver Police Officers ass'n, 857 P.2d 28, 115 N.M. 628.

as *one* holding to the ***Probable Cause charge to Discrimination***. Seeded to this material evidence the burden of proof, now clearly defines[9] the 'probable value' establish upon the claims the right of the Plaintiff to seek relief [punitive damages] vested to the Discrimination embraced by the Statute ...the Fair Housing Act of 1988, which is very convincing.

***COMES NOW*** Plaintiff admissibility upon the claims [elements] of his causes of action...

Bound Restriction's of the Law...

A) Fair Housing Act Violation... when violation occurs in housing, complainant first option is to seek the assistance of HUD, reporting this violation of law. Having the 'administrative authority' upon file complaints, its review and investigation upon the materials evidence is essential to their Order, when facts are established as proof, this proof[10] grant the legal ownership of law to the party seeking its assistance. This 'ownership' is evidence to its ruling of *PROBABLE CAUSE* ... as charge to *D*iscrimination.

B) Intention Misrepresentation... on February 22nd, 2007, Plaintiff submitted its response to management thereto his reasonable accommodation request. Review this material evidence notes:.. *Requires housing providers to make reasonable accommodations for persons with disabilities.* This statement! Merit upon its management to bring unto its review two management activities...1) the review the ' Fair Housing Act' placed within its managed policies of this statutory law, and 2) to establish whether the action of this request; its failure to response, violated any federal rights due the Tenant.

As Managers of the property! ... as admitted [4th affirmative defense ], there is a presumption, that there exist in its management policy, *n*o proper and

**Pg 5**

---

[9]. "Clear and convincing evidence" is evidence that is certain, unambiguous, and plain to the understanding and so reasonable and persuasive as to cause of trier of fact to believe it; it is not a quantum of proof, but rather a quality of proof. – Chandler v. Central Oil Corp. Inc., 853 P.2d 649, 253 Kan. 50.

[10]. Burden of proof which a party has may be supported by evidence produced by the opposing party as well as by his or her own evidence. – Miller v. E.M.C.Ins. Companies, 610 N.W. 2d 398, 259 Neb. 433.

supportive information receivable from **HUD**, discussing the rights granted to certain individuals; legal rights that must be managed according to law.

Unto this issue the action and conduct of the Defendants void any *i*ntent to the bring into review the authority of the statute. That the *S*tatutory *R*ights '*duty of care*" owed Plaintiff, was intentional! As placed to the findings of **HUD Letter**. Where its Legal Opinion is given to discrimination, as cited![11] and *N*oted: upon the admitted *w*ords of Ms. Brinkley. *A*gain Intentional.

Management can provide no documents: notice, memo, letter, e-mail, fax, and or notes, placed to the hand of the plaintiff, addressing the request of the plaintiff for 'reasonable accommodation.' No such *material evidence* was submitted into the records with **HUD** *as well.*.

C) Negligence ... It is establish by law there are certain rights, as a property holder that the law has defined, upon statutory boundaries the *c*onduct[12] due. One! having the burden of managing this law, and Two! having no standing to *d*eny this statute ...where guarded upon its defined elements.

**Tort Liability**... A **tort** is an injury to another person or to property which is compensable under the law. Categories of **torts** include: **negligence** ... and **intentional** wrongdoing. To gives rise to legal claim in tort, an act (or inaction) must satisfy **four elements**:[13]
1) there must be a legal *duty of care* to another person;
2) there must be a breach of that duty;
3) the claimant must have suffered damages; and
4) the damages must have been proximately caused by the breach of duty

**Pg 6**

---

[11]. To succeed on a s 1983 equal protection claim, the plaintiffs must prove that the defendants acted in a discriminatory manner and that the discrimination was **intentional**. U.S.C.A. Const.Amend. 14, 42 U.S.C.A. s 1983 – Reese v. Jefferson School Dist. No 14J, 208 F.3d 736.

[12]. If plaintiff can show he probably would not have suffered the injuries complained of but for defendant's conduct, he has met his burden of proof for cause-in-fact in establishing negligence claim under Louisiana law. – F.D.I.C. v. Barton, 233 F.3d 859.

[13]. Elements of prima facie case of negligence are duty, breach, proximate cause, and damages. Tafoya v. Seay Bros. Corp., 890 P.2d 803, 119 N.M. 350, rehearing denied.

**_Concurrent negligence_** ... Arises where the same injury is proximately caused by the concurrent [14] wrongful acts or omissions of _two or more persons acting independently_.

