IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
    (Plaintiff)
    vs.
Horning Brothers Corporation
[Trinity LP]
Ms. Veda S. Brinkley
Ms. Connie Fletcher
    (Defendants)

Case File No: 07-CV-0757  RBW

## PLAINTIFF SUPPLEMENT BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

*Pursuant* to The Defendant's motion for judgment on the pleadings, these Court citing bring into review an option of law and course of action held upon Rule 56, allowing for Judicial action of the court; instructional! thereof the supreme court opinion's upon this issue. Plaintiff request that the Court consider this analysis governing the pleadings; held thereto the Complaint, channel to federal and statutory law.

### Statement of Facts

In brief history of the events in this case...on December 20th, 2007, defendants filed a motion for judgment on the pleadings, challenging the sufficiency of claims made by plaintiff amended

Pg 1

RECEIVED
DEC 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

complaint of March 30th, 2007, pursuant to Fed. R. Civ. P. 12( c ). On November 26th, 2007, Plaintiff Henry W . Geter II filed its memorandum in opposition and motion for summary judgment upon the defendants.

NOW plaintiff files this supplemental memorandum in opposition to defendants motion, providing further reasoning behind his motion.

*Points of Authority in Law*

1) The legal standards governing the court's consideration of a Rule 12( c ) motion are the same as those standards governing its consideration of a Rule 12(b)(6) motion to dismiss. George C. Frey Ready - Mixed Concrete Mix Corp., 554 F.2d 551, 553

2) In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236; Easton v. Sundram, 947 F.2d 1011, 1014 - 15.

3) The issue on a motion to dismiss " is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claim." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 ( citing: Schuer, 416 U.S. at 236)

**Pg 2**

4) In deciding such a motion, consideration is limited to the facts stated in the complaint or in document's attached thereto as exhibits or incorporated therein by reference. Kramer v. Time Warner, inc. 937 F.2d 767, 773.

### *In Witness of Complaint*

Amended Complaint filed upon the court records [Doc. #3] March 30th, 2007, pg 9 ... fifth claim for relief (exemplary damages); **paragraph 31.** That the plaintiff hereby incorporate by reference paragraph 1 thought 30 above as though fully set forth herein. ... fourth claim for relief (discrimination) **paragraph 30.** That the Defendants have cause damages to the plaintiff by their Discrimination [*a complaint has been filed with the Department of Housing and Urban Development ~ HUD*].

Thus the amended complaint filed ... gives reference, to the fact that a document has been created to bring into review the question of discrimination. This incorporation establishes that an issues of fact [most likely a written document] will renders *material evidence* which is set forth coming, to address this claim by the federal Agency HUD; Congress have establish unto them their review with the Department of Justice **DOJ**, the authority to investigate and litigate any violations of the Fair Housing Act via federal laws. Rule 8 notes that this material need not be attached at this stage of the legal proceedings. This reference is legally instructive to the defendants to await **HUD** review findings; they setting its

authority upon the *issues of facts*. Any response by **HUD** would root evidence unto the complaint; good or bad, bearing upon the materials facts of this case, as raised to the facts of discrimination. This *material fact* has now been provided as evidence of Discrimination unto the records of the court by *the plaintiff*. [Doc. # 23] Unto this matter defendants ANSWER affirmative defenses must provide *a similar presentation* as sufficient evidence upon the court records. They did not! [ Doc. # 16]

### *Supporting Legal Analysis*

A motion for judgment on the pleadings cannot be sustained where there are issues of fact to be determined. Norman v. Leach 1953 OK 17, 208 Okla 25, 252 P.2d 1020. The view of most cases and commentators is that, where the motion for summary judgment is support by depositions or *a*ffidavits, the opposing party must make a similar presentation to show the existence of a genuine issue of fact, or suffer judgment to be entered. 3 baron & Holtzoff, Fed Prac. & Proc. S 1235.

Respectfully Submitted,

*[signature]*
Henry W. Geter II
Plaintiff / Tenant
100 Mich. Ave. N.E. Apt. A-11
Washington DC  20017

Dated: DEC 12th, 2007

...

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this _12_ day of ___Dec.___, 2007, that a copy of the foregoing Memorandum was mailed to the Defendants:

>Horning Brothers Corporation
>Trinity Community LP
>Ms. Veda S. Brinkley
>Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

/Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017