IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)
      vs.
Horning Brothers Corporation
[Trinity LP]
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

Case File No: 07-CV-0757 RBW

## PLAINTIFF SUPPLEMENT BRIEF IN CLARIFICATION OF MEMORANDUM OPINION
[Rule 8(a)(2) governs the pleadings... see Leatherman below]

***Pursuant*** to The Defendant's motion for judgment on the pleadings, these Court citing bring into review an option of law and course of action held upon Rule 56, allowing for Judicial action of the court; instructional! thereof the supreme court opinion's upon this issue. Plaintiff request that the Court consider this analysis governing the pleadings; held thereto the Complaint, channel to federal and statutory law.

### *MEMORANDUM OPINION*

Presently pending and ready for resolution in this civil rights case is the motion of Plaintiff Henry W. Geter II, for summary judgment pursuant to Fed, R. Civ. P. 56 The issues have been fully brief and no hearing is deem necessary. Local Rule LCvR 7(f). For reasons that follow, the court shall *G*rant Plaintiff's motion.

Pg 1

RECEIVED
DEC 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## I. Background

Plaintiff brings this suit pro se against the, Horning Brothers Corporation [Management Firm], Ms. Veda S. Brinkley [Property Manager] and Ms. Connie Fletcher alleging numerous counts stemming from an incident in which Plaintiff submitted a request for reasonable accommodation upon which was denied by management. The factual allegation made by Plaintiff is center upon the action and conduct of the Defendant's; whether their denial violate any federal law and or statute. While Defendants have answered the complaint and set forth affirmative defenses, they have not establish material proof of its affirmation. Plaintiff has now moved affirmatively for summary judgment, contending that Defendant's failure to provide proof or set forth evidence placing Plaintiff's allegations in dispute should result in judgment in his favor.

## II. Standard of Review

Supreme Court citing: that Rule 8 "meant what it said" and pleading under the federal rules requires only "a short plain statement of the claim showing that pleader is entitled to relief." Leatherman, 507 U.S., 122 L Ed.2d at 524, 113 S. Ct. At 1161; citing Conley v. Gibson, 335 U.S. 41, 2L Ed2d 80, 78 S.Ct. 99 " A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an *O*rder for judgment. Like a demurrer it _admits the truth_ of all well-pleaded facts in the pleadings of

the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion. And the court will considered the whole record and give judgment for the party who, on the whole, appears entitled to it." Thomas v. Bank of Commerce et al., 133 Okla. 46, 271 P.233. Section 1983 claims viable; Wilson v. Bucci, No. GD97-20740, 1983 claims against housing authorities for alleged violation of FLBPPA, Section 8, and their implementing regulation, *as well as other housing act provisions*, meet the Wilder Criteria.

### III. Analysis

A party moving for summary judgment may refer to any evidence that would be admissible if there were to be a trial; held to deposition, party admissions, documents received during discovery ...such as certified government documents. The test before this matter establishes there are three form of procedural law which may be granted; motion for judgment on the pleadings, motion for summary judgment, and summary judgment. Plaintiff now seek motion for summary judgment, Defendants seek motion for judgment on the pleadings.

Motion for judgment on the pleadings... is a motion made after pleadings have been entered that requests the court to issue a judgment at that point. Simply put! it is action of the Defendants in asking of the court to make a decision without the review of evidence. This action the cloaking of evidence, has it purpose ...to remove the core of authority placed with the filing of any potential opposition that may rendered Defendants action here as moot. This issue is duly establish where the Defendants post its motion to the Amended Complaint dated: April 30th, 07. Yet conveniently

**Pg 3**

failed to disclose its filing of an Answer Affirmative Defenses upon the Record of the Court on August 20th, 2007; as its response to its review of the amended complaint of April 30th, 2007. The Record of the Court further establish, Plaintiff filed with the Court on September 10th, 2007, his response to the Defendant Affirmative Defenses. This filing has sound standing as govern to his action as raised upon Rule (8) placed herein. Of particular note is the material evidence attached to this document which render legal authority to the claims of the Plaintiff ( HUD Letter of Determination). This document links the Defendants participation in the violations of both federal and statutory laws. The motion of Defendants would remove this material fact, evidence from the plaintiff claims. _A_sking of this Court to deliberately discard this fact.

