IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)

Case File No: 07-CV-0757  RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

### PLAINTIFF MOTION FOR REQUEST; FOR ADMISSION OF FACTS UPON DEFENDANTS; A SUPPLEMENTAL SUPPORT TO SUMMARY JUDGMENT

**Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff request Defendants to admit or deny the truth of the following:**    See Instructions below...

1. **Admit** Plaintiff Henry W. Geter II is a tenant under lease at the apartment complex named The Cloisters currently ~ 2007.

2. **Admit** Plaintiff Henry W. Geter II moved in under this lease agreement on March 28th 2003.

3. **Admit** Manager of the apartment complex... The Cloisters, is Ms. Connie Fletcher.

4. **Admit** Ms. Connie Fletcher was the manager unto this apartment complex ~ The Cloister, at the time of Mr. Geter moving in.

5. **Admit** that during the tenancy of his lease, Mr. Geter has made all payments due, thereto the Management Office of the apartment complex ~ The Cloisters.

Pg 1



RECEIVED
DEC 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. **Admit** Defendant Horning Brothers Corporation is a register business entity within the community Washington DC.

7. **Admit** Defendant Trinity LP is a register entity within the community of Washington DC.

8. **Admit** the Register Agent for Horning Brother Corporation is Mr. Joseph Horning Jr.

9. **Admit** the Register Agent of Trinity LP is Mr. Joseph Horning Jr.

10. **Admit** the apartment complex ~ The Cloister is under the management of Horning Brothers Corporation.

11. **Admit** that the lease agreement signed by the Plaintiff is place upon an document noting Horning Brothers [HB].

12. **Admit** that Plaintiff was provided with a copy of his signed lease.

13. **Admit** Plaintiff was provided ...<u>*Notice To Cure Violation Of Tenancy Or Vacate*</u>.

14. **Admit** Defendant Ms. Connie Fletcher is an employee of Horning Brothers Corporation.

15. **Admit** Defendant Ms. Veda S. Brinkley is an employee of Horning Brothers Corporation.

16. **Admit** there is no dispute of the material facts placed to the Plaintiff <u>*Notice To Cure Violation Of Tenancy Or Vacate*</u>.

17. **Admit** that the 'Notice to Cure ...' was signed by Ms. Veda S. Brinkley.

18. **Admit** that language to the 'Notice to Cure ...' the words Horning Brother Management appears.

19. **Admit** that Defendant Ms. Veda S. Brinkley mailed or caused to be deliver the 'Notice.'

20. **Admit** that Defendant Ms. Connie Fletcher caused the delivery of the 'Notice' to the Plaintiff Mr. Geter via its servicing therewith the Security Guard Mr. Andrew.

21. **Admit** that a copy of this service from Mr. Andrew... was return to Ms. Fletcher.

**Pg 2**

22. **Admit** that the Fax # 12026599489 is place to Horning Brothers Corporation office.

23. **Admit** that the Fax # 12029861215 is place to The Cloisters management office.

24. **Admit** that the Defendant Horning Brothers Corporation has a management contract with the Owner's of The Cloisters.

25. **Admit** that the Owner's of The Cloisters is ... Trinity LP.

26. **Admit** that a complaint was filed against <u>*The Cloisters*</u> via the **Department of Housing and Urban Development (HUD)** by Mr. Geter II.

27. **Admit** that a complaint was filed against the Management Staff of Horning Brothers.

28. **Admit** that the **Office of Human Rights (OHR)** ~ Washington DC conducted an investigation of the complaint file with **HUD.**

29. **Admit** that the **OHR** submitted a finding of **PROBABLE CAUSE** and <u>charge to Discrimination</u> to the defendants [ Trinity LP ].

30. **Admit** that defendants have receive this finding upon a "**Letter of Determination**."

31. **Admit** that Ms. Veda S. Brinkley participated in the investigation findings.

32. **Admit** that Mr. Henry W. Geter II participated in the investigation findings.

33. **Admit** that the Owner ~ **Trinity LP**, was charge with **DISCRIMINATION.**

34. **Admit** that the content file to the Complaint in US District Court Washington DC **ABOVE AS MENTIONED** are placed to the <u>*Records of the Courts*</u>.

35. **Admit** Complaint notes: cause of action **is *govern*** to Constitutional and Statutory Law.

36. **Admit** Complaint notes: cause of action **is in *violation*** of <u>Title 42 U.S.C. Section 1983,</u> **is in *violation*** of <u>Title VIII of the Civil Rights Act of 1968, as amended,</u> **is in *violation*** of <u>the Fair Housing Act of 1988</u>

Pg 3

38. **Admit The Fair Housing Act of 1988,** is a federal stature of law.

39. **Admit** Complaint cause in action is place to the **D**enial of *"**Reasonable Accommodation.**"*

40. **Admit** Plaintiff is **D**isable ... submitted an Official Response to the 'Notice to cure ...'.

41. **Admit** there is no dispute placed upon the material facts of the Official Response ~ ... requiring housing providers to make *reasonable accommodation* to the disable..

