IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Henry W Geter II
(Plaintiff)

Case File No: 07-CV-0757 RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

### PLAINTIFF MEMORANDUM NOTICE OF DEFENDANTS FAILURE TO RESPOND TO ADMISSION OF FACTS; A SUPPLEMENTAL SUPPORT TO SUMMARY JUDGMENT

### MOTION FOR SCHEDULING ORDER

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff request Defendants to admit or deny the truth... to which no respond was received. [A]dmission of facts are now *deemed admitted.*

**Points of Authority...**

**FRCP 56**   The party requesting summary decision bears the initial burden of asserting the absence of any genuine issues of material fact by " identifying those portions of 'the pleadings, depositions, answers to interrogatories, and *admissions on file*, together with the affidavits, in any,' which it believes demonstrate the absence of a genuine issue of material fact." See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ( quoting in part 56(c) ) ( emphasis added ).

**Rule 56( c )**   Of the federal rules of civil procedure also *permits*, as the basis of summary decision adjudications, consideration on any " admission on file." See e.g. Home Indem. Co . v. Famulard, 530 F. Supp. 797 ( D.C.. Col. 1982).

Pg 1

Although referred to as a discovery device, requests for admission are fundamentally different from all other forms of discovery. They do not seek to uncover information. Instead they seek as a tool to expedite trial by eliminating the need to prove undisputed matters.

It is more given as a ***summary adjudication*** procedure than a conventional discovery. [See page 22 of filed Summary Judgment Motion... i.e. " Plaintiff! Now Acknowledge: This Motion is ripe for ***ADJUDICATION*** ]

The courts have acknowledged... " a party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." 134 Ill. 2d R 216(a). A fact is deemed admitted unless the party to whom the request for admission was directed responds within 28 days with a sworn statement or written objection. 134 Ill. 2d R. 216(c). Should counsel for defendants assert that he had been out of town and without a secretary at the

time of service. The court has establish that..."mistake, inadvertence, or simple attorney neglect cannot

constitute the sole basis for a good cause determination." see Greene v. City of Chicago, 48 Ill. App. 3d 502, 513 (1976), aff'd, 73 Ill. 2d 100, 382 N.E. 2d 1205 (1978); Floyd v. United States, 900 F. 2d 1045, 1048 ( 7th Cir. 1990).

Further! " the failure to respond to a request for admission may be considered in a motion for a summary judgment and provide a basis for a court to grant the motion for a summary judgment." P.R.S. international, Inc. V. Shred Pax Corp., 184 Ill. 2d 224, 244 (1998). Although a summary judgment is an expeditious method of disposing of a lawsuit, it should only be allowed when the

Pg 3

right of the moving party is clear and free from doubt. Purtill, 111 Ill. 2d at 240.

The Plaintiff contents that now " the failure of a non-moving party to *properly* contradict facts contained in a movant's affidavit [**HUD Letter**] or request for admission in support of a summary judgment motion constitutes an admission of the truth of all such claims placed to the complaint." The critical question in deciding the propriety of summary judgment is whether there is a dispute of material facts.

> F.R.C.P. 36(a) provides in pertinent part: each matter of which an admission is requested shall be separately set forth. The matter is admitted unless... the party to whom the request is directed serves upon the party 'requesting the admission' a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

The courts has cited... when a party fails to respond in a timely way to a request for admission, it admits the relevant subject matter of the request. Lionelle v. Se. Colo. Water Conservancy Dist., 676 P.2d 60, 62 (1969); Engel v. Engel, 902 P.2d 442, 446 (Colo. App. 1995). These admissions may then be used to support a summary judgment. See Lionelle v. Se. Colo. Water Conservancy Dist.,; supra, Cox v. Pearl Inv. Co.

Finally! Plaintiff notes ' unto its summary request'  The...admissions deemed, to have been made by the defendant's due to defendants failure to respond, to the request to admit, were admissions of fact, *not legal conclusions*, and is sufficient to support its summary judgment.

Pg 4

**Supplemental Points of Authority...**

**Plaintiff further notes** that the Defendant's response to his Motion for Summary Judgment is

_d_efective. The Defendant's response (opposition) consist of no legal memorandum explaining the

legal and factual reasons why summary judgment should not be granted. Rule 74.04 (c) (2).

Provides in pertinent part:
> The response shall admit or deny each of movant's factual _s_tatements in numbered paragraphs that correspond to movant's numbered paragraphs.
>
> A response that does not comply with this Rule 74.04(c) (2) with respect to _a_ny numbered paragraph in movant's _statement_ is an admission of the truth of that numbered paragraph.
> ...

