IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
    (Plaintiff)

Case File No:  07-CV-0757   RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
    (Defendants)

### PLAINTIFF MEMORANDUM OF UNDERSTANDING GOVERNING THE ADMISSION OF FACTS; A SUPPLEMENTAL SUPPORT TO SUMMARY JUDGMENT;

### MOTION TO DISQUALIFY OPPOSING COUNSEL

**Pursuant to the Law!**

<u>Supreme Court Rules 183</u> gives judges discretion to allow responses to be serve beyond the 28 - day time limit, but the respondent must first show good cause for the extension. 134 Ill. 2d R.183; <u>Bright v. Dicke</u>, 166 Ill. 2d 204, 209 (1995). The fact that opposing party did not suffer prejudice is irrelevant. Bright, 166 Ill. 2d at 209. The respondent must assert some independent ground why his untimely response should be allowed. Bright, 166 Ill. 2d at 209. [ Defendants received *R*equest via *f*ax on Dec. 26th, 2007

Pg 1

RECEIVED
FEB - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*I*ts response must then be *in the receipt of Plaintiff* by Jan. 24th, 2008;  **_30 Days_** .

Counsel by its '*R*eply filing to the court,' admits his *mailing* was on Jan. 25th,[1] 2008 ]

   A) *the Party's Sworn Statement*: where a response fails to file a sworn statement either admitting or denying a request to admit this action brings harsh consequences. *Moy v. Ne*, 341 Ill. App 3d 984 ( 1st Dist. 2003).    [ Counsel provided **no sworn statement's** from Defendants: Horning Brothers Corp., Veda S. Brinkley or Connie Fletcher... within the '*r*esponse time', which was Jan. 24th, 2008 ]

A sworn response, absent a good faith objection, **must not be evasive** or respond in a manner that is not responsive to the request or else the party runs the risk of having the request deemed admitted.  [ *N*o signed ' *sworn affidavit* '[2] was provided with response. ]

   B) *28 days does not mean 29 days* : in **Kismer** "good cause" is defined as an event or series of events that are beyond the control of the litigant and so significant that it precludes compliance with the *m*andates of the Supreme Court Rule 183. In *B*right the Court stated: although Rule 183 does not give judges discretion to allow responses to be serve *b*eyond the 28 day time limit, that discretion does not come into play under the Rule unless the responding party can *f*irst show

**Pg 2**

---

[1]. In response to the **court filing notice** of Dec. 27th, 2007; not the *Plaintiff mailing/fax dates* of 12/26/07. Copy of plaintiff *fax records* for the month in question can be provided by *V*erizon.

[2]. Professional are judged according to the standard of care **required** by their profession. – Jennings v. Case, 10 S.W. 3d 625, appeal denied. [Tenn.Ct.App. 1999]

good cause for the extension [ citation omitted ].   [ Defendants counsel has submitted *no good cause* ]

   C) *objection*: an objection to a request to admit need not be sworn to by party under the plain language of the Rule. The objection, however, must be made in good faith and not meant to merely delay an answer or otherwise evade answering the request.

An admission in a request to admit is a binding judicial admission that cannot be controverted at trial or in a dispositive motion . *Tires'n Trucks, Inc. v. Fiordirosa Const.*, 331 Ill. App. 3d 87, 91 ( 2d Dist. 2002).

*T*hus in considering Plaintiff motion for summary judgment, this court *can conclude*, that this case has establish a prima facie status, and have provided by material evidence and exhibits, direct evidence of material facts that would foundation the legal claims of the filed Complaint.

*Legal Summary*: Plaintiff brings this action pursuant to 42 U.S.C. s 1983; Title VIII of the Civil Rights Act of 1968; The Fair Housing Act of 1988 claiming the defendants denied his right to 'reasonable accommodation' in violation of his constitutional rights, and privileges secured by the law (deprivation), and the equal protection of the laws. Where due to his disability! he has a fundamental right to duty of care.

Before this court is Plaintiff motion for summary judgment ( *d*ocket entries ... # 31, # 33, # 35, # 36, # 37, # 38, # 39, # 40, # 41, # 43 ). Plaintiff has fully complied with

the law...*Pierce v. Commercial Warehouse*, 142 F.R.D. 687, establishes the attorney's duty under Rule 11 to support a lawsuit with *existing law*. Plaintiff Pro Se after careful consideration of the **R**ecords of the Court, and for the reasons foundation to the docket entries mentioned, this court should find the Defendants' motion must be denied and Plaintiff motion **G**RANTED

" Once the moving party has properly supported its motion for summary judgment, the non-moving party must ' do more than simply show there is some metaphysical **d**oubt as the materials." *Matsushita Elect. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Unto the 'Response' filing of the Defendants ~ Plaintiff ' Request for Admissions of Facts,' this material is riddle with *dubiety* statements.

