IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)

Case File No: 07-CV-0757 RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

## PLAINTIFF MEMORANDUM OF UNDERSTANDING A SUPPLEMENTAL SUPPORT TO MOTION TO DISQUALIFY OPPOSING COUNSEL

**Pursuant to the Law!**

Recently Supreme Court decisions makes it prudent for the judge, out of an abundance of cautions, to report lawyer's to the Attorney Registration and Disciplinary Commission [ **ARDC** ] even if the action is not required. For a judge has ethical responsibility to respond to attorney's violation of the Rules of Professional Conduct which is trigger by a judge's own ethical obligations. Supreme Court Rule (SCR) 63(b)3 provides that:

Pg 1

RECEIVED
FEB - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

"A judge having knowledge of ... a violation of Rule 8.4 of the Rules of Professional Conduct on the part of a lawyer shall take or initiate appropriate disciplinary measures."

<u>Unto Rule 8.3 Reporting Professional Misconduct ...</u>

Rule 8.3 Reporting Profession Misconduct [1]... (a) A lawyer having knowledge that another lawyer has committed a violation of the rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer <u>in other respects</u> shall inform the appropriate professional authority.

<u>In Other Respects:</u>

The Supreme Court! Establishes more clearly the role of the " duty of good faith " further in: In Re Walt Disney Co., Derivative litigation decision. That the duty of good faith does not stand as separate duty, but rather is encompassed under the traditional rubic of the duty of loyalty.

Here the facts are plain! Corporate counsel are obligated to police and detect fraud as a legal voice unto the public body. Counsel cannot now afford to act as spectators upon action seen within a corporation where there is willful misconduct.

Pg 2

---

[1]. Professional Misconduct - Plaintiff respectfully contends that the foregoing facts indicate that the defendant lawyers violated numerous rules of professional conduct as well as breaking laws that carry the penalty of Class D Felony.

Any failure to take action may result in the attorney trading in his pinstripes suit for custom prison stripes.

Not with standing disbarment... counsel to corporate bodies [entities] has a legal, and an ethical, duty not to turn a blind eye to corporate misconduct. Counsel first and primary responsibility is to the Organization, not the *o*fficers, *d*irectors, or *e*mployers. Here misconducted loyalties seeded to legal advise *r*esulting it in the Rules of Professional Conduct; *unfortunately will be ground for disqualification*. Any engaged action on the part of counsel to this *resulting action*, as held to his omission's would be viewed as an intentional act, that provided the green light for the corporate misconduct. The consequences of this conduct; no attempt of counsel to deter the conduct, speaks to the passive acquiescence to the improper behavior. This matter brings before the court nonetheless facts and circumstances warrant to "willful Blindness." Counsel by law cannot afford to look the other way. Counsel *o*missions at this point in time is now held to liability...

* *Nonfeasance* ~ failure to act, especially failure to do what ought to be done;

* *Negligence* ;

* *Intentional Violations of Civil Law Against a Person or Their Property* ~ discrimination, infliction of mental distress or outrageous conduct... libel and slander... *n*egligence... fraud or misrepresentation;

* *Acts in Violation of State, Federal, or Local Statutes or Regulations.*

**Pg 3**

**In these recent cases!** The court gave the *jury* a detailed instruction on the *intent to defraud and mislead* - adapted from eleventh *Circuit Pattern Offense Instruction No.5*:

> To act with the intent to defraud means to act with the specific intent to deceive or cleat ordinarily for the purpose of either causing some financial loss to another and bring about some financial gain to ones self. To act with the intent to mislead means to act with the specific intent to omit information from a statement and thereby cause a portion of such statement to be misleading or to act with the specific intent to conceal a material fact and thereby create a false impression.

Unto this instruction! Counsel assistance to the Defendants here is not rendered in **GOOD FAITH;** however ... his *c*onduct is closely accounted to the opposite of good faith - *b*ad faith; as its framing [*R*esponse Filing] is channel to *p*erjury.[2]

In good faith Counsel acknowledges that: Defendants cooperation is required when 'Request For Admission of Facts' are in issue. Compliance subject the Defendants not to protect or attempt to protect the corporate entity, via the telling of non truth. Any non-compliance actions or conduct used to conceal the facts of the entity standard organizational practices and policies through false information and omission will subject the Defendants to prosecution for *p*erjury. Should counsel Too! subject its legal services to advance this false information into current

**Pg 4**

---

[2]. Suborning Perjury - Plaintiff respectfully contents that the foregoing "Response" to the admission of facts indicate the defendants either directly committed perjury or supported the other defendants in their act of committing perjury.   Perjury: the act of *lying* or stating *f*alsely under oath.

judicial proceedings of the court, be held liable in the violation of the Rules of Professional Conduct.

Any Counsel! that engages with the corporate entity in a legal matter whose principal purpose and effect is to create a false appearance, intending to deceive the court... is in firm violation of the law [*where there is material evidence to support this fact*]. His actions to place an emphasis on presenting this material of deceptions and then to ignore his professional oath, is contrived fraudulent place to undermine the factual material in evidence unto the records of the court submitted by the Plaintiff. This action of counsel can be seen as an a legal scheme to support its clients initial aims to be deceptive, unto the material evidence filed.

He now via this action... establishes himself an aider and abettor of the false statements submitted unto the court records in the response to Plaintiff 'Request For the Admission of Facts'.

Thus the Supreme Court has recognized, that counsel actions to provide material evidence unto a court proceeding, it being manipulative in nature and seeded with false information, gives evidence to counsel violation of Rule SCR 20: 8.4( c ).

*NOW COMES ...* <u>*SCR 20: 8.4( c )*</u> [3]   It is professional misconduct for a lawyer [4] to engage in conduct involving ***dishonesty, fraud, deceit or misrepresentation***.

Plaintiff " *MOTION* " is legally sufficient to withstand the review of the court ~ held to the *D*isciplinary Rules.[5]

*Disciplinary Rules* : Supreme court has the inherent power and duty to prescribe standards of conduct for attorneys ...to determine what constitutes grounds for the discipline of attorneys: to disbar, suspend – for cause, attorneys whose failure to comply with the obligations of a *m*ember of the Bar... for the protection of the public , the profession, and the administration of justice.

*COMES NOW P*laintiff Henry W. Geter II ...seeking the *Administration of Justice*.

Respectfully Submitted

Henry W. Geter II
100 Mich Ave. NE. A-11
Washington DC 20017

2/7/08

**Pg 6**

---

[3] " An order involving the disqualification of counsel must be tested against the standards imposed by the Rules of Professional Conduct." citing: City of Lauderdale Lakes v. Enterprise Leasing Co., 654 so. 2d 645, 646 (1995).

[4] Witness -Advocate Rule: If a lawyer's testimony may be prejudicial to a client, the lawyer *m*ust withdraw. 361 4

[5] Court often looks to the disciplinary rules to decide disqualification issues. Meador, 968 S.W. 2d at 350.

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 7th day of FEB., 2008, that a copy of the foregoing Memorandum was mailed to the Defendants:

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

202/986-2264