IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY W. GETER, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 1:07-cv-00757 (RBW) |
| | * | |
| HORNING BROTHERS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY OPPOSING COUNSEL**

Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, (hereinafter "Defendants"), by and through the undersigned counsel, hereby provide the following Opposition to Plaintiff's Motion to Disqualify Opposing Counsel.

1. Even though the majority of Plaintiff's arguments are unintelligible, the Defendants believe the Plaintiff is arguing that Defendants' counsel should be disqualified from representing Defendants because he has engaged in intentional misrepresentations which is based on the Defendants' responses to Plaintiff's requests for admissions. Plaintiff is claiming that Defendants' responses to his request for admissions are misleading and deceptive.

2. The responses are those of the Defendants, even though they were prepared by Defendants' counsel.

3. Rule 36 of the Federal Rules of Civil Procedure states that the party answering the requests for admissions must submit "a written answer or objection addressed to the matter...if objection is made, the reasons therefor shall be stated. The answer shall

specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." The Defendants admitted in whole or in part, denied in whole or in part, or objected to the requests for admissions. And when the requests were objected to, the reason for the objection was stated.

4. The fact that Plaintiff disagrees with Defendants' responses is not a basis for disqualifying counsel. Clearly, a dispute exists between Defendants and Plaintiff as to certain facts. These disputes will be resolved, if necessary, at trial. This is neither the time nor the place to resolve those disputes.

WHEREFORE, Defendants, Horning Brothers Corporation, Veda S. Brinkley and Connie Fletcher, respectfully request that this Honorable Court deny Plaintiff's Motion to Disqualify Defendants' Counsel.

Respectfully submitted,
JORDAN COYNE & SAVITS, L.L.P.


By:      / s / John Tremain May
   John Tremain May #294199
   1100 Connecticut Avenue, NW
   Suite 600
   Washington, DC  20036
   (202) 496-2804
   Fax:  (202) 496-2847

Counsel for Defendants, Horning Brothers
Corporation, Veda S. Brinkley and Connie Fletcher

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing Opposition to Plaintiff's Motion to Disqualify Opposing Counsel was mailed, first class and postage prepaid, this 15th day of February, 2008 to:

        Mr. Henry W. Geter, II
        Suite A-11
        100 Michigan Avenue, NE
        Washington, DC  20017

                          / s / John Tremain May
                          John Tremain May