**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Henry W Geter II**
**(Plaintiff)**

**Case File No: 07-CV-0757 RBW**

**vs.**

**Horning Brothers Corporation**
**Ms. Veda S. Brinkley**
**Ms. Connie Fletcher**
**(Defendants)**

**PLAINTIFF MEMORANDUM OF UNDERSTANDING IN ARTICULATION OF THE RECORDS OF THE COURT**

**[EXAMINING '*MOTION EVIDENCE*' OF THE PARTIES FILINGS]**

**Pursuant to the Law!**

*The Pleading Requirements for Pro Se Plaintiff:*

Traditionally, a pro se plaintiff's pleadings have been held to a less stringent standard than a litigant represent by counsel. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Indeed, it has long been the traditional role of the court to examine the record "to see if [ a pro se ] plaintiff has a cause of action somewhere displayed." Ruderer v. United States, 188 Ct. Cl. 456, 468 (1969).

RECEIVED

FEB 15 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Jurisdiction:*

A plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and / or executive agency regulation that proves a substantive right to money damages in order for the court to have jurisdiction. see Khan v. United States, 201 F.3d 1375, 1377 ( Fed. Cir. 2000).

In United States v. Mitchell, 463 U.S. 206 (1983), for jurisdictional purposes, a statute or regulations is money-mandating only if it " can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties it imposed. " Id. At 217.

Federal jurisdiction is premised on a federal question, venue is proper, pursuant to 28 U.S.C. section 1391... [ ***P***laintiff summary motion clearly establishes this factor ]

Understandably, ... ***D***efendants are seeking to draw the court into a close[1] examination of the merits of Plaintiff claims, as held to contractual law, but this is baseless due to the Complaint is filed in violation of *federal law*, as it should and must be [ 28 U.S.C. s 1331 ]. Plaintiff case rest upon this matter.

[1]. Close examination ... involves the suppression of evidence establishing a violation of federal law

*Motions:*

Held to the Supreme Court: all pre-trial and post-trial ***m***otions shall be decided on the basis of the written record. [ General Operation Procedures ]. Failure of a party to respond to ***m***otion within ten (10) days of it being filed by the opposing party may result in the ***m***otion deemed unopposed. Resulting in the ***m***otion affirmation.

***COME NOW*** Plaintiff **m**emorandum bringing into review the assessed strength of the evidence in relevant to his case as filed therewith the official Records of the Court.

***All opinions here;*** have its written understanding link to the citing of the law. It factual findings are underlined to decisions of the ***R***ecords of the Court, which are cited to precedents equally noted... opinions given to non-conflicting[2] rulings of the court.

***Filed Motion Essential Authority: TEXT to the data log ...***

***CIVIL DOCKET FOR CASE #: 1:07 -cv-00757-RBW As of - 02/04/2008***

| Date filed | # | Docket Text |
|---|---|---|
| 11/20/2007 | 28 | *M*otion for Judgment On the Pleading ***Defendants*** |
| [ *O*pinion ] | | Material facts presented by opposing movant under Rule 56, has sufficient evidence to merit, the defendants motion indefensible to affirm. |

[2]. Without a clear basis in the record, this court cannot choose among conflicting facts to justify a particular outcome. See State v. Wilson, supra, 199 Conn. 439.

| | | | |
|---|---|---|---|
| 11/26/2007 | 31 | ***M***otion for Summary Judgment | ***Plaintiff*** |

[ ***O***pinion ] Language of the supporting statutory laws conferred the material facts of the plaintiff claims; motion jurisdiction must be affirm when the claims fall within the construction of the statute.

| | | | |
|---|---|---|---|
| 12/26/2007 | 38 | ***M***otion for Admission of Facts | ***Plaintiff*** |

[ ***O***pinion ] Opposing party failure to response within ten (10) days as require by law... failure to response within thirty (30) days as require by law... Documents submitted establish evidence of ***p***erjury ... defendants and counsel are in violation current laws. [ submit of false documents / statements with intent to deceive ]

Material facts thereto the ***m***otion are *deemed admitted.*

| | | | |
|---|---|---|---|
| 01/25/2008 | 41 | ***M***otion For Scheduling Order | ***Plaintiff*** |

[ ***O***pinion ] Opposing party failure to response within ten (10) days as require by law... Scheduled for trial are due ***w***ithin 18 months of civil case filing of the complaint ...[ 04/26/07 ]. ***E***xcepted !

| | | | |
|---|---|---|---|
| 02/04/2008 | 45 | ***M***otion To Disqualify Opposing Counsel | ***Plaintiff*** |

[ ***O***pinion ] Movant party request is well founded in material evidence, is made with reasonable promptness upon discovery of facts conferring lack of GOOD FAITH ... Rule 8.4 Misconduct; ***d***isbarment is proper to the onus and burden of counsel actions; Counsel ***k***nowingly understood his constitutional rights.

