IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)

Case File No:  07-CV-0757   RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

## PLAINTIFF MEMORANDUM OF UNDERSTANDING REPLY TO CO-COUNSEL OPPOSITION TO PLAINTIFF MOTION TO DISQUALIFY OPPOSING COUNSEL

**Pursuant to the Law!**

Plaintiff hereby respond in opposition to Co-Counsel John Tremain May Esq. Opposition to "Motion to Disqualify Opposing Counsel," which was *f*iled with the U.S. District Court For The District of Columbia on February 4th, 2008.

**NOW COME** the Co-Counsel filing " suddenly " served on February 15th, 2008, beyond the legal standard of ten (10) days from the *Plaintiff f*iling date; and not the court entrance date upon the docket, *which is held to* February 13th, 2008.

Pg 1

**RECEIVED**
FEB 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Jurisdiction:*

To be more specifically: in order to invoke the shelter provided by Rule 56 (f), a party must..."(1) file an affidavit - *Pasternak, 790 F.2d at 832 - 33*, and (2) identifying the probable facts not available and their relevance - *Committee For The First Amendment v. Campbell, 962 F.2d at 1522... .*" This action is required where the motion filed is designated as a "percipient witness" to the motion for summary judgment.

Defendants! Co-Counsel now is seeking to sandbag both the Plaintiff and this court administrative actions, by an attempt to block and mislead the responding evidence [ material facts ] of the non-movant parties. Trying to conceal the rights of the movant; under Rule 56 (f) [ movant ] is required to show what specific evidence it needs and how that evidence will demonstrate a genuine issue of material fact.

This concealment of lead counsel, violation of SCR 20: 8.4( c ), is at a critically important time of trial preparation. Its appearance is *now* attached to the *m*otion for summary judgment, showing the unprofessional conduct of lead counsel to defend his clients under a cover up of facts. It would be unconscionable now to permit the defendants and its counsel; ***now co-counsel*** to practice law beyond its authority.

**Pg 2**

Unto this authority... Co-Counsel filing of an *Entry of Appearance* is not dated, only giving reference to the certificate of service on February 15th, 2008; filing of of an *Opposition To Plaintiff's Motion To Disqualify Opposing Counsel* is not dated, only giving reference to the certificate of service on February 15th, 2008. Here Co-Counsel simply do not have standing to challenge the plaintiff motion. Being his authority is beyond the legal filing response time of February 13th, 2008..

Further unto this matter! Neither lead counsel or anyone ( *e*ven co-counsel ) on his behalf has made a timely filing in response to the pending motion, as required by law. Now enter Co-Counsel to further the efforts of this *c*oncealment ~ cover up.

However! Co-Counsel having establish his appearance unto the records, filing an "Opposition To Plaintiff's Motion To Disqualify Opposing Counsel " it being beyond the timely filing period held to the motion, has a *significant present* now before this court.

> In pertinent part: [*T*]he signature of an attorney ... constitutes a certificate by the attorney ... that the attorney... has read the documents; that to the best of the attorney's ... knowledge, information, and belief that there is GOOD GROUND to *support*; opposing counsel willful violations of the law. Despite the weight of the *e*vidence filed upon the records.

**Pg 3**

      Is Co-Counsel asking of this court to turn a blind eye towards the evidence? and take him at his word... i.e. *t*he filing attached to his Certificate of Appearance... is presented *n*ot as a <u>Memorandum of Law</u> format ~ *i*t addressing precedents of the higher court 'Points of Authority.' Co-counsel signature serves as *prima facie evidence* that he has read all documents of counsel and verified that they were true and accurate.

If anything, Co-Counsel now place his opposition (arguments) in a proverbial catch - 22, if he was not involved in the case prior to his filing, then he is perpetrating a fraud on the court by signing the document in filing, despite lacking the appropriate knowledge as to to whether the pleadings were accurate. *O*n the other hand, if he did sign the document filed ... Co-Counsel has participated in the violation and *t*oo! neglected to speak-up to the foreseeable[1] elements raised to the malpractice conduct of counsel[2]; acknowledging his co-conspiracy to deceived the court *a*lso. *H*is willing adherence not to *a*lso abide by the ethical rules, in failing to comport with the duties of the legal profession impose upon him. Establishing that the court...<u>*now ask of the law firm*</u>, a list of all parties having

Pg 4

---

[1]. Foreseeability is an essential element of both duty and causation. ( Per Waller, J., with three Judges concurring and one judge specially concurring.) – Delahoussaye v. Mary Mahoney's, Inc. 783 So.2d 666, rehearing denied.

