IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)

Case File No:   07-CV-0757   RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)


**PLAINTIFF MEMORANDUM OF UNDERSTANDING
IN ARTICULATION OF THE RECORDS OF THE COURT
[ SUPPLEMENTAL SUPPORT FOR "SUMMARY JUDGMENT" ]**


**Pursuant to the Law!**

*In A*rticulation: Standards of Review Upon Summary Judgment ... here there is latent defect in the rental of privately owned housing, an apartment complex, rented within the guidelines of statutory law. Renter [ Plaintiff ] sued the management company and its professional management supervisors [ Defendants ] providing rental assistance owning, to have suffer violations of his Constitutional and Statutory Rights. Asking now for Summary Judgment upon the Defendants due to the suffering of a lack of duty of care owed by statutory law.

Pg 1

RECEIVED
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

According to the Complain, Defendants was " negligent in failing to provide a duty of care." This *a*rticulation is within the specific facts and are sufficient in there magnitude. [ ... *l*imiting our review here ].

*U*pon this matter, the Courts have cited:

* Once the movant establishes a prima facie case for summary judgment, the opposing party is obliged to marshall specific facts, as opposed to general or conclusory allegation, which establish genuine issues of material facts. <u>Thomas by Thomas v. South Cheyenne Water and Sewer Dist., 702 P. 2d 1303, 1304 ( Wyo. 1985)</u> ;

* Summary Judgments merit exacting scrutiny in negligence actions. <u>Mackrell v. Bell H2S Safety, 795 P.2d 776, 779 (Wyo. 1990)</u> ;

* However, even when negligence is alleged, summary judgment may be appropriate. <u>Brown v. Avery, 850 P.2d 612, 614 - 15 (Wyo. 1993)</u> ;

* This usually occurs because duty is the first essential element of any negligence action. <u>Danculovich v. Brown, 593 P.2d 187, 195 (Wyo. 1979)</u> ;

* Duty sufficient to support an action for negligence may be engendered by common law, statute or contract. <u>Brubaker v. Glenrock Lodge Intern. Order of Odd Fellows, 526 P.2d 52, 58 (Wyo. 1974)</u> ;

**Pg 2**

Court should grant Plaintiff summary judgment motion, finding no genuine issues of material fact, Plaintiff has " establish his initial burden of proof - of showing the lack of duty of care unto the Defendants [ negligent ], and Defendants have " failed to respond with *a*ny admissible competent evidence."

Plaintiff has provided ample factual evidence, in *a*dmissible form, that the Defendants were in violation of his Constitutional and Statutory Rights. The filing of the Government ... Letter of Determination, upon the Records of the Court, [ *HUD* ] ~ affirms the prima facie standing of the violation raised.

**FURTHER !**

**On motion for summary judgment** the movant party marshals its evidence, to which is in his or her favor, then allow the court to compare its material fact (direct evidence) against the non-movant party acknowledging before the court that a jury hearing the reasonable facts would have no problem in deciding the case in one way - for the moving party.

The material facts [evidence] before this court is held to Constitutional and Statutory Law. Is 'legal argument' is reviewed upon the Fair Housing Act as amended of 1988 [ **FHA** ].

The **FHA** embodies " a national commitment to end the unnecessary exclusion of persons with [ *d*isabilities ] from the American mainstream " by increasing the stock of accessible housing in furtherance of Congress " goal of independent living. " HR. Rep. N. 100 - 71, at 18 (1988).

The *A*ct includes a broad prohibition of discrimination on the basis of *d*isability in the Sale or Rental of a dwelling, 42 U.S.C. ss 3604 (f)(1) - (2).

The imposes upon all housing providers a ' *duty of care* ' held to their enforcement of this Legislative Law of Congress. Defendants have failed to meet this burden. ' The cardinal principle of statutory construction is " to give effects, if possible, to every clause or word of a statute." *Duncan v. Walker, 533 U.S. 167, 173 (2000).*

Unto this case Plaintiff have produced expert testimony [ documents ] from the Government, this supportive direct evidence shows that the Defendants conduct and policies *p*recluded the statutory rights of the Act. Since there is no genuine issue of this material fact as placed to the Defendants liability [ negligence ] for the failure to comply to a duty of care; where its policies inhibit a person with disabilities, is a clear violation of the Act.

