IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Henry W Geter II
   (Plaintiff)                        Case File No:  07-CV-0757   RBW

vs.

Horning Brothers Corporation
Ms. Veda S. Brinkley
Ms. Connie Fletcher
   (Defendants)

### PLAINTIFF MEMORANDUM OF UNDERSTANDING
### IN ARTICULATION OF THE RECORDS OF THE COURT
### [ NARROWING THE FACTUAL EVIDENCE
### FOR "SUMMARY JUDGMENT" ]

**Points of Authority!**

Having establish a review... *In A*rticulation of the Records of the Court, judicial notice is proper unto the following precedents; *they in finalization of the Plaintiff Complaint.* Because the District Court has not excluded any of Plaintiffs' evidence, that evidence is part of the record that is in review. Further in ruling on a motion for summary judgment, the court must decide, based on *a*dmissible evidence, whether any material dispute of facts exists that requires a trial.

**UNTO THIS MATTER** recent case law have cited:

Pg 1


RECEIVED
MAR 0 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Question Asked:** Case filed in question of federal law, is there a judicial standing for its summary judgment?

*C*iting of the court : Cases involving pure questions of law are particularly well-suited to summary judgment motions. For example, a case that turns on the interpretation of a statute, including its preemptive effect, is a question of law that may be considered on summary judgment.
[ Knight v. Superior Court (2005) 128 Cal. App. 4th 14, 22 Garofalo v. Princess Cruises, Inc., (2000) 85 Cal.App. 4th 1060 ]

Where statutory violation is held to a Primae Facie status *No Trial* is necessary. An Act of Congress is ...LAW!

**Question Asked:** Will my case be fully reviewed, upon the documents filed when I make a Motion for Summary Judgment?

*C*iting of the court : Courts *m*ust " review the record as it existed at the time summary judgment was entered. "   [ Union Pacific Railroad Co., v. Greene Transportation Trucking Co., 293 F.3d 120, 126 ( 3rd Cir. 2002 ) ]

Any and all! documents *n*ot filed within this time factor, and not within *proper procedural status* is *i*nadmissible.

*F*urther Citing : That " [*I*]n granting summary judgment, a 'court may consider any material that would be *a*dmissible or usable at trial; including properly authenticated and admissible documents or exhibits." [ the Seventh Circuit noted in Smith v. City of Chicago, 242 F.3d 737, 741 ( 7th Cir. 2001) ]

Here any documents provided by the Government would be *a*dmissible, by the party in receipt of such documents. .

**Pg 2**

*I*n articulation of these citing's: the *R*ecords of the Court has material, genuine in facts, and sufficient to the compliance of Rule 12 (b)(6)... *n*oting: the allegations of the complaint are *a*ccepted as true, all reasonable inferences are drawn in the light most favorable to the plaintiff, and dismissal is appropriate only if it appears that plaintiff could prove no set of facts that would entitle him to relief. Weiner v. Quaker Oats Co., 129 F.3d 310, 315 ( 3rd cir, 1997 ).

*A*ccepted as true ... *e*lements:

**Knight** case citing...[ i.e. *turns on the interpretation of a statute,* ] This *i*nterpretation has been defined by Congress as the *Fair Housing Act of 1988 FHA* [ see Doc. # 31  11 / 26 / 2007 - pg 5 ]. Its instructions and guidelines falls within the 'government authority' of the Department of Housing and Urban Development - *HUD*. These instructions and guidelines [interpretations] are legally blinding as held to the Supreme Court [ see Doc. # 54  2 / 25/ 2008 - pg 9 ]... and too! establish a uniformity in Law, that cases coming before the court, similar in nature, has too! the same governing authority [ Doc. # 40  1 / 25 / 2008 - pg 11], and can not be overruled by any court [ Doc. # 40  1 / 25 / 2008  - pg 11].

**Union Pacific** case citing.. [ i.e. *must ...review records... at the time summary*

**Pg 3**

*judgment was entered.*] This date being held to November 26th, 2007, is without any *a*dmissible documents of the Defendants · The Supreme Court notes that documents [ petitions ] not filed properly, upon the court records[0] are *i*nadmissible evidence of material facts; when such evidence is at the hands of a substitute counsel. [ Rule L200 Attorneys ...i.e. (3) - the court *shall not grant* the petition until entrance of appearance by substitute counsel...]

