UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY W. GETER, II, | ) |
|       Plaintiff, | ) |
|       v. | ) Civ. Action No. 07-0757 (RBW) |
| HORNING BROTHERS MANAGEMENT *et al.*, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION**

In this action brought *pro se*, plaintiff claims that defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq*. (2007), by failing to modify the terms of his rental lease because of his disability. Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon consideration of the amended complaint, defendant's motion and plaintiff's opposition papers[1], the Court finds that the complaint provides no basis for recovery and therefore will grant defendant's motion for judgment on the pleadings.

**I. BACKGROUND**

Plaintiff rents an apartment at a complex named "The Cloisters," which is located on Michigan Avenue, N.E., in the District of Columbia. Plaintiff alleges that on March 28, 2003, he entered a one-year lease agreement wherein he was to make monthly payments of $1,325 on the

---

[1] Plaintiff has filed a number of memoranda, which the Court has treated collectively as his opposition. In one such memorandum [Dkt. No. 30], plaintiff also moves for summary judgment but he has not properly supported the motion and, therefore, has not established his entitlement to such relief. In addition, plaintiff has pending a motion to disqualify counsel [Dkt. No. 46], which will be denied as baseless.

first day of each month.  Amended Complaint ("Am. Compl.") [Dkt. No. 3] at 2.  "After several months following [the] tenancy," plaintiff suffered complications from diabetes and had both feet amputated.  *Id*.  Based on his disability, plaintiff was awarded disability benefits from the Social Security Administration ("SSA") beginning in November 2003 "on or about the second Wednesday of each month."  *Id*.  On October 26, 2003, plaintiff presented the SSA notice of award to property manager Connie Fletcher and requested that his monthly payment date and rent "be adjusted to reflect the comments of the filing received from the Government, with the reassignment of the rent to $890."  *Id*.

On February 16, 2007, plaintiff received a Notice to Cure Violation of Tenancy or Vacate for "continually and habitually paying [his] rent late."  Am. Compl., Attachment ("Att.") A.  He was given the option of curing the violation by "paying the full amount of the rent due" by March 31, 2007, or vacating the premises on or before April 1, 2007.  *Id*.  On February 22, 2007, plaintiff responded by claiming, in part, housing discrimination based on his disability.  *Id*., Att. B.  He renewed his request for reasonable accommodations by changing the due date of his monthly payments from the first of the month to the 15th of the month and reducing his monthly rent payment to $890.  *Id*.  Plaintiff initiated this civil action on April 26, 2007.  The amended complaint sets forth the following five counts: Fair Housing Act Violation; Intentional Misrepresentation; Negligence; Discrimination; and Exemplary Damages.

## II.  LEGAL STANDARD

Any party may move for judgment under Federal Rule of Civil Procedure 12(c) after the "pleadings are closed."  Here, the pleadings consist of the amended complaint and the amended answer [Dkt. No. 16].  *See* Fed. R. Civ. P. 7(a) (designating pleadings as a complaint

and an answer). Courts will grant a judgment on the pleadings pursuant to Rule 12(c) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations [in the complaint]." *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp.2d 61, 66 (D.D.C.2001) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also* Fed. R. Civ. P. 12(c). "[I]f there are allegations in the complaint which, if proved, would provide a basis for recovery[,]" the Court cannot grant judgment on the pleadings. *Bradley v. Smith*, 235 F.R.D. 125, 126 (D.D.C. 2006) (internal quotation marks and citation omitted). The standard of review under Rule 12(c) is essentially the same as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Plain v. AT & T Corp.*, 424 F. Supp.2d 11, 20 n.11 (D.D.C. 2006). The Court therefore must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (*citing Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir.1994)); *Chang v. United States*, 338 F. Supp.2d 20, 21 (D.D.C. 2004).

### III. ANALYSIS

1. <u>Plaintiff's Fair Housing Act Claim</u>

The FHA makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of [the person's] handicap." 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal

opportunity to use and enjoy a dwelling." 42 U.S.C. § 4604(f)(3)(B).  In establishing a discrimination claim for failure to provide a reasonable accommodation, a plaintiff must show that "(1) he suffers from a handicap as defined by the [FHA]; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citation omitted).  To prevail on the claim, a plaintiff must demonstrate "a causal link between defendants' policy and the plaintiff's injury." *Id*. at 1155 (internal quotation marks and citation omitted).

     Defendants rightly contend that plaintiff cannot demonstrate causation because he cannot "'show that, but for the accommodation, [he] likely will be denied an equal opportunity to enjoy the housing of [his] choice.'" *Id*. (*quoting Smith & Lee Associates, Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 795 (6th Cir. 1996)).  Plaintiff does not allege that because of his disability, he lacked the financial means to pay the rent.  Indeed, such a claim is belied by plaintiff's own evidence showing that he continued to pay his rent and late payment fees for more than three years, from the onset of his disability in November 2003 until February 2007.  Am. Compl., Att. C; *see* Att. B at 2 ("I have been duly providing all late fee's [sic] as required by the lease.").[2] Plaintiff therefore has not established a causal link between his disability and an inability to pay the amount of rent required by the lease.  *Cf*.  *Giebeler*, 343 F.3d at 1147-48 (finding a "direct causal link [between plaintiff's] impairment [AIDS], [plaintiff's resulting] inability to work, and

---

    [2]  Consideration of these documents in the Rule 12(c) context does not convert the motion to dismiss into one for summary judgment, 2 *Moore's Federal Practice* § 12.38 & n. 3.1 (3d ed. 2005), because like a Rule 12(b)(6) motion, the Court may consider "any documents either attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson,* 150 F. Supp.2d 13, 15 (D.D.C. 2001).

4

his inability to comply with defendants' minimum income requirement relying solely on [plaintiff's] individual income"). Moreover, defendant reasonably asserts that the requested change in the payment deadline, from the first of the month to the fifteenth of the month, was not necessary to plaintiff's enjoyment of his chosen housing equal to that of non-disabled tenants because plaintiff, like any other tenant with a similar income flow, could have opted to pay his rent upon his receipt of the disability payment so that it was timely received by the first of the month or saved the money until payment was due. Memorandum of Points and Authorities in Support of the Motion for Judgment on the Pleadings at 3.

Because plaintiff cannot demonstrate the requisite causation, he cannot prevail on his FHA claim.[3] Moreover, plaintiff's conclusory statements "[t]hat the Defendants[']s] acts of omission to the Plaintiff Rights . . . Disability Discrimination, deprived his Federal Right[]s and violated his tenancy, Am. Compl. ¶ 29, and "[t]hat the Defendants have caused damages to the Plaintiff by their Discrimination," *id*., ¶ 30, fail to present a factual basis supporting a separate claim of discrimination.

2. Plaintiff's Common Law Claims

Defendants also correctly assert that the amended complaint provides no facts to support a claim of intentional misrepresentation or a claim of negligence, and, in the absence of an intentional tort, plaintiff is not entitled to exemplary damages. *Id*. at 5-6.

For the foregoing reasons, the Court grants defendants' motion for judgment on the pleadings.[4]

```
                            _____s/_____
                            Reggie B. Walton
Date: March 24, 2008        United States District Judge
```

---

[3] In light of this finding, the Court will not address defendants' factually undeveloped argument that the requested accommodations were not reasonable.

[4] A separate Order accompanies this Memorandum Opinion.