D) Discrimination ... See Material Evidence ~ **HUD Letter Determination**

E) Exemplary Damages ... Placed unto the Defendants conduct, the law has establish that a party whom have suffer an injury,[15] ...via the action and or inaction of one 'willingness' not to apply federal rights, shall be granted the relief held to the violation of that statute. That! the compensatory damages[16] valid to the law are clearly defined.

Legal Summary Upon Material Facts...

### *MEMORANDUM OPINION*

Presently pending and ready resolution in this civil rights case is the motion of Plaintiff Henry W. Geter II, for summary judgment pursuant to Fed, R. Civ. P. 56 The issues have been fully brief and no hearing is deem necessary. Local Rule LCvR 7(f). For reasons that follow, the court shall _G_rant Plaintiff's motion.

**Pg 7**

---

[14]. When a defendant's negligence is a concurring cause, the law regards it as a legal cause regardless of the extent to which it contribute to that injury. – Bonanno v. Central Contra Costa Transit Authority, 107 Cal. Rptr.2d 916.

[15]. Actual damages awarded under the Fair Housing Act (FHA) are compensation for the victim's injury and not punishment for the perpetrator's wrongdoing; punitive damages are available if case is tried in district court but, when case is tried in administrative hearing, punitive damages are unavailable, although civil penalty may be assessed. Fair Housing Act, s 812(g)(3), as amended, 42 U.S.C.A. s 3612(g)(3). – Banai v. Secretary, U.S. Dept. Housing and Urban Development on Behalf of Times, 102 F.3d 1203.

[16]. Compensatory damages awarded under section 1983 should include both special damages such as medical expenses, loss of wages, and lost future earnings, as well as general damages for pain and suffering and emotional and mental distress. 42 U.S.C.A. section 1983. Varnado v. Dept. of Employment and Training, 687 So.2d 1013, 95 0787 La.App. 1 cir.

## I. Background

Plaintiff brings this suit pro se against the Owner of The Cloisters - Trinity LP, Horning Brothers Corporation [Management Firm], Ms. Veda s. Brinkley [Property Manager] and Ms. Connie Fletcher alleging numerous counts stemming from an incident in which Plaintiff submitted a request for reasonable accommodation upon which was denied by management. The factual allegation made by Plaintiff is center upon the action and conduct of the Defendant's; whether their denial violate any federal law and or statute. While Defendants have answered the complaint and set forth affirmative defenses, they have not establish material proof of its affirmation. Plaintiff has now moved affirmatively for summary judgment, contending that Defendant's failure to provide proof or set forth evidence placing Plaintiff's allegations in dispute should result in judgment in his favor.

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. 56( c ); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is in appropriate. Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 f.2d 1282, 1286 ( 4th cir. 1987). The moving party bears the burden of

**Pg 8**

showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56( c ); Pulliam Inv. Co., 810 F.2d at 128 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 ( 4th Cir. 1979).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369. U.S. 654, 658 (1962); Gill v. Rollins Protective Serve. Co., 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim... necessarily renders all other facts immaterial. " Celotex Corp., 477U.S. at 323. " A Plaintiff seeking summary judgment on an issue... bears the burden of establishing a prima facie case that would entitle the movant to a directed verdict if the issue was uncontested at trial." Orozco v. County of Yolo, 814 F.Supp. 885, 890 (E.D.Ca. 1993), citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, s 2727 (1991). Summary judgment is not appropriate if a plaintiff does not produce sufficient evidence:

> A plaintiff who seeks summary judgment and who fails to produce sufficient evidence on one or more essential elements of the claim is " no more entitled to a judgment ... than is a plaintiff who has neglected to offer evidence sufficient to support a finding on a material issue upon which [ the plaintiff ] bears the burden of proof."

Watts v. United States, 703 F.2d 346, 347 (9th Cir. 1983), Quoting United States v. Dibble, 429 F.2d 598, 601 (9th Cir., 1970).

### III. Analysis

The gravemen of Plaintiff's motion is that he is entitled to judgment because Defendants have 1) violated constitutional law, 3) violated statutory law, and 3) have not supported their affirmative defenses with evidence. Plaintiff points to the constitutional rights held to title 42 U.S.C.A. Section 42; Title VII of the Civil Rights Act of 1988, as amended, and The Fair Housing Act of 1988; the lack of evidence to the Affirmative Defenses. Accordingly, Plaintiff argues that Defenses have failed to demonstrate a dispute by material evidence with regard to the allegations made in his complaint.