At this point in time where the Plaintiff have tender its evidence to the court in order to prove its case, Defendants cannot rest the case, when _N_ow! it has a burden of proof to prove their Affirmative Defenses. Where this proof requires sufficient material evidence relevant to the claims material facts. Facts at issue before the jury depends partly on _substantive law_ and partly on the _contents of the documents_ which have been filed with the Court. The Defendants motion for judgment on the pleadings is design to remove this disclosure to a jury. Especially where the initial action of the Defendants has a defined purpose. The _Cure Notice_ submitted to the Plaintiff is placed as a holdover claim upon the Plaintiff...the landlord wants you evicted for reasons _other than nonpayment of rent_. Plaintiff has the legal right to come before the court, where he is alleging that this claims had no viable action unto its purpose; he now! having the legal rights to pursuit

Pg 4

a legal course of action. Which he believed was discrimination, placed to his disability. The HUD Letter concurred this material fact. Which an *O*rder granting motion for judgment on the pleadings would cloak. Here! judgment *c*an be rendered for the Plaintiff when the Answer of Defendants are not responsive to the Complaint. But a desire to impede the law.

Reflecting upon the Fair Housing Amendment Act of 1988 ..."FHAA," prohibits a broad range of discriminatory activities. It is unlawful: to refuse to make reasonable accommodation in rules, policies, practices, or services when such accommodations may be necessary to afford such persons equal opportunity to use and enjoy a dwelling. A person who demonstrates a violation of this provision establishes liability under the FHAA and need not prove the violation was the cause of some specific type of harm; the harm is the discrimination. It is well-settled that an individual need not file a federal administrative proceeding with HUD before filing a federal lawsuit under FHAA. However! Plaintiff has the right to seek assistance in federal court.

In their response, Defendants virtually ignore the entire and well-establish body of laws raised by the plaintiff motion for summary judgment. In addition, Defendants do not seriously contest the one element recognized by the Fair Housing Act; term: duty of care owed. Instead, Defendants in its motion for judgment on the pleadings embark upon an imaginative frolic and detour in an attempt to; one way or another, focus this action on the conduct of anyone other than themselves.

Defendants advance four argument [ without material evidence ] affixed to its Affirmative Defenses, in this effort none of them recognized the statutory laws plead to the Plaintiff complaint. However

**Pg 5**

noting: in cryptic terms ... defendants state that, "Solely for the purposes of this motion, the defendants *adopt* the Plaintiff's version of the facts" - then placing into argument elements of a lease agreement. This action is at best ungracious and disdain.

Defendants ANSWER unto its affirmative defenses i.e. ... 1st Defense ~ the amended complaint fails to state *any* claim upon which relief may be granted, 4th Claim for Relief ~ Denied; REPLIED unto its motion for judgment i.e. ...none of theses claims is viable as a matter of law. Where the Plaintiff Complaint in review is held to federal law, the claim of discrimination is determined. 'Discrimination statues' prohibit discrimination against individuals who are members of a

"protected class." Plaintiff meets this grouping of people to which the protection is due, falling within the coverage of the Fair Housing Act [statute]. Its policies embrace the claim of the Plaintiff DISCRIMINATION, it being the gate keeping hurdle of the statute. A claim of discrimination is viable, allowing the protected individual to seek relief when violated. The denial of the Plaintiff request for reasonable accommodation is an equal protection violation upon the statute policies; holding to the duty of care owed via its substantial factor.

In their memorandum, Defendants devote a great deal of effort in an attempt to cast blame on the Plaintiff in this case. In the exercising of traditional rights due, Plaintiff has selected its own causes of action and its forum; choosing to file his case as a direct action in his behalf, under federal laws. Defendants simply do not have the prerogative to usurp this fundamental

**Pg 6**

right of the plaintiff. *A*nd like the Defendants, this Court *too*! will *adopt* the Plaintiff's version of the facts.

Accordingly, Defendant's motion for judgment on the pleadings will be denied as to the affirmative defenses.

## IV. Conclusion

For the foregoing reasons the court will **GRANT** Plaintiff 'motion for summary judgment.'

Respectfully Submitted,

_____
Henry W. Geter II
Plaintiff / Tenant
100 Mich. Ave. N.E. Apt. A-11
Washington DC  20017

Dated: 12/10/, 2007

...

Pg 7

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this _10_ day of _DEC_, 2007, that a copy of the foregoing Memorandum was mailed to the Defendants:

Horning Brothers Corporation
Trinity Community LP
Ms. Veda S. Brinkley
Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_____
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017