42. **Admit** there is no dispute placed upon the material facts ...Plaintiff states: ***NOW*** **I am seek the reasonable accommodation of the law, granted me...etc.**

43. **Admit** there is no dispute placed upon the materials facts ... Plaintiff states: Surely management can ***reasonable accommodate*** a change in my monthly from the first (1st ) of the month, to the fifteen (15th).

44. **Admit** this case is filed upon the failure of management ...to adjust their policies.

45. **Admit** managers denial of *Response* was willfully imposed, as acknowledge to HUD.

46. **Admit** Plaintiff has filed a $ 2.5 million law suit... in damages placed to the violations; holding to the Defendant's Conduct, Actions and or Inactions.

47. **Admit OHR/HUD**...'*Letter of Determination*" is placed to a fact finding of evidence.

48. **Admit** there are no material evidence to support its defenses... in dispute / denied.

49. **Admit** Defendant Ms. Veda S. Brinkley has received official training unto the laws, as related to the regulations managing the implementation of the Fair Housing Act.

50. **Admit** Defendant Ms. Connie Fletcher has received official training unto the laws, as related to the regulations managing the implementation of the Fair Housing Act.

51. **Admit** Defendant Ms. Veda S. Brinkley has a degree to support her employment in the management position within company ( Horning Brothers Corporation).

52. **Admit** Defendant Ms. Connie Fletcher has a degree to support her employment in the management position held with the apartment complex ( The Cloisters).

53. **Admit** Trinity LP can provide evidence of an insurance provider to support the relief ask for unto the complaint.

54. **Admit** Horning Brothers Corporation can provide evidence of an insurance provider to support the relief ask for unto the complaint.

55. **Admit** Ms. Veda s. Brinkley can provide evidence of an insurance provider to support the relief ask for unto the complaint.

56. **Admit** Ms. Connie Fletcher can provide evidence of an insurance provider to support the relief ask for unto the complaint.

57. **Admit** evidence of the Defendant's insurance cover can be copy and submitted to the Plaintiff within 10 business days.

58. **Admit** Trinity LP is the sole entity ~ with Ownership of the Cloister Apartment Complex.

59. **Admit** Defendant Ms. Connie Fletcher has a Certificate of Completion, unto training classes in whom subject matter, was based unto the Fair Housing Act of 1988.

60. **Admit** Defendant Ms. Veda S. Brinkley has a Certificate of Completion, unto training classes in whom subject matter, was based unto the Fair Housing Act of 1988.

61. **Admit** Mr. Joseph Horning Jr. is a partial Owner of the entity Trinity LP.

62. **Admit** Mr. Joseph Horning Jr. is a partial Owner of the entity Horning Brothers Corporation.

63. **Admit** unto the rent payments made by Mr. Geter II, has received a receipt of payments from Horning Brothers Corporation unto every payment.

65. **Admit** that the Defendant Ms. Connie Fletcher has no interest in the settlement of this case with Mr. Geter II.

66. **Admit** that the Defendant Ms. Veda S. Fletcher has no interest in the settlement of this case with Mr. Geter II.

67. **Admit** that the Defendant Trinity LP has no interest in the settlement of this case with Mr. Geter II. ...*N*OW, or in the further.

68. **Admit** that the Defendant Horning Brothers Corporation has no interested in the settlement of this case with Mr. Geter II.

69. **Admit** that this case has a standing of law for punitive damages given to the violations stated hereto the above.

70. **Admit** that this case has a standing of law upon treble damages place to the violations stated hereto the above.

71. **Admit** that the Plaintiff has paid all late fees and court costs during his tenancy.

72. **Admit** that the Plaintiff has been subject to rent increases ( debt ) during his tenancy.

73. **Admit** that at no time and currently, is the Plaintiff under an **approve reasonable accommodation action**, of management and any directives of the Owner.

74. **Admit** that the injuries inflicted on Plaintiff as hereinbefore mention: *Negligence* is govern unto federal law.

74. **Admit** that the injuries inflicted on Plaintiff as hereinbefore mention: *Discrimination* is govern to federal law.

75. **Admit** that the injuries inflicted on Plaintiff as hereinbefore mention: *Intentional Misrepresentation* is govern to federal law.

76. **Admit** that the injuries inflicted on Plaintiff as hereinbefore mention: *Fair Housing Act* violation is govern to federal.

77. **Admit** submittal of the **'Notice to Cure ~ Vacate'** had no foundation of law to support its presentation to Mr. Geter II, as a holdover claim.

**Pg 6**

78. **Admit** Defendants has no material evidence to support the affirmative defense that the Plaintiff *case lack any statutory basis for any claims*.

79. **Admit** Defendants has no material evidence to support the affirmative defense that the Plaintiff *case fails to state a claim upon which relief can be granted*.

80. **Admit** Defendants has no material evidence to support the affirmative defense that the Plaintiff *case for punitive damages violate the due process clause*.

81. **Admit** Defendants has no materials evidence to support the affirmative defense that the Plaintiff *case lack reasonable reliance upon the government*.

82. **Admit** that the issues, governing this case *is one solely paced to federal laws*.