> _P_laintiff "Motion For Summary Judgment ...notes "
> i.e. Page 3   1. **_Statement of Issues [1] Presented:_**
>
> [a] _W_hether the Defendants _c_onduct violated the equal protection clause of the United States Constitution ... by denying the fundament rights due the Plaintiff request for Reasonable Accommodation.
>
> [b] _W_hether the Defendants _c_onduct violated the deprivation of any rights, privileges secure by the United States Constitution and any federal statutory laws.
>
> [c] _W_hether the Plaintiff can seek damages held to the violations mentioned hereto its filing, as a result of the claims place unto the complaint.
>
> **_Further_**! No response is made to: _S_tatements ~ of **ORH**... _1 t_hrough _10_ - pg 6
> ...

The requirements of Rule 74.04(c)(2) are mandatory. Wehmeyer v. FAG Bearing Corp., 190 S.W. 3d

643, 649 ( Mo.App. S.D. 2006). " We treat as true any facts alleged in a properly pleaded summary

**Pg 5**

---

[1]. Summary judgment are proper in virtually any civil case that can be resolved on the basis of legal _i_ssues alone. Rules Civ. Proc., Rule 56.04 Armoneit v. Elliott Crane Service, Inc., 65 S.W. 3d 623, appeal Denied.

judgment not disputed by non-movant." Id.

Where in opposition to Plaintiff motion for summary judgment Defendant's did not assert the facts in dispute, as mandated by Rule 74.04, therefore, any other materials would not be considered.

...

> Defendants " Opposition ... notes "
> i.e. Page 1 <u>SUMMARY OF UNDISPUTED FACTS</u>
>
> Defendants hereby incorporate by reference the Summary of Undisputed Facts as stated in their Memorandum of Points and Authorities in support of the Motion for Judgment on the pleadings.

...

**The Courts have cited:** " The incorporation by reference of a 'Memorandum of Law' <u>*does not satisfy*</u> the requirements of a *p*roperly drafted response [2] to the motion for summary judgment." Trotter's Corp. V. Ringleader Restaurants, inc., 929 S.W. 2d 935, 940 ( Mo. App. E.D. 1996). " A court <u>*may properly refuse*</u> to consider documents filed in opposition to a motion for summary judgment which <u>*have not been identified*</u> in a response which complies with Rule 74.04(c)(2), but are described only in a memorandum filed in opposition to the motion." **Peck,** 998 S.W. 2d at 76.

In support of this *N*otice – under Supreme Court Rule 59.01, the failure to answer a request for admissions establishes the matters in the request *c*onclusively. The party making the request is

Pg 6

---

[2]. Under Rule (e) summary judgment must be entered who moving party has met his burden of showing that there is no response to motion for summary judgment. Baum v. Gillman, 648 F2d 1292, 1981 - 1 CCH Trade Cases 64041, 31 FR Serv 2d 1316

entitled [3] to rely upon the facts asserted in the request, and no further proof is _r_equired.. Killian C o n s t . Co., v. Tri-City Constr. Co., 693 S.W. 2d 819, 827 ( Mo.App.W.D. 1985). Such deemed admission can establish any fact or any application of law to fact. Linde v. Kilbourne, 543 S.W. 2d 543, 545 - 46 ( Mo.App., W.D. 1976). That rule applies to all parties, including those acting pro se. Research Hosp. v. Williams, 651 S.W. 2d 667, 669 ( Mo.App.W.D. 1983).

_M_aterials evidence is supportive of plaintiff claim of **_Intentional Misrepresentation_** ...govern upon negligent by omission. The submittal of Plaintiff 'Response Letter' establish the Defendants negligent by omission...see Binette v. Dyer Library Ass'n, 688 A.2d 898, 903 (Me. 1996) "holding that omission by silence may _c_onstitute the supplying of false information for purposes of fraudulent misrepresentation." Held here! to the lack of information which was obligated to the Plaintiff by Federal Law upon his 'reasonable accommodation' request , authorized by the **Fair Housing Act [Statute]**. This _o_mission is fatal to the Defendants 'argument of ..." The Plaintiff's count two (misrepresentation) and court three (negligence) do not lay out any of the required elements for these claims [filed to its motion for judgment on the pleadings]"... see Chapman v Rideout, 568 A.2d 829, 830 (Me. 1990) "holding that the tort of negligent misrepresentation - that the Defendant failed to exercise reasonable care or competence in obtaining or communication the information, and where the Plaintiff justifiable relied upon the information