In support of their motion for judgment on the pleadings, Defendants assert no genuine issues ( held to federal law ) for trial; exist in this case.

There is no undisputed fact that the Defendants denied the civil rights guarantees given to the request for ' Reasonable Accommodation." As verified by the United States Dept ~ **HUD**. And further the Plaintiff has established the legal credibility of Defendants and its Counsel, is evasive in its legal standing, not to uphold

those values assign to this judicial proceedings. Defendants responses to Plaintiff [ Request for Admission Of Facts] show inconsistencies; they having elements of *p*erjury: the highest standard of proof³ addressing *d*isqualification⁴ / credibility. Due to the prosecutorial wronging here! It is Plaintiff hope that counsel would and *s*hould recuse himself due to his actions in the violation of federal law. If Not! Direct Constitutional Action will be sought against Counsel and all conspiring witnesses (Defendants). *H*owever! Plaintiff will no longer have open and legal communication with *D*efendants ~ Counsel.. David P. Durbin; **_as of this filing._**

## MOTION

This *M*otion is submitted and Plaintiff desires it to be noted for the *R*ecord for purposes of *a*ppeal if necessary.

*P*laintiff asks the court to disqualify opposing counsel from further representation of Defendants... Horning Brothers Corp., Veda S. Brinkley, and Connie Fletcher because he has engaged in intentional misrepresentations to the Court and refused to deal in good faith with the Plaintiff as required by the Rules of the Courts.

**Pg 5**

---

³. Burden of proof which a party has may be supported by <u>evidence produced by the opposing party</u> as well as by his or her own evidence. – Miller v. E.M.C. Ins. Companies, 610 N.W. 2d 398, 259 Neb. 433 [*S*ee 1/30/08 filing unto the Records of the Court... Judicial Impropriety During Admission of Facts ~ pgs 5 - 6.]

⁴. The party moving for disqualification must meet a high standard of proof. Riccitelli v. Riccitelli, No. 317852, 8 Conn. L. Rptr. 300

Plaintiff makes this motion by way of the material document... *Memorandum of Judicial Impropriety*, filed with the Court on January 30th, 2008. This action is held to Counsel conduct which is irresponsible, a ploy intended to impugn Plaintiff integrity, a bleaching of his obligations in accordance with the laws ~ mentioned hereto the above. By these tactics, counsel actions prejudice the rights of the Plaintiff Complaint.

Unto Counsel failings, the application of the Local Rules of the Court, the Federal Rules of Civil Procedure, aligned to the bleaching of his obligations under the lawyer Code of Ethics, and his sworn oath as an Officer of the Court, establish this Judicial Proceedings as a gamesmanship of the '*good old boys club*.' In fact as a sworn Officer of the Court, Counsel is to be held to a much *higher standard* than a Pro Se Litigant. This standard is not waive, upon the events held to perjury Counsel, in his zeal to defend his clients to the best of his ability, has forgotten that by law he is obligated to deal with Plaintiff in " **GOOD FAITH**." The term 'Bad Faith' according to *Black's Law Dictionary* ~ is not simply bad judgment or negligence, but rather implies conscious doing of wrong because of dishonest purpose or moral obliquity.

The "Responses" made to Plaintiff ' Request For Admission of Facts' by Counsel

**Pg 6**

was misleading, deceptive and a clear indication that Counsel will stoop to any level, will do anything, fair or foul, to have Plaintiff valid complaint dismisses; even if these actions violated Plaintiff's right of due process " to be heard." **To Be Heard by a Jury**.

*NOW COME* *P*laintiff 'Requesting the Disqualification of David P. Durbin Esq.'

Respectfully Submitted

Henry W. Geter II
100 Mich. Ave. N.E. A-11
Washington DC 20017

2/4/08

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 4th day of FEB., 2008, that a copy of the foregoing Motion was mailed to the Defendants:

      Horning Brothers Corporation
      Ms. Veda S. Brinkley
      Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_/s/ Henry W. Geter II_
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

202/986-2264