*Disciplinary Issues:*

The purpose of disciplinary proceedings is to protect the public and the integrity of the legal system. In re Chastain, 340 S.C. 356, 532 S.E. 2d 264 (2000). In light of the

findings given to counsel misconduct of good faith, a suspension of time from the Practice of Law, should be held to *36* months... for the violation of counsel is quite serious; offer a continuing danger to the public.

[T]his " ***m***emorandum in articulation" constitutes the material finding of facts and conclusion of laws '***Filed***'. Plaintiff citing's are applicable and controlling, having them an establish precedent in federal law, in support of his lawsuit.

***In*** *A*rticulation: The ***R***ecords of the Court ... produces no combinations of negative factors that would outweigh the claims of the Plaintiff. The factors seen to this *r*ecord are similar to other cases and there '*articulations*' are correct and applicable to the Supreme Court and Appellant Courts precedents as cited. This *r*ecord is appropriate for the legal resolution of the conflict, and can sustain via its direct material evidence [ facts ], an affirmation in favor of Plaintiff. Note: ***Its*** direct evidence further brings review of this court upon the *d*isbarment of Counsel. *Charges of Professional Misconduct, Obstruction of Justice* is clear and convincing.

Church of Scientology of Cal. v. John McLean and Nancy McLean FN Fed.R.App. P 34(a); 5 Cir. R. 18 (1980) citing: " [2] Attorney and Client... To warrant


disqualification of counsel, there must be showing of reasonable possibility that some specifically identifiable ***impropriety*** occurred. and likelihood of public suspicion must be weighted against interest in retaining counsel of one's choice. ABA Code of Professional Responsibility, Canon 9. " [ See Doc. # 43 ...1/30/08 ]

***In A***rticulation: Disciplinary Action Against Lawyer ~ Opinion No. 45 (1979)

***Q***uestion: Does a judge subject to the code of judicial conduct have an obligation to initiate disciplinary measures against a lawyer when he becomes aware that such lawyer has been guilty of unprofessional conduct or has *presented false information* to the court in order to obtain the *entry of a judgment*?

***A***nswer: Under ***D***isciplinary ***R***ules promulgated by the Supreme Court of Texas, " A lawyer shall not engage in conduct that is prejudicial to the administration of justice." DR 1-102(5).

**Canon 3B(3) of the Code of Judicial Conduct** reads: " A judge should take or initiate appropriate ***d***isciplinary measures against a lawyer for unprofessional conduct of which the judge may become aware."

***In A***rticulation: Plaintiff 'Request for Admission Of Facts ' requesting defendants

to admit or deny the truth... Question # 31 Admit that Ms. Veda S. Brinkley participated in the investigation findings. Is a precise statement expressing a command or plea / imperative /[3] upon the defendants to response. An earnest request / plea / to admit or deny the truth. Unto this matter in Bronston v United States, 409 U.S. 352 (1973) the Supreme Court said " Precise questioning is ***imperative*** as a predicate for the offense of perjury. " Counsel filling's of its Clients 'Response' to the Plaintiff request has establish the legal footing held to both Defendants, and Counsel SCR 20: 8.4( c ) violation of the law.

Response held to the request clearly and convincing establishes that the defendant had knowledge of the investigation, did unknownly chose to submit in the affirmative; false information to a judicial proceedings, to which Counsel an *Officer of Court*, approved this element of perjury, as filed in . evidence upon the official Records of the Court. Which has legal standing of review shoulder to the Plaintiff filing of a "**Motion For Summary Judgment**. "

Respectfully Submitted

Henry W. Geter II
100 Mich. Ave. N.E. A-11
Washington DC 20017

2/15/08

[3]. / / denotes entries are founded within ... The American Heritage Dictionary ~ 4th edition.

**CERTIFICATE OF SERVICE**

I Henry W. Geter II HEREBY CERTIFY on this 15th day of FEB., 2008, that a copy of the foregoing Memorandum was mailed to the Defendants:

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: David P. Durbin, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

202/986-2264