[2]. Professional malpractice actions are grounded in tort of negligence. Circle Chevrolet Co., v. Giordano, Halleran & Ciesta, 644 A.2d 626, 274 N.J.Super. 405, affirmed 662 A.2d 509, 142 N.J. 280.

a legal hand upon this case. Here the extension of the Motion for Disqualification would rest upon all parties listed. Co-Counsel has now placed his hands upon this list.

> What is difficult to understand is this, with all the professional [3] talent involved (staff support)... why at least one professional would not have blown the whistle to stop the violation that took place in the case . [as raised in a case by Federal District of Columbia Judge - The Honorable Stanley Sporkin ]
> 
> <u>Lincoln Sav. & Loan Ass'n v. Wall 743 F. Supp. 901, 920 D.D.C. 1990</u> [4]

Co-Counsel is now trying to extend the <u>c</u>over up of Defendants conduct; as seen to the activities of lead counsel, that would damage their defense. Shown to the 'Request For Admission Of Facts.' Now **_deemed admitted_** by the untimely filing of Defendants <u>r</u>esponse. Lead counsel submittal of this *false informational document*, is seeded to <u>p</u>erjury, in an effort to <u>c</u>over up the federal violations of statutory laws. Placed to the hands and conducts of the Defendants. Unto this legal issue [ cover up ] the Supreme

**Pg 5**

---

[3]. Professionals are judged according to the standard of care required by their profession. - Jennings v. Case, 10 S.W.3d 625, appeal denied.

[4]. In re Guardianship of Lavone M., 610 N.W.2d 29, 9 Neb.App. 245  A court has the right to examine its own records and take judicial notice of its own proceedings and judgment in a prior case.

Court has cited: Reeves, 530 U.S. at 143 ( quoting Burdine, 450 U.S. at 256 ) *explaining* " [P]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence [5] that is probative of *intentional discrimination*," because " in appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." Id. At 147.

Why? [*t*]he cover up ... for the Records of the Courts has establish the cited precedent:

**Supreme Court Ruling**... Strict Appearance ... p*roof of discriminatory intent*:

> " Respondents have not presented an equal protection claim than can survive summary judgment. *P*roof *o*f racially *d*iscriminatory *i*ntent is required to show an equal protection clause violation." *Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265*

*I*ncurring that any Housing Violation ...i.e. as seen to The Fair Housing Act of 1988: Sec. 804. [42 U.S.C. 3604 ] Discrimination in Sale, or Rental of Housing And Other Prohibited Practices ... (f)(3)(B)... as amended of 1988 ~ *prohibit discrimination base on disability,* *w*ould equally apply to federal protected rights of others: held to race, color, religion, sex or national origin.

The Court further citing thereto the *r*ecords:   " The elements of, and defense to, s 1983 claims

---

[5]. Jury may consider circumstantial evidence when evaluating the elements of cause of action. McCall v. Chicago Bd. Of Educ., 170 Ill.Dec. 732, 593 N.E. 2d 621, 228 Ill.App.3d 803, appeal denied 176 Ill.Dec. 803, 602 N.E. 2d 457, 146 Ill.2d 631.

are defined by federal law. 42 U.S.C.A. s1983, *Doc v. Leach 988 P.2d 1252, 128 N.M. 28, 1999*

Lead counsel activities were to cover up this material fact [ evidence ] via his violation of **SCR 20: 8.4 ( c )** as held to the **R**ecords of the Court.

While the Government has establish this *d*iscrimination, now come Defendants and counsel; and now *C*o-Counsel action, to further the Defendants and Lead Counsel joint violation of the Federal Laws, as well as, the filing of an Opposition to Disqualify Opposing Counsel. By his own *a*dmission as filed upon the Plaintiff *v*ia mail on February 15th, 2008; Co-Counsel establish his support of the violation of SCR 20: 8.4 ( c ) of lead counsel; *H*e ... having read all documents of the Records of the Court.   Yet! As mentioned above. Unto the time factor of his filing; Co-Counsel "Opposition", has no legal standing of the law. His arguments are **MOOT**.    And  Plaintiff *Motion for Summary Judgment* should be *A*ffirmed.

[ Under Rule 6(b) of the Federal Rules: A party making a late filing must move for permission to make that filing and demonstrate that its earlier " failure to act was the result of excusable neglect."]

Respectfully Submitted                                                                  2/19/08

Henry W. Geter II
100 Mich. Ave. N.E. A-11
Washington DC 20017

Pg 7

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 19th day of FEB., 2008, that a copy of the foregoing *MEMORANDUM* was mailed to the Defendants:

      Horning Brothers Corporation
      Ms. Veda S. Brinkley
      Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: John Tremain May, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

      */s/ Henry W. Geter II*
      Henry W. Geter II
      100 Mich. Ave. N.E. Suite A-11
      Washington DC 20017

      202/986-2264