The *a*ssignment of this case to a jury would not and can not change this legislative act of Congress; nor can a jury initiate or establish new Federal guidelines to its regulatory nature. Only Congress has that Authority. ' The purpose of a summary judgment motion is to assess whether trial is *n*ecessary.' <u>White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)</u>. Unto this 'case' <u>no trial would be necessary</u>. For the rational fact underlining this case, is placed unto the review of the Act [statute], whose violation is prima facie in status. ' Summary judgment may be granted if the court concludes that no " rational trier of fact " could find for the nonmoving party based on the showing made in the motion and response. ' <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp., 974 U.S. 574, 587 (1986)</u>.

To remove the summary judgment Defendants *m*ust provide by direct evidence [documents] at the hands of the Government establishing the current Act, is not support of the Plaintiff claims. It cannot! ... Thus **no trial** is necessary here. Documents submitted by the

Pg 5

Defendants were not *a*dmissible; as supported by the Records of the Court, thus, they are *inadmissible* and cannot be used to establish facts for the purpose of summary judgment. Here the relief asked for in the amount of $2,500,000.00 is too... *d*eemed admitted and *w*aived. 'Failure to raise an affirmative defense in the pleadings generally results in a waiver thereof." *Purchase Nursery, Inc. v. Edgerton, 153 N.C. App. 156, 162, 568 S.E. 2d 904, 908 (2002)*.

In reviewing the tenets of Rule 36(a), courts have repeatedly found that *f*ailure to respond to requests for admission deems matters contained therein admitted for trial, regardless of whether the admission concerns a matter responded to in a part's of pleadings. *Hatchell v. Jackson 290 S.C. 256, 349 S.E. 2d 407 (Ct. App. 1986)*. Admissions under Rule 36 are treated as admissions in pleadings. *Muller v. Myrtle Beach Golf & Yacht Club,*

<u>303 S.C. 137, 399 S.E. 2d 430 ( Ct. App. 1990 ).</u>  Fed. R. Civ. P. 56 ( c ) specifics that " admissions on file " can be an appropriate basis for granting summary judgment.

The <u>*admissions on file*</u> are indeed significant before the law... noting P.R.S. International, Inc. v. Shrep Pax Corp: " the failure to respond to a request for admission may be considered in a motion for a summary judgment and provide a basis for a court to grant the motion for summary judgment [ doc. # 40 - pg 3 ]; <u>*in a*</u>rticulation *purpose* is to examine those precedent's in the <u>*Records of the Court*</u> lending to the <u>u</u>niformity of the law. I. J. Kent, Commentaries on American Law * 475 ( 8th ed. 1985) " A solemn decision upon a point of law, arising in any case, becomes an authority in a like case [ doc # 40 - pg 11 ]; Norman v. Leach 1953 OK 17, 208 Okla 25, 252 P.2d 1020 " A motion for judgement on the pleadings cannot be sustained where there are issues of fact to be determined [doc # 37 - pg 3]; Defendants response to motion for summary judgment is defective... A response that does not comply with this Rule 74.04 ( c ) ( 2 ) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.

**Pg 7**

Wehmeyer v. FAG Bearing Corp., 190 S.W. 3d 643, 649 ( Mo.App. S.D. 2006 ). " We treat as true any facts alleged in a properly pleaded summary judgment not disputed by non-moving. " Id [doc # 40 - pg 4]; thereto defective pleadings ... Hunt v. IBM Mid Am. Employees Fed Credit Union, 384 N.W. 2d 852, 855: "If the non-moving party ultimately fails to present specific facts indicating that a genuine issue of material fact exists, summary judgment is proper [ doc. # 33 - pg 14 ], at this stage of the proceeding the existence of a legal matter, focus *N*ow! to a case of *e*quity; due to the subsequent actions aggrieved by non - movant parties at the hands of its counsel. Unto this case the *law* has defined the *a*ffirmation of the violation pleaded by the Plaintiff. It too! ... Has defined and embrace the Plaintiff rights to the *d*amages [ *Equity* ]. The court citing unto this-embracement: "*S*uits in equity shall *n*ot be maintained in any court of the United States in any case where a plain, adequate and complete *remedy may be had at law*." sec. 267, Judicial Code, reenacting section 723, R.S., originally passed Sept. 24,

**Pg 8**

1789. [ again see – *Purchase Nursery Inc.* mention above hereto page 6 ]

In summation! the equity of this suit has its resolution in remedy, and has its legal standing held to the precedent of the Supreme Court unto which no jury can overrule: " In interpreting a statute a court should always turn to one cardinal canon before all others... courts must presume that a legislature says in a statute what it means and means in a statue what it says there. "  Connecticut Nat'l Bank v. Germain 112 Ct. 1136, 1149. [ doc # 37 - pg 4 ]; further counsel violation of SCR 20: 8.4 ( c ) allow *A*ll *material facts*, *documents* and *opinions* placed before this court records as inadmissable held to the perjury elements / actions of counsel and should be stricken. Rule 16(f) incorporates portion of Rule 37(b)(2), ... provides in pertinent part that " court may order stricken from any pleading any insufficient defense." Non movant opposition to Plaintiff motion for summary judgment cannot survive this Ruling.