On December 4th, 2007, Defendants filed its ' Opposition to Plaintiff's Motion for Summary Judgment ' [petition]. That the filing was in ' Response ' by the following Defendants: <u>Horning Brothers Corporation</u>, Veda S. Brinkley and Connie Fletcher. *H*owever! unto the Records of the Court <u>substitute counsel has not filed a *Entry of Appearance* for Defendant Horning Brothers Corp.</u>, and as such the petition filed is *i*nadmissible by law. Further! the ' Response ' is not pleaded in accordance to the law. " A court may properly *r*efuse to consider documents filed in opposition to a motion for summary judgment which have not been identified in a response which complies with Rule 74.04 ( c )(2)." Peck, 998 S.W. 2d at 76 [ Doc # 40 1 /25 / 2008 - pg 6 ]; ... " The

Pg 4

requirement of Rule 74.04(c)(2) are mandatory. Wehmeyer v. FAG Bearing Corp., 3d 643, 649 ( Mo.App. S.D. 2006) [ Doc. # 40 1 / 25 / 2008 - pg 5 ]   *** *Supreme Court*... A response that does not comply with this Rule 74.04 c 2 with respect to any numbered paragraph in movant's statement <u>is an admission of the truth of that numbered paragraph.</u>***   See numbered paragraph below 1 [a] [b] [c] <u>C</u>omes the Summary Judgment ... *<u>Statement of Issues Presented</u>*   [pgs 3 - 4]

1 **[a]**  Whether the Defendants conduct violated the equal protection clause of the United States Constitution... by denying the fundamental rights due the Plaintiff request for Reasonable Accommodation.

**[b]**   Whether the Defendants conduct violated the deprivation of any rights, privileges secure by the United States Constitution and any federal statutory laws.

**[c]**   Whether the Plaintiff can seek *d*amages to the violations mentioned hereto its filing, as a result of the claims place unto the Complaint.

*N*on response of Defendants to properly *A*nswer; as required by law, is a refusal and an admission of the truth of the " *<u>Statement of Issues Presented</u>* ."

Defendants failure to *R*esponse to ' *<u>Request for Admission of Facts</u>* ', have been *Too !* *d*eem admitted, to which the *Statement of Issues* were fully addressed .

**Pg 5**

**Smith** case citing: the OHR/HUD '*Letter of Determination*' ... a properly authenticated document of both the District and Federal Governments; by its exhibits <u>as an attachment to the motion summary judgment</u>; as with too! *o*thers documents, allow this court to further bring into its review the precedents of the law ~ held to the government '*interpretation*' of the Statute violations.

*W*here the <u>Government</u> has *m*erit the violation as a primae facie status. It being ripe for prosecution, by the Department of Justice - **DOJ**.

*I*n articulation... Plaintiff has the legal right to bring this case into Federal Court also; against all parties having its hand upon the Federal violations of the LAW. *I*n articulation... Plaintiff right to the *a*ffirmation of SUMMARY JUDGMENT ... should be Granted to the *M*atter of Law...; *r*ecords of the court to this opinion is *clear and convincing*; when seen to the direct evidence filed upon the court.

### *THE NARROWING OF THE FACTS ARE NOW COMPLETE.*

Respectfully Submitted

*[signature]*

Henry W. Geter II
100 Mich. Ave. N.E. A-11
Washington DC 20017

3/3/2008

**Pg 6**

## CERTIFICATE OF SERVICE

I Henry W. Geter II HEREBY CERTIFY on this 3rd day of March, 2008, that a copy of the foregoing *MEMORANDUM* was mailed to the Defendants:

      Horning Brothers Corporation
      Ms. Veda S. Brinkley
      Ms. Connie Fletcher

***VIA ITS ASSIGNED ATTORNEYS***: John Tremain May, Esquire, 1100 Conn. Ave. N.W. Suite 600, Washington D.C. 20036, by first-class mail ***FOR THE DEFENDANTS*** ~ Ms. V.S. Brinkley and Ms. Connie Fletcher, Horning Brothers Corporation, and Trinity LP.

      Henry W. Geter II
      100 Mich. Ave. N.E. Suite A-11
      Washington DC 20017

      202/986-2264