While Plaintiff is correct that Defendants fail to establish a dispute of material fact; Plaintiff now bears the burden of proof in making an affirmative summary judgment with regard to those issues on which he will have the burden of proof at trial. Fed. R. Civ. P. 56. Therefore, he must set forth evidence establishing all the elements of the various counts in his complaint. Plaintiff has set forth evidence to all part from his sworn complaint. The complaint material facts; its Government letter having standing of law establishes Plaintiff's rights under the Constitution. It is sufficient thereto burden of proof require to the Plaintiff's claims. Plaintiff arguments are reasoning persuasive as applied to federal law, establishing the violation of rights by constitutional and statutory law. The direct evidence [letter] place unto the records of the court, verifies the attestation of the complaint...the facts being witness by the controlling administrator HUD, to the claims. Its appearance has standing as an affidavit where the person signing its authorization ...*O*rder, has personal knowledge of the violation of law... materials facts seeded, unto complaint.

**Pg 10**

The elements are establish, with regard to Plaintiff's motion for summary judgment as to the affirmative defenses set forth in the Answer ( complaint fails to state *a*ny claim..., relief lack *a*ny statutory basis, deny *a*ny averment not explicitly admitted, *a*ny award of punitive damages violate Due Process Clause). As to those issues on which Defendants will have the burden of proof at trial, it was their responsibility motion for judgment on the pleadings to come forward to forecast evidence sufficient to generate its defense. By not responding at all with materials evidence sufficient to their affirmation; by not providing material facts sufficient to their motion  to Plaintiff's allegations, they have failed in that regard.

It is the fundamental right of Plaintiff – and not the prerogative of Defendants – to plead their complaint and choose the causes of action on which to proceed.  Plaintiff cause of action rest with federal law violations, and *not contractual law*. The affirmative defenses at issue with Defendants Answers lacks specificity; is an attempt to recast the complaint unto an action which Plaintiff have not plead. The fundamental fallacy of Defendants motion...its viable defense, have no applicability to the actions upon the Defendants conduct which has been pled. The defined review of this case, is bounded to their conduct held  upon constitutional and  statutory  laws.

In  response to Defendants Answer! Plaintiff have fully brief the issues of his pleadings. Plaintiff counts were plead as direct causes of action, stemming from Defendants breach of duties to the Fair Housing Act. Contractual authority of lease has no standing for review, placed unto the Defendants 'motion for judgment on the pleadings.' Where the defendants pleadings are formatted to *contractual law*; as support to its Answer, affirmative defense is stricken.

Accordingly, Defendant's motion for judgment on the pleadings will be denied as to the affirmative defenses.

**IV. Conclusion**

For the foregoing reasons the court will **GRANT** Plaintiff 'motion for summary judgment.'

...

**Plaintiff ~ "Judicial Disclosure with Points of Authority..."**

[W]here the complaint alleged violations are in legal underpinning of federal law, Defendants must then support its affirmative with material evidence, issues of fact; that unto the *material facts of HUD Letter*, would allow the Court to resolve any burden[17] within the record of the court[18]; evidential proof demonstrating the existence of genuine factual controversies held before the pleadings, therein attached to violations of federal law... Constitutional and Statutory law.

Unto this Matter! The courts have laid before it administrator's (US District Judges) the legal grounds and merits held to the absence of evidence. That when such issue is raised by means of a " Motion For Summary Judgment", *e*vidence of disputed issues and material facts, *m*ust bears appearance by the Defendants; govern by *d*isclosure with federal laws, *sufficient to the pleadings.*

**Pg 12**

---

[17]. The burden of proof encompasses two distinct burdens: the burden of producing evidence of a particular fact, i.e., the burden of production, and the burden of convincing the trier of fact that the alleged fact is true, i.e., the burden of persuasion. - Marvin Wood Products v. Callow, 14 P.3d 686, 171 Or.App. 175

[18].Court may take judicial notice of matters of public record. – Slevin v. Home Depot, 120 F.Supp.2d 822.

**Points of Law affirming This Matter...**

*a)*    *H*eld Unto: Where plaintiff uses summary judgment motion, in part, to challenge legal sufficient

of  affirmative  defense,  on  which  defendant  bears  burden of proof  at  trial, plaintiff may satisfy

its  Rule 56  burden  by  showing that there  is absence  of  evidence to support essential elements of

nonmoving party's case.   *DIC v. Giammetti, 34 F3d 51.*

*b)*    *H*eld Unto: If nonmoving party fails to file affidavits or memoranda setting forth specific facts

showing that there is genuine issue for trial, as required by rule 56(e), District court can reasonably

conclude on basic of  papers before it that there is no such issue.  *Micro - Sparc, Inc. v. Weinstock,*

*758 F.2d 790.*

*c)*    *H*eld Unto: Local rule of district court, which provides that party opposing summary judgement

motion must file response within twenty days after being served with motion, does not conflict with

FRCP 56,  but  merely  supplements FRCP 56 by setting forth specific time for response to motion.