*If* Defendant's ~ Trinity LP, Horning Brothers Corporation, Ms. Veda S. Brinkley and Ms. Connie Fletcher fails to respond or object to any request within **30 days** of the service of the requests, *the matter shall be deemed admitted under Rule 36.*

As is more fully set out in Rule 36(a), the defendants must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or deny. If the defendant objects to only part of a request, it must admit or deny the remainder of the request. In the event that the defendant objects to or denies any request or portion of a request, the defendant must state the reasons for its objection or denial.

**Pg 7**

*If* you answer a request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

**Points of Authority...**

**_FRCP 56_**  Moving party has the rights to show that non-burdened party cannot dispute movant's evidence on every element of the claims, **_AND_** that movant's evidence will meet their burden of persuasion t trial. Wherefore defendants motion for judgment on the pleading is filed; noting: " none of these claims is viable as a matter of law."

Plaintiff is entitled to summary judgment because, as a matter of law, defendant's motion cannot support its burden of proof.

*A*ccording to authoritative Supreme Court precedent, only facts that might affect the outcome of the proceeding are deemed " material." See _Anderson v. Liberty Lobby, Inc.,_ 477 U.S. 242, 248 (1986). Moreover an issue of material fact must have a " real basis in the record " to be considered " genuine." *See Matsushita Elect. Indus. Co. V. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986). In deciding whether a genuine issue of material fact exists, the court *m*ust view all facts and all reasonable inferences to be drawn from them " in the light most favorable to the non-moving party." Id at 587.

The party requesting summary decision bears the initial burden of asserting the absence of any genuine issues of material fact by " identifying those portions of 'the pleadings, depositions, answers to interrogatories, and **_admissions on file_**, together with the affidavits, in any,' which it believes demonstrate the absence of a genuine issue of material fact." See _Celotex Corp. v. Catrett,_ 477 U.S. 317, 323 (1986) ( quoting in part 56(c) ) ( emphasis added ).

Pg 8

***Rule 56( c )***   Of the federal rules of civil procedure also ***permits***, as the basis of summary decision adjudications, consideration on any " admission on file."  See e.g. Home Indem. Co . v. Famulard, 530 F. Supp. 797 ( D.C.. Col. 1982).

" If facts stated in the affidavit of the moving partly for summary judgment are not contradicted by facts in the affidavit of the party opposing the motion, they are admitted." Morrison v. Walker, 404 F.2d 1046, 1048-49 ( 9th Cir. 1968).

Admissions in the brief of a party opposing a motion for summary judgment are functionally equivalent to admission on file and, as such, may be used in determining presence of a genuine issue of material fact.   U.S. v. One-Heckler-Koch Rifle, 629 F.2d 1250 ( 7th Cir. 1979)

" ... matters deemed admitted by the party's failure to respond to a request for admissions can form a basis for granting summary judgment." Gardner v. Bordern, 110 F.R.D. 696 (S.D. W Wa. 1986)

This case is placed upon the deprivation of federal rights unto the law, defendants have a burden of proof [1] to which it must reply to by law.[2]

Respectfully Submitted:

*[signature]*   12/26/07

Henry w Geter II
Plaintiff
100 Mich. Ave. N.E.  A-11
Washington DC 20017

**Pg 9**

---

[1]. N.J. Super.A.D. 2000.  Those who seek to deprive an individual of a fundamental right must meet a clear and convincing burden of proof. – In re Absentee Ballots Cast by Five Residents of Trenton Psychiatric Hosp., 750 A.2d 790, 331 N.J.Super. 31

[2]. Ill.App.2Dist. 1994  "Circumstantial evidence" is poof of facts and circumstances from which jury may infer other connected facts that usually and reasonably follow, according to common experience of mankind. – Barker v. Eagle Food Centers, Inc., 199 Ill. Dec. 922, 634 N.E. 2d 1276, 261 Ill.App.3d 1068.

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 26th day of DEC., 2007, that a copy of the foregoing Motion was mailed to the Defendants:

    Horning Brothers Corporation
    Trinity Community LP
    Ms. Veda S. Brinkley
    Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_Henry W. Geter II_
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Henry W Geter II**
**Plaintiff**
vs.
**Horning Brothers Corporation** *et al.,*
**Defendants**

Case File No: 07-CV-0757   RBW

## ORDER

For the reasons stated in the foregoing Request Admission, it is this _____ day of _____, 200 __, by the United States District Court For The District Of Columbia, HEREBY GRANTS the Motion and Orders as following::

1. The request for admission numbering 1 through 82 listed hereto this request shall be admitted for the purposes of any trail upon the defendants',

2. Counsel for the accused defendants are each at liberty to challenge the authenticity of any of the documents placed during the trial,

3. The prosecution shall deal with any issues raised as to the authenticity of any documents so admitted by way of rebuttal,

4. Counsel for the accused defendants, shall have until _____ day of _____ 2008, to respond to this request.

*SO ORDERED*, this _____ day of _____, 2008.

_____s/_____
Reggie B. Walton
United States District Judge