Pg 7

---

[3]. A party moving for summary judgment will prevail if there is no genuine issue of material fact and the record establishes that the party is entitled to summary judgment as a matter of law. Hikita v. Nichiro Gyogyo Kaisha, Ltd., 12 P. 3d 1169.

as true and acted upon it, causing him economic loss." *I*nformation holding to the ***Statute.***
This 'economic loss' is seen as *d*ebt placed to the rent over a period of five (5) years. The Supreme Court has cited its response to this matter as noted herein... see motion for summary judgment page 13 filed content [ *Cohen v. De La Cruz* ]. See footnote # 6.
Thus! ... If the moving party meets its initial burden, the opposing party *m*ust then " set forth specific facts showing that there is some genuine issue for trial" in order to *d*efeat the motion. Anderson, 477 U.S. at 250; Fed. R. Civ .P 56( c ). The Defendants filings *f*ails unto this matter.

...

## *CONCLUSIVE ANALYSIS:*

Plaintiff Pro Se having complied with law[4]... *H*ath

Analyze the supportive documents of the *R*ecords of the Court, filed thereto his Civil Action placed unto his *Complaint*. Bringing them! As proof of Defendants conduct in the violation the plaintiffs rights under the constitution and law (statutory) of the United States of America while they acted jointly under color of law and/or have threatened and intimidated the Plaintiff in his exercise

and enjoyment of his rights and privileges secured to him by the United States Constitution

and Laws of the United States of America.

This material evidence establishes the Defendants instituted, authorized, tolerated, permitted,

Pg 8

---

[4]. Fact may be proved by direct evidence, circumstantial evidence, or combination of direct and circumstantial evidence. – Hollingsworth v. Queen Carpet, Inc., 827 S.W. 2d 306, appeal denied.

acquiesce in policies, practices and customs of statutory violations without probable causes, harass without reasonable, in their provision of applying government obligation due the equal protection of law. That its conduct and acts were done with deliberate indifference, knowingly in violation of Plaintiffs legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs humiliation, mental pain, and suffering and violation of public trust

with the Defendants negligence, reckless and/or callous indifference to the rights and safety of

the Plaintiff and acted in the face of perceived risks that would violate federal law all to the damage of the Plaintiff which constitutes a serious miscarriage of justice.

Further that the Defendants conduct against the Plaintiff are willful[5], wonton, outrageous, morally deprived, in violation of various statues, constitutional provisions and common decency and is regarded as atrocious and intolerable in a civilized society who are conspiring and acting in concert to suppress, chill and "neutralize" the Plaintiffs constitutionally protected activities in defense of this government to reform, so he cannot be

exposed to private corporate activities to corruption and cover up, and otherwise injure him

and abridge his civil rights. Plaintiff's charge further that the violations and injuries complained of herein were brought about by concurring knowledge among some or all of the Defendants, agents, and others, whereby there was a meeting of the minds among them regarding their desire to disrupt, misdirect, discredit or otherwise suppress the protected rights of the plaintiff.

Pg 9

---

[5]. A conscious failure to exercise due care constitutes "willfulness," for purpose of awarding punitive damages. Welch v. Epstein, 536 S.E. 2d 408, 342 S.C. 2791.

**THE LODESTAR** of this case...

*Statute Time of Limitation*

The *S*tatute of limitations for section 1983 violations is two years. Browning v. Pendelton, 869 F.2d 989, 992 (6th Cir. 1989). However, if a violation is continuing, the statute of limitations poses no bar. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003).

A violations is continuing if: 1) the defendants' wrongful conduct continues; 2) the injuries to the plaintiffs continue to accrue; and 3) further injuries to the plaintiffs were avoidable if the defendants had at any time ceased their wrongful conduct. Tolbert v. State of Ohio Dept. of Transp. 172 F.3d 934, 940 (6th Cir. 1999).

...

**Controlling Authority**: Held to All Motions...

*P*ursuant to Fed. R. Civ. P. 7 (*f*) ...Response and Brief. If the respondent opposes a motion, he shall file his response, including brief and supporting documents as are then available, <u>within ten (10) days after service of the motion.</u> — the time period for any response and reply to a motion filed under civil rule 12 shall be as provided in LRCi 12.1; (*j*)... Failure To File and Serve Motion Papers. ... upon failure of respondent to file a response and brief in opposition to the motion, the court may <u>treat the motion as conceded and render whatever relief is asked for in the motion</u>.