Unto the " motion for judgment on the pleadings " as raised by the Defendants in consideration of Rule 12( c ); it being the same as Rule 12(b)(6), the court cites ... Kramer v. Time Warner, Inc. 937 F.2d

767, 773 - " In deciding such a motion, consideration is limited to the facts stated in the complaint or in document's attached thereto as exhibits or *incorporated therein by reference* [ doc # 35 - pg 3 ]. The amended document ... filed on April 30th, 2007, [ doc # 3 - pg 9 ] brings evidence of the incorporation of the ' HUD Complaint ' as material facts. To which the court must give consideration. To which the *m*otion attempted to *c*onceal; ***cover-up of the facts*** known to be true.

*N*oting... *in articulation* two (2) rulings given to *f*ailure to adhere to the procedures of the court results in a *no need, to place this case before a jury*, unto both! an *a*ffirmation upon this case is due to the movant party as a matter of law; bringing in a *Final Judgment*. (1) Klesch v. Reid (1994), 95 Ohio app. 3664 [*W*]here a party files a written request for admission, a failure of the opposing party constitutes a conclusive admission pursuant to Civ. R. 36 and also satisfies the Civ. R (56) in the case of a summary judgment. Id at 675. [ doc # 40 - pg 2 ] and (2) An attorney's deliberate use of false testimony or falsified evidence in a judicial proceeding is antithetical to the oath, the standards, and the ideals

**Pg 10**

of the legal profession. Lamont 1997 N.D. 63, 19, 561 N.W. 2d 650; Kaiser 848 N.W. 2d at 109 [ doc # 43 - pg 8 ]. Here all documents filed by Counsel must be stricken from the records. Maturing the Movant rights to *__Final Judgment__*.

The Supreme court has defined a final judgment as a decision by a district court that " ends the litigation on the *m*erits and leaves nothing to do but execute the judgment." Callin v. United States, 324 U.S. 229, 233 (1945). The Federal Fair Housing Act protects individuals from housing discrimination on the basic of race, color, religion, sex, familiar status, disability, or national origin. These categories are known as "protected classes. " *__Merit Assessment Review__*: When a complaint is filed with **HUD**, the complaint will be reviewed by a merit assessment review investigator. An determination will then be made by the investigator to determine if the complaint has *m*erit. If *m*erit is found! an investigator makes a determination of " reasonable cause " regarding the case.

The *m*erit being establish here to this case, is one held to ' ***DISCRIMINATION*** '.

At trial, the Government would be allowed to *introduce evidence concerning* the violation of federal law and any other evidence concerning the Defendants connection

**Pg 11**

to the violation. No jury in deliberation, could remove this _m_erit procedural standard and it finding as imposed by _C_ongress. And thus! No need for _t_rial is shown.

**_Final Judgment_** in _a_ffirmation to the Plaintiff Complaint should be _G_ranted.

**_The Final Judgment here!_** Would be entered as a result of the Defendants violation of Constitutional and Federal Laws [ _s_tatutes], _l_iability for discrimination, _p_erjury [ lying to the court ], _f_alsifying of judicial records [ _R_ecords of the Court ], and the _a_iding and _a_betting with counsel the providing of documents... they in _R_esponse to [ doc #38 ~ Dated Dec. 26th, 2007 ] that were in violation of SCR 20: 8.4 [doc # 43 - pg 2 ] ; unto the admission of facts as being true. " These admissions may then be used to support a summary judgment." Lionelle v. Se. Colo. Water Conservancy Dist., ; supra, Cox v. Pearl Inv. Co. [ dox # 40 - pg 4]. Judgment is hereby _e_ntered in the favor of the Plaintiff when material submitted is defective in violation of procedural law which is mandatory. " The Requirements of rule 74.04( c ) ( 2 ) are mandatory. Wehmeyer v. FAG Bearing Corp., 190 S.W. 3d 643, 649 (Mo.App.S.D. 2006) [ doc # 40 - pg 5 ] and against Defendants; " In order to successfully oppose a motion for summary