*Jetton v. McDonnell Douglas Corp. 121 F.3d 473, 74 BNA FEP Cas 1437, 72 CCH EPD s 45073,*

*39 FR Serv 3d 261.*

*d)*    *H*eld Unto: Under Rule 56 a moving party my simply point to the absence of evidence to support

a non-moving party's case, which then shifts the burden to the non-moving party to set forth specific

facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, inc., 477 U.S. 242 and*

*Celotex Corp. V. Catrett, 477 U.S. 317.*

*e) H*eld Unto: If the non-moving party ultimately fails to present specific facts indicating that a genuine issue of material fact exists, summary judgment is proper. *Hunt v. IBM Mid Am. Employees Fed Credit Union, 384 N.W. 2d 852, 855.*

Door matting the claims of the Plaintiff Complaint[19] is the evidence now placed before the '*Records of the Court' currently*, which is void of *material evidence* filed by the Defendants,[20] to support its Affirmative Defenses. *A*ll Defendants are legal bounded to this Complaint as held to the *Records of the Court.* ... *D*efendants... Horning Brothers [*C*orporation], Ms. Veda S. Brinkley, and Ms. Connie Fletcher are hereby placed unto the violations of the federal laws, given to the Complaint, as amended, April 30, 2007. *N*ote: *Trinity LP c*urrently has no legal standing before the court.

While Defendants[21] have tried to cloak their legal standing to be sued, this effort has been view upon the Court as feeble attempts, bringing forth mandatory actions of the Court, when liability is shown to its employees, and the attachment of their work responsibility as assigned to

**Pg 14**

---

[19]. Since Rule 8(a)(2) requires that pleading contain short and plain statement of claim that will give defendant fair notice of what plaintiff's claim is and grounds upon which it rests, it is generally considered immaterial whether pleading states conclusion or facts as long as fair notice of alleged wrong is given. Marshall v. Electric Hose & Rubber Co. (1974, DC Del) 65 FRD 599, 10 BNA FEP Cas 1070, 19 FR Serv 2d 623.

[20]. A corporation and its officers may be held liable for compensatory damages for their failure to ensure the corporation's compliance with the Fair Housing Act (FHA), whether or not the officers directed or authorized the particular discriminatory acts that occurred. Civil Rights Act of 1968 ss 801 - 812, as amended, 42 U.S.C.A. ss 3601 - 3612 - Holley v. Crank, 258 F.3d 1127

[21]. The corporate entity may not be used to defeat public convenience, justify wrong, protect fraud or defend crime, and the form will be disregarded whenever justice and public policy demand. – Beswick v. City of Philadelphia, 185 F. Supp.2d 418.

their employment. Their attempt to defeat the public convenience of the Fair Housing Act is legally noted. The veil[22] to remove liability by counsel, roused Plaintiff to file 'Motion For Summary Judgment" and will be given *strict appearance* before the Court. [see US v. ADI *below*]

**Where forth** the Defendants and its counsel have willfully chosen that the course of action.. its Affirmative Defense, best suited for this case; is *o*ne held to being evasive and ponderous unto its action and/or inaction to provide material evidence supporting its policies, answers and affirmative defenses [23]; to the central core raised by the Plaintiff [24] complaint language to federal law violations; this motion of the Plaintiff is deem appropriate unto the full *Records of the Court.*[25]

*I*t is establish that the ***Defendants conducts*** must be fully placed under the legal scope of the law.

**United States v. ADI Management, Inc. et. Al. (E.DN.Y)**   The government issued a determination of reasonable cause and charge of discrimination upon the Defendants, with engaging in discriminatory housing practices, in violation of the Fair Housing Act. Defendants, through their actions refused to make reasonable accommodation in their rules, policies, practices or services, when such an accommodation was necessary to afford the tenant equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. 3604(f). As a result of Defendants' conduct the tenant suffered damages, that the Defendant's discriminatory actions were intentional, willful and taken in disregard of the tenant rights.  Thereto the Government declares Defendants'

**Pg 15**

---

[22]. " Piercing the corporate veil " is not itself an action, but is merely a procedural means of allowing liability on a substantive claim. – International Financial Services Corp. v. Chromas Technologies Canada, Inc. 356 F.3d 731.