[ *U*nto these matter of law... this *N*otice has its standing, notes! the Plaintiff ]

*[D]*efendants have not file any legal response to the Motion For Request; For Admission of Facts...

**Pg 10**

to the Plaintiff and *n*o 'Opposition' thereto the US District Court. As such Plaintiff is seeking a jury [6] to evaluate the damages given to the cause of action[7] govern to the defendants violations of federal laws.

### Supreme Court Citing's Unto PRECEDENT:

The *e*ssential function of examining precedent's is to establish *u*niformity in the Law.

*In Notice*: The essence of precedent is that a <u>new case</u> which is like a previously decided case should be decided the same way. " A solemn decision upon a point of law, arising in any given case, *b*ecomes an authority in a like case..." <u>1 J. Kent, Commentaries on American Law  * 475 (8th ed. 1985).</u>

Having held by the Supreme Court that ... all of the others courts of the nation are bound to follow this court's precedents on federal questions and *c*annot overrule them. <u>See Agostini v Felton, 521 U.S. 203, 237 - 238 (1997).</u>

*P*laintiff has filed and established such cases within the **Records of the Court**.

Pg 11

---

[6]. Jury may consider circumstantial evidence when evaluating elements of cause of action. – McCall v. Chicago Bd. of Educ., 170 Ill. Dec. 732, 593 N.E. 2d 621, 228 Ill. App. 3d 803, appeal denial 176 Ill. Dec. 803, 602 N.E. 2d 457, 146 Ill. 2d 631.

[7]. Cause of action sounding in negligence requires following elements: existence of duty owning by defendant to plaintiff; defendant's failure to discharge that duty; and injury to plaintiff proximately resulting from such failure. –Weigl v. Quincy Specialties co., 601 N.Y. S.2d 774, 158 Misc. 2d 753.

## MOTION

***NOW COMES*** Plaintiff request for a <u>*Scheduling Order*</u> that will provide a prompt and reasonable schedule for resolving the 'Fifth Claim For Relief ( Exemplary Damages)'[8] presented by this case. This request would allow Plaintiff a full and fair opportunity to bring before the jury[9], material evidence placed within the <u>*Records of the Court*</u>, establishing the injuries center to the complaint. Plaintiffs hereby move for a scheduling order, for the reasons stated hereto and in the summary judgment motion, memorandums and supplemental support briefs. That the Court should ***<u>GRANT</u>*** Plaintiffs' Motion for a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

Here Plaintiff is seeking an aggressive, but reasonable, pretrial schedule in which all pretrial matters would be completed by the end of April 2008, and the case would then be ready for trial[10] on the merits before the end of June 2008.

Respectfully Submitted

*/s/ Henry W Geter II*
Henry W Geter II
Plaintiff
100 Mich. Ave. N.E. A-11
Washington DC 20017

cc - Attached ...Certificate of Services

Pg 12

---

[8]. Jury may be permitted to award punitive damages in s 1983 action when it finds that defendant's, violation of federal law was intentional or when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights of others. 42 U.S.C.A. s 1983. – McCardie v. Haddad, 131 F.3d 43.

[9]. The trial court may take judicial notice of the records of its own clerk's office. LSA-C.E. art. 201. – Louisiana lift & Equipment, Inc. V. Eizel, 770 So.2d 859, 33, 747 (La.App. 2 Cir. 11/1/00).

[10]. The largest damage award obtained by the justice department in a fair housing act case, occurred in May 2004, when a jury in Kansas City awarded over *$ 1.1 million* against two landlords for sexual harassment.

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 25 day of JAD, 2008, that a copy of the foregoing Memorandum was mailed to the Defendants:

      Horning Brothers Corporation
      Trinity Community LP
      Ms. Veda S. Brinkley
      Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_____
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

202/986-2264

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 26th day of DEC., 2007, that a copy of the foregoing Motion was mailed to the Defendants:

    Horning Brothers Corporation
    Trinity Community LP
    Ms. Veda S. Brinkley
    Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_Henry W. Geter II_
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017



**UNITED STATES POSTAL SERVICE** — Certificate Of Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS for mailing. This form may be used for domestic and international mail.

From: HENRY W GETER II
100 MICH. AVE. N.E.
WASHINGTON D.C. 20017

To: DAVID P. DURBIN ESQ
1100 CONN. AVE. N.W. STE 600
WASHINGTON DC 20036

U.S. POSTAGE PAID WASHINGTON DC 20013 DEC 26, 07 AMOUNT $1.05 00058805-36

PS Form **3817**, April 2007  PSN 7530-02-000-9065