**Pg 12**

judgment, the non-moving party cannot rely upon the mere averments or denial set forth in its pleadings but must present specific facts showing is a genuine issue for trial." Hunt v. IBM Mid Am. Employees Fed Credit Union, 384 N.W. 2d 852, 855 [ doc # 37 - pg 4 ] ~ [ doc # 16 ]. The review of this material show Defendant ... Horning Bros Corp., is in Default [ label by reference as a Co-Defendant... i.e. pg 2 - statement # 8, ' These averments pertain to a Co-Defendant and, therefore, no response is required ] establishing no representation of Defendant response to the filed complaint of the Plaintiff ; upon the *R*ecords of the Court. Records of the Court establishing " PRAECIPE SUBSTITUTING COUNSEL" [ doc # 21 ] *r*emoving the limited appearance for Horning Brothers Corps placed by the praecipe, the appearance of lead counsel does not appear unto the filing of defendants 'Motion for Judgment On the Pleadings' ... again counsel has attempted to deceive this court, knowing of the Default ... knowing that the Entry of Appearance for Counsel Phillip L. Felts [ doc # ... *n*ot filed upon the court, see attached ] filed with Plaintiff [ see attached ] has no standing of counsel for the Defendant Horning Brother Corp.; which is too! AFFIRMED. Noting an appearance as attorney for Veda Brinkley, Connie Fletcher and Trinity Community, LLP.

An appearance of counsel upon the *r*ecords of the court, does not come forth

Pg 13

until the filing of the 'motion for judgment on the pleadings.' Yet before this activity Defendant - Horning Brother Corp., must be represented by counsel as filed upon the court records. Such being not the case! Defendant is in *D*efault, and acknowledge his violation; an *a*ffirmation - which by the law is *now w*aived. Further unto this matter! The Supreme Court notes: Rule L200 Attorneys ... i.e. (3) ... the court shall not grant the petition until entrance of appearance by substitute counsel.... Lead counsel has made no appearance with the clerk office by proper filing. Again attempting tp *c*over up by concealment of false information; the signing of the motion ( petition ), knowing not to be *c*andor thereto its filing. " The high duty of candor placed upon attorneys is summarized in – Disciplinary Board v. Kaiser 848 N.W. 2d, 108 ( N.D. 1992 ) [ doc # 43 - pg 8 ] Petition merits defendants filing inadmissable for affirmation, due to a lack of *entry of appearance* for the defendant ~ Horning Brother Corp.. **Which is clearly established upon the motion.** An *Entry of Default* *m*ust to recorded by law.

Pg 14

Defendants shall pay the full amount of damages [ *w*aived ] asked, within sixty (60) days of the *E*ntry of Judgment; entry of *F*inal Judgment is in the *public interest*.

Respectfully Submitted,

_____    2/25/08
Henry W. Geter II
100 Mich. Ave. N.E. A-11
Washington DC 20017

**Pg 15**

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 25th day of FEB., 2008, that a copy of the foregoing ***MEMORANDUM*** was mailed to the Defendants:

> Horning Brothers Corporation
> Ms. Veda S. Brinkley
> Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: John Tremain May, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

_____
Henry W. Geter II
100 Mich. Ave. N.E. Suite A-11
Washington DC 20017

202/986-2264

FILE COPY

*ATTACHMENT*

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF HUMAN RIGHTS
Judiciary Square Office
441 4th Street, N.W., Suite 570N
Washington, D.C. 20001

HENRY W. GETER,

 Complainant,

v.          Docket No. 07-176-H(CN)

TRINITY COMMUNITY, LLP, et al.,

 Respondent.

## ENTRY OF APPEARANCE

Please enter the appearance of Phillip L. Felts as attorney for Respondents, Veda Brinkley, Connie Fletcher and Trinity Community, LLP.

          Respectfully submitted;

          SCHUMAN & FELTS, CHTD.

RECEIVED
DATE: May 15th 2007
BY: [signature]

          Phillip L. Felts, Esquire
          D.C. Bar No.: #222448
          4804 Moorland Lane
          Bethesda, MD 20814
          (301) 986-0200
          *Attorney for Respondent*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of May, 2007, a copy of the foregoing Entry of Appearance was sent, via first class, postage-prepaid mail, to the following person(s):

Henry W. Geter II
100 Michigan Ave., NE, #Apt. #A-11
Washington, D.C. 20017

_____
Phillip L. Felts, Esquire

2