[23]. It is an affirmative defense which must be pleaded and proved by defendant. Fed. R. Civil P., Rule 8( c ).

[24]. If plaintiffs bring a substantive due process claim allege violation of fundamental right, defendants conduct is subject to strict scrutiny. U.S.C.A. Amen 14 - Watson v. City of Kansas City, Kan., 80 F.Supp. 2d 1175

[25]. Included among categories of things of which judicial notice may be taken are facts relating to records of the court. Md.Rule 5-201 (b). Lerner v. Lerner corp., 750 A.2d 709, 132 Md.App 32.

discriminatory housing practices, violated the Fair Housing Act, as amended, 42 U.S.C. ss 3601 - 3619. That awards for damages are will fully compensated for injuries caused by Defendants' discriminatory conduct, pursuant to 42 U.S.C. ss 3612 (o)(3), 3613 (c )(1), and award punitive damages to the tenant pursuant to 42 U.S.C. ss 3612(o)(3), 3613( c )(1).     ...

The Plaintiff 'Response Letter'...*too*, exposes Defendants risk[26] thereto, *it*s denial action.

   ***The Supreme Court Rules:*** *Strict Appearance ...proof of discriminatory intent.*

   " Respondents have not presented an equal protection claim that can survive
   summary judgment. *P*roof of racially *d*iscriminatory *i*ntent is required to
   show an equal protection clause violation." *Arlington Heights v. Metropo-*
   *litan Housing Development Corp., 429 U.S. 252, 265*

   [see Motion ***ORIGINAL*** filing Nov. 26th 07; pg 3 ... Statement of Issues Presented]

Plaintiff by his disclosure has met the Courts standing of ***proof***; established by *material*

*evidence* showing injury duly traceable to the Defendants activities and or inactivities, via their

professional and business management *c*onduct.[27]  *Denying the request for 'reasonable*

*accommodation' without the 'duty of care ' ...obligations placed to the **Fair Housing Act of 1988**,*

*renders upon this Court, the Defendants ... discriminatory intent.*  Unto the Complaint! ***Proof***[28] ***of***

***discriminatory intent has legal standing for Summary Judgment***. As evidence! to the Plaintiff

rights to equal protection laws, grounded to the *S*tatutes in question.

**Pg 16**

---

[26]. **Foreseeability** is an essential element of both duty and causation. (Per Waller, J., with three Judges concurring and one Judge specially concurring.) - Delanoussaye v. Mary Mahoney's, Inc. 783 So.2d 666, rehearing denied.

[27]. Punitive damages for violations of federal law are available where a civil rights defendant's conduct is motivated by evil motive, **intent**, or when it involves reckless or **callous indifference** to federally protected rights of others. – Samaritan Inns, Inc. v. District of Columbia, 114 F.3d 1227, 325 U.S. App.D.C. 19, rehearing denied. .

[28]. Proof is sufficient to constitute a preponderance when entirety of the evidence, both direct and circumstantial shows that the fact or causation sought to be proved is more probable than not. – Leal v. Dubois, 756 So.2d 684, 99-957

**Legal Citing:** In order to successfully oppose a motion for summary judgement, the non-moving party cannot rely upon the ***mere averments*** or ***denial*** set forth in its pleadings but must present specific facts showing that there is a genuine issue for trial.

        *I*d. *e*) *H*unt v. IBM ...above ~ pg 14

[*T*]hat any and all Answer's must be placed before the *violation of federal laws,* as pleaded by the Plaintiff... which is ground to the ***Defendants conduct***.[29]

Respectfully Submitted,

Henry W. Geter II
**Plaintiff** / Tenant
100 Mich. Ave. N.E.  Apt. A-11
Washington DC   20017

Dated: _11/05_ , 2007

    ...

Attachment (3)
        ... ***DOJ*** Memo: Fair Housing Litigation
        ... Disability Rights Online News
        ... *Washingtonpost.com* Article:
            ~ ***Defendant Prior Conduct***

**Pg 17**

---

[29]. When multiple causes of injury are present, a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm. – Abadie v. Metropolitan life Ins. Co., 784 So.2d 46, 00-344, rehearing denied.

## CERTIFICATE OF SERVICE

I Henry W. Geter II  HEREBY CERTIFY on this $5$ th day of _DEC._ ,
2007, that a copy of the foregoing MOTION  was mailed to the Defendants:

Horning Brothers Corporation
Trinity Community LP
Ms. Veda S. Brinkley
Ms. Connie Fletcher

*VIA ITS ASSIGNED ATTORNEYS*:  David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600,
Washington D.C. 20036, by  first-class mail *FOR THE DEFENDANTS* ~ Ms. V.S. Brinkley and
Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017



# Office of the Attorney General
## Washington, D.C. 20530

November 10, 1993

**FILE COPY**

MEMORANDUM FOR ALL UNITED STATES ATTORNEYS

FROM: Janet Reno
        Attorney General

*ATTACHMENT "C"*

SUBJECT: Fair Housing Litigation

As part of our efforts to improve and expand the enforcement of civil rights laws, I am asking United States Attorneys to assume responsibility for the litigation of some of the cases that our Department is required to file under the Fair Housing Act. These cases arise from investigations conducted by the Department of Housing and Urban Development.

The Fair Housing Act, 42 U.S.C. 3601 at seq., prohibits discrimination in housing on the basis of race, color, religion, sex, familial statue, national origin, or handicap. Our Department shares responsibility for enforcement of the Act with HUD. Within our Department the Civil Rights Division is responsible for enforcement. We have authority to implement a pro-active enforcement program by filing lawsuits that involve a pattern or practice of unlawful discrimination, or that involve a denial of rights to any group of persons protected by the Act. 42 U.S.C. 3614. HUD's primary role is to receive and investigate individual complaints from persons who believe that they have been victims of unlawful discrimination.

HUD must investigate each complaint that the agency receives and, if the complaint cannot be resolved in a conciliation process, HUD is required to determine whether there is reasonable cause to believe that the Act has been violated. 42 U.S.C. 3610. The issuance of a "Charge of Discrimination" by HUD begins an administrative proceeding before an administrative law judge, prosecuted by HUD lawyers, to seek a remedy for the complainant. The administrative remedy can include injunctive relief, compensatory monetary damages and civil penalties. 42 U.S.C. 3612.

The Act provides an alternative to the administrative litigation process which involves the Department of Justice. Within 20 days of the issuance of the Charge, the complainant, respondent, or aggrieved person on whose behalf the complaint was filed, may elect to have the claims asserted in the charge resolved in federal court rather than in the administrative proceeding. If such an election is made, the Department of Justice is required to file a lawsuit on behalf of the aggrieved person within 30 days. We can seek injunctive relief, compensatory monetary damages and punitive monetary damages. 42 U.S.C. 3612(a), 3612(o).

Our Department also can be called to HUD's assistance during the investigative stage. The Prompt Judicial Action provision, set out in 42 U.S.C. 3610(e), provides that HUD may authorize our Department to file "a civil action for appropriate temporary or preliminary relief pending final disposition of the complaint [within HUD]." The design of this provision is to prevent an injury from occurring while the investigation is progressing. The provision has been used, for example, to enjoin temporarily an eviction when the initial information indicates that the eviction may be a violation of the

Act.

Your offices can be of assistance in litigating both "election" lawsuits and "prompt judicial action" lawsuits. Both types of lawsuits were authorized, for the first time, by the Fair Housing Amendments Act of 1988, which became effective on March 12, 1989. The number of election and prompt judicial action lawsuits has increased each year as HUD has developed its enforcement program; the number of such lawsuits filed in FY-93 was 99. The election lawsuits generally involve individual victims of discrimination, HUD already has conducted an investigation, and the facts usually are not unduly complex. Of course the lawsuits require further factual development, interviews with witnesses, discovery, settlement negotiations and normal trial procedures. While the attorneys in the Civil Rights Division's Housing and Civil Enforcement section specialize in fair housing cases, our enforcement program can be improved, and our limited dollars stretched further, by involving your offices in the litigation of at least some of these nondiscretionary lawsuits.

Prompt judicial action lawsuits also seem well suited for United States Attorney offices. By nature, these cases are emergencies necessitating very quick action. Knowledge of local procedures for seeking temporary and preliminary relief is essential.

The increase in the number or election and prompt judicial action lawsuits has burdened our Civil Rights Division particularly since the entire Division operates out of our headquarters. I recognize that your resources also are thin, but I do not expect this assignment to tax you significantly. The cases arise from many areas of the country and the number to be filed in most federal judicial districts is very small. Also, some of the election and prompt judicial action lawsuits will continue to be litigated by the Civil Rights Division; when your office is responsible for litigation, the Civil Rights Division will provide assistance.

The Assistant Attorney General for the Civil Rights Division will continue to have responsibility for our enforcement of the Fair Housing Act and will, in consultation with the United States Attorneys, determine the litigation responsibility for each HUD case. The primary considerations for assignment will be whether the headquarters staff or the local office can litigate the case more efficiently and effectively and whether the assignment will unduly burden your offices. Accordingly, the Division will generally retain responsibility for certain types of lawsuits that experience has shown can be particularly time-consuming. These lawsuits include those that usually require extensive fact development or extensive briefing of legal issues because the particular area of the law has not yet been fully developed. Of course, if your office has a particular interest in handling a particular case or type of case, the Division will work with you in allocating some of these cases to your office. On a periodic basis the implementation of the case assignment program will be reviewed by the Attorney General's Advisory Committee and the Assistant Attorney General for Civil Rights.

This sharing of responsibility is designed to make the most effective use of the resources of our headquarters and local staffs, but it is not designed to limit your participation. If your staff develops the expertise in the fair housing area, your participation can be greater. Also, if you face serious resource limitations, you can request additional assistance from the Civil Rights Division.

The cases that I am asking you to litigate require prompt attention -- we are required to file the election lawsuit within 30 days of the election -- and we must implement procedures ensuring an orderly assignment and review of the cases. The Civil Rights Division receives notice of elections from the Chief Administrative Law Judge at HUD. I have directed the Division to make an immediate determination regarding litigation responsibility and to notify your office by telephone or facsimile that same day if possible. We expect that you will have notice of your responsibility no later than two or three days of the election. You will also be informed immediately of any election cases that are proposed

to be retained by the Civil Rights Division.

Division personnel will assist you in obtaining the HUD file. We ask that your staff prepare a brief memorandum addressed to the Assistant Attorney General for the Civil Rights Division describing the facts of the case and the legal basis for the lawsuit; you should also provide a copy of the complaint that you propose to file. The Assistant Attorney General must authorize the filing of the lawsuit, but it is not necessary that he or she sign the complaint. Of course, we are required by statute to file these lawsuits, but we also have an obligation to ensure that the filing would not contravene Rule 11 of the Federal Rules of Civil Procedure and would not otherwise contradict the litigation policies of the United States. If you believe that a filing would contravene Rule 11, you should immediately raise this concern with the Division. The primary purpose of Division review, however, is to ensure uniformity in the implementation of our enforcement program throughout the United States. For the same reasons, we ask that you notify the Division for any proposed settlement of the lawsuit.

As noted earlier, the Division can assist you in carrying out your litigation responsibilities. The Division has implemented the amended Fair Housing Act for four years, and likely has addressed many of the issues that will be presented to you for litigation. Model pleadings and briefs will be available, and in emergency situations Division personnel will be available to prepare pleadings or briefs to be filed in your cases. The Division's assistance may be particularly helpful in prompt judicial action matters since we must act very quickly, often within a day or two, to prevent an injury to be occasioned by an act of housing discrimination.

This delegation of litigation responsibility will be effective on December 1, 1993. An appropriate amendment to the United States Attorneys Manual will be delivered to you soon.

I thank you for your participation in our fair housing enforcement program. Congress has given us a strong fair housing law. National studies demonstrate that unlawful housing discrimination remains a serious problem in our country. We must use all tools available to us to erase this national disgrace, and we can do that most effectively if both our headquarters and local offices work together to address the issues.

Go to: Attorney General's FOIA Page// FOIA Home Page//Justice Department Home Page



washingtonpost.com

# Bias Against Vouchers Alleged

Lawsuits Accuse Landlords of Rejecting Would-Be Tenants

By Debbi Wilgoren
Washington Post Staff Writer
Friday, September 9, 2005; B08

**FILE COPY** 



A housing advocacy group yesterday sued two longtime District landlords, saying they have refused to rent apartments to some people who want to use federal vouchers to cover part of the rent.

Horning Brothers and Phifer Realty manage an estimated total of 3,000 rental apartments in the city, mostly in lower- and middle-income neighborhoods. The suits filed in D.C. Superior Court allege that the companies illegally discriminate against would-be tenants on the basis of how they would pay.

The advocacy group filed similar lawsuits in April against several other landlords and property management companies after sending testers to inquire about vacant properties that were advertised in newspapers and other media.

Yesterday, the Washington-based Equal Rights Center announced a settlement with one defendant, including guarantees that vouchers will be accepted at its properties and a pledge to pay $130,000 to the center. The suits are part of an anti-discrimination campaign organized by the center and the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

According to the suits, testers were turned down at Horning and Phifer properties after proffering housing vouchers. Testers went to buildings after hearing from prospective renters that they had been turned away.

The District, Montgomery and Howard counties and 11 states have made it illegal for landlords to discriminate on the basis of how a tenant pays.

"Discrimination remains alive and well here," said Rabbi Bruce E. Kahn, executive director of the Equal Rights Center. "It is just flat-out wrong to deny an individual or family a proper home only because the prospective tenant is assisted by a government voucher to pay the rent."

An official with Phifer denied the allegation yesterday, saying the company has always accepted vouchers and continues to do so. He accused the Equal Rights Center of frivolous litigation.

"This is how this organization creates its own salaries, by suits," Vice President Robert Plante said. "If they want to have a court battle, we're happy to have a court battle with them. We have the respect of our tenants, and we ourselves respect our tenants."

Officials at Horning declined to comment on the lawsuit yesterday. But a report issued in April by the D.C.

Office of Human Rights said the firm stopped accepting vouchers because of long delays in receiving payment.

The Housing Choice Voucher program, formerly known as Section 8, is administered by the D.C. Housing Authority in the city, and officials in the property management industry say the authority is notorious for taking too long to transfer federal funds to landlords. Sean Pharr, a spokesman for the Apartment and Office Building Owner Association, said he has worked with Horning over the years to try to collect money the company is owed.

"We're talking tens of thousands of dollars," Pharr said. "We're talking sustained, concerted efforts on their parts to deal with these shortages."

The District report quoted Horning officials as saying the company was owed $48,000 by the Housing Authority and considered the vouchers a "bad credit risk."

Zachary Smith, a Housing Authority spokesman, said his agency does not believe it owes that much to Horning. He said large landlords such as Horning often have disputes with the authority about rent increases and other financial issues.

The settlement announced yesterday involved Sawyer Realty Holdings, which manages two apartment buildings, one in Petworth and one in Brightwood. The company agreed to post signs at its buildings saying vouchers are welcome and to include that information in its advertisements. It also agreed to train employees on anti-discrimination laws, adjust its minimum-income requirements and provide the Equal Rights Center with data on how many voucher holders it accepts.

Attorneys for the center say voucher discrimination makes it even harder for low-income people to find housing in high-priced Washington. Half of all renters who receive vouchers are unable to find a place in the city to accept them, housing officials say.

© 2005 The Washington Post Company

Ads by Google

Iams Promise
IAMS cares about your pet's health. Receive a $5.00 coupon today!
www.IAMSPromise.com

**FILE COPY**

## OWNERS AND MANAGERS OF MICHIGAN APARTMENT COMPLEX SUED FOR RETALIATION AGAINST DISABLED TENANT

On May 8, 2006, the Department filed a lawsuit against the owners and managers of the Fairway Trails Apartments, in Ypsilanti, Michigan, alleging that the defendants retaliated against a disabled tenant who had requested a reasonable accommodation under the Fair Housing Act. The complaint alleges that the defendants sent the tenant a letter stating that his lease would not be renewed two days after a state court judge ruled in an eviction proceeding that the defendants had to accommodate his disability by allowing him to pay his rent the third week of every month. The tenant received a Social Security Disability check on the third Wednesday of the month. The case was referred to the Justice Department after the Department of Housing and Urban Development received a complaint, conducted an investigation, and issued a charge of discrimination.

*[signature]*

MARCH 3 20 2007

ATTCHMENT F - MATERIAL EVIDENCE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Henry W Geter II**

    **Plaintiff**

      **vs.**

**Horning Brothers**
**Corporation**  *et al.,*

    **Defendants**

**Case File No:  07-CV-0757   RBW**

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of

_____, 200 \_\_, by  the  United  States  District Court For The District

Of  Columbia, ORDERED that:

    1. Plaintiff's motion for summary judgment under Fed. R. Civ. P. 56  BE,

and  the  same hereby IS, GRANTED.

    2. Judgment BE,  and  the  same  hereby IS, ENTERED  in  favor of Plaintiff as to

the  affirmative  defenses  asserted  by  Defendants  in  their  Answer: and

    3. The  Clerk  transmit  copies  of  the  Memorandum  Opinion  and  this

Order  to  Plaintiff,  to  counsel  for  Defendants.

                  _____ s/ _____
                  Reggie B. Walton